Michael S. Elkind (State Bar No. 61038)
  *melkind@fulpat.com*
David Pitman (State Bar No. 172944)
  *dpitman@fulpat.com*
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone:    310-824-5555
Facsimile:     310-824-9696

McCORMICK, PAULDING & HUBER LLP
CityPlace II, 185 Asylum Street
Hartford, Connecticut 06103
Telephone:    860-549-5290
Facsimile:     860-527-0464

Attorneys for ANEMOSTAT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS, ANEMOSTAT and PILKINGTON, PLC, <br><br> Defendants. | Case No. 07-cv-03535-JF <br><br> **DEFENDANT ANEMOSTAT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT, AND COUNTERCLAIM** <br><br> Judge Fogel |

NOW COMES Defendant Anemostat who answers and responds to Plaintiff's Complaint in the paragraphs below, which are numbered to correspond with the paragraphs of the Complaint.

## THE PARTIES

1. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

2. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

3. Defendant Anemostat admits that it has a facility in Carson, California and sells a fire and safety rated glazing product titled "SAFE-Wire." Otherwise denied.

4. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

5. Admitted that this Court has jurisdiction over a patent infringement action pursuant to 28 U.S.C. § 1338(a) and §1331. Otherwise denied.

6. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

## INTRA DISTRICT ASSIGNMENT

7. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

## BACKGROUND FACTS

8. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

9. Admitted that United States Patent No. 7,099,906 ("the '906 patent") is titled "Fire Resistant Safety Glass" and issued on August 15, 2006. Otherwise, Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

10. Denied that 16 C.F.R. § 1201.3(a)(343) defines "wire" or "wired glass". Otherwise, Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

11. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

12. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

13. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

14. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

15. Denied.

**FIRST CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 7,090,906 B2 under 35 U.S.C. § 271)**

16. Anemostat realleges and incorporates its responses contained in paragraphs 1-15 above and, in addition, is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

17. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

18. Defendant Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

19. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

20. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

21. As to Defendant Anemostat, denied. As to the other Defendants, Anemostat is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, the averment is denied.

**PRAYER**

Paragraphs 1-7 constitute Plaintiff's Prayer for Relief. Anemostat denies that Plaintiff is entitled to the relief requested in the Prayer, or to any relief whatsoever. All allegations contained in these paragraphs are denied as to Defendant Anemostat.

## Affirmative Defenses

### Defendant Anemostat's First Affirmative Defense

1. The '906 patent is invalid, void and/or unenforceable for failure to comply with the conditions for patentability under 35 U.S.C. §§ 102, 103 and 112.

### Defendant Anemostat's Second Affirmative Defense

2. Defendant Anemostat has not infringed any valid claim of the '906 patent.

### Defendant Anemostat's Third Affirmative Defense

3. Plaintiff is estopped from construing any valid claim of the '906 patent to cover or include as an equivalent any product made, used, sold or offered for sale in the United States, or imported into the United States by Defendant Anemostat, because of admissions made by or on behalf of Plaintiff before the United States Patent and Trademark Office in the application which issued as the '906 patent.

### Defendant Anemostat's Fourth Affirmative Defense

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

# COUNTERCLAIM

## Jurisdiction

1. This counterclaim arises under the Federal Declaratory Judgment Act and the Patent Laws of the United States, and more particularly under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. Jurisdiction is based on 28 U.S.C. §§ 1338, 1331 and 2201. O'Keeffe's has represented in their Complaint that they are the owner of the '906 patent.

## The Parties

2. Plaintiff O'Keeffe's allege that they are a California corporation with its principal place of business in San Francisco, California.

3. Defendant Anemostat has a facility in Carson, CA.

## Grounds and Basis

4. O'Keeffe's has charged Anemostat with infringement of the '906 patent, and has filed this lawsuit in this Court for the alleged infringement. Anemostat alleges that the '906 patent is invalid and that Anemostat has not infringed any valid claim of the '906 patent. Therefore a case or controversy within the meaning of 28 U.S.C. § 2201 exists between O'Keeffe's and Anemostat.

5. Anemostat adopts, incorporates and re-alleges paragraphs 1 through 4 in Anemostat's Affirmative Defenses as paragraph 5 of this Counterclaim.

**PRAYER**

WHEREFORE, Defendant Anemostat prays for judgment against Plaintiff O'Keeffe's as follows:

(a) That O'Keeffe's take nothing by the Complaint and that the Complaint be dismissed with prejudice;

(b) That the '906 patent be declared invalid;

(c) That the '906 patent be declared not infringed by Anemostat;

(d) For an assessment against O'Keeffe's for Anemostat's costs of suit;

(e) For an assessment against O'Keeffe's for Anemostat's reasonable attorney fees;

(f) For a determination that this case constitutes an exceptional case under 35 U.S.C. § 285, in favor of Anemostat;

(g) That O'Keeffe's, and their agents, employees, representatives, counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting any action for infringement of the '906 patent against Anemostat, its suppliers, customers or any distributor or user of its products; and

For such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    ANEMOSTAT
    Defendant

    By /s/David J. Pitman
      Michael S. Elkind (State Bar No. 61038)
      David J. Pitman (State Bar No. 172944)
      FULWIDER PATTON LLP
      Howard Hughes Center
      6060 Center Drive, Tenth Floor
      Los Angeles, California 90045
      Telephone:   310-824-5555
      Facsimile:   310-824-9696
      E-Mail:   dpitman@fulpat.com

Of Counsel:

        J. Kevin Grogan
        Wm. Tucker Griffith
        Kevin H. Vanderleeden
        McCORMICK, PAULDING & HUBER LLP
        CityPlace II, 185 Asylum Street
        Hartford, Connecticut 06103
        Telephone:    860-549-5290
        Facsimile:    860-527-0464
        E-Mail:    grogan@ip-lawyers.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of September 2007, the foregoing

**DEFENDANT ANEMOSTAT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT, AND COUNTERCLAIM**

was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

| | |
|---|---|
| Mark I. Schickman | Jeffrey S. Love |
| mis@freelandlaw.com | jeffrey.love@klarquist.com |
| Daniel T. Bernhard | |
| bernhard@freelandlaw.com | |
| FREELAND COOPER & FOREMAN LLP | KLARQUIST SPARKMAN, LLP |
| 150 Spear Street, Suite 1800 | 121 S.W. Salmon Street, Suite 1600 |
| San Francisco, CA 94105 | Portland, OR 97204-2988 |
| p: 415-541-0200 | p: 503-595-5300 |
| f: 415-495-4332 | f: 503 595 5301 |
| | |
| Attorneys for plaintiff | Attorneys for defendant |
| O'Keeffe's | Technical Glass Products |

/s/David J. Pitman

194463.1