Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Todd M. Siegel (*Pro Hac Vice*)
todd.siegel@klarquist.com
Kelly I. Dunham (*Pro Hac Vice*)
kelly.dunham@klarquist.com
Robert F. Scotti (*Pro Hac Vice*)
robert.scotti@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

Attorneys for Defendant Technical Glass Products

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON PLC,<br><br>    Defendants. | Case No.:  07-3535 JF<br><br>**TECHNICAL GLASS PRODUCTS' RESPONSE TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAM OF THE PATENT AT ISSUE**<br><br>Date:  November 16, 2007<br>Time:  9:00 a.m.<br>Dept:  Courtroom No. 3 - 5th Floor<br>Judge:  The Honorable Jeremy Fogel |

TGP'S RESPONSE TO ANEMOSTAT'S
MOTION TO STAY LITIGATION PENDING
REEXAM OF THE PATENT AT ISSUE

Case No.: C-07-3535 JF

## I. INTRODUCTION

Technical Glass Products ("TGP") joins in Anemostat's motion to stay the patent claims, with two qualifications:

1. TGP intends to soon file its own inter partes reexamination request as soon as possible, citing more than ten prior art references. (In contrast, Anemostat's inter partes request cites just one principal prior art reference.) TGP would like to find the best prior art publications reasonably available, and submit all of that to the PTO, so the PTO's decision on that request can largely resolve the issue. To complete TGP's search of prior art publications, TGP will soon be serving subpoenas on third party window film manufacturers, for prior art publications recommending use of their film on wire glass. TGP would like the stay to allow it to complete that limited third party discovery for publications to submit to the PTO.

2. TGP is a party to trademark claims and other non-patent claims that do no need to be stayed. TGP recommends that those claims not be stayed. The reexamination outcome will not affect those claims. Anemostat is not a party to those claims, so its stay motion does not address them.

## II. FACTUAL BACKGROUND

### A. The Patent: Scotch Tape on Glass

Plaintiff's patent essentially claims scotch tape on glass. The tape holds the pieces together if the glass shatters in an impact.

Specifically, it claims a product consisting essentially of a polyester (PET) window film (such as 3M's Scotchield® window film) on wire glass.

Plaintiff's prior art problems are substantial. Wire glass has been around for decades. PET window film to hold shards in place on impact has been around since at least the 1980's.

Wire glass is essentially a pane of glass with what looks like chicken wire in the middle. The wire holds the glass shards in place if the glass shatters due to heat, keeping the fire from spreading

to the next room.  It has been used for many decades in places such as schools to comply with fire safety codes.

Polyester (PET) window film, such as 3M's Scotchshield®, has been around since at least the 1980's.  Like Scotch tape, window film comes in clear polyester (a type of plastic) rolls with adhesive on one side, and is designed to be rolled out and adhered to something to keep it taped together.  Window film is, as the name implies, designed to be put on windows, to keep the glass shards taped in place if the glass shatters in an impact.  It has been heavily marketed for over a decade as a good safety product to protect buildings against damage to broken windows in storms and bombings (for example, some major federal building have had extensive window upgrades by adding PET safety window film since the Oklahoma City bombing).

Plaintiff's '906 patent application was filed in September 2002, and seeks the priority date of a September 2001 provisional application.  Those are very late priority dates for these products.

Thus, prior art publications from the 1980's and 1990's are golden.  This includes the 1998 "Glass Age" article on which Anemostat's inter partes reexam request is primarily based.  It states in a couple paragraphs the essential invention: place off-the-shelf window film on wire glass to meet building impact standards.

Prior art also includes 3M's 1987 registration of its Scotchshield® mark for window film:

| | |
|---|---|
| **Word Mark** | **SCOTCHSHIELD** |
| **Goods and Services** | IC 017. US 001. G & S: PLASTIC FILM FOR ATTACHMENT TO WINDOWS. FIRST USE: 19870225. FIRST USE IN COMMERCE: 19870225 |
| **Filing Date** | April 10, 1987 |
| **Published for Opposition** | August 18, 1987 |
| **Registration Number** | 1464570 |
| **Registration Date** | November 10, 1987 |
| **Owner** | (REGISTRANT) MINNESOTA MINING AND MANUFACTURING COMPANY AKA 3M CORPORATION DELAWARE 3M CENTER SAINT PAUL MINNESOTA 55144 |

TGP'S RESPONSE TO ANEMOSTAT'S                                                       Case No.: C-07-3535 JF
MOTION TO STAY LITIGATION PENDING
REEXAM OF THE PATENT AT ISSUE

-2-

Prior art also includes the PTO's 2001 publication and registration of NEG's Firelite NT® mark for "fire-rated and impact safety-rated … wire glass."

| | |
|---|---|
| **Word Mark** | **FIRELITE NT** |
| **Goods and Services** | IC 019. US 001 012 033 050. G & S: fire-rated and impact safety-rated glazing material for building windows, doors and partitions; namely sheet glass, wire glass, laminated glass, and multiple glass. FIRST USE: 19970500. FIRST USE IN COMMERCE: 19970500 |
| **Filing Date** | April 27, 2000 |
| **Published for Opposition** | February 13, 2001 |
| **Registration Number** | 2449172 |
| **Registration Date** | May 8, 2001 |
| **Owner** | (REGISTRANT) Nippon Electric Glass Co., Ltd. COMPANY JAPAN 7-1, Seiran 2-chome, Otsu-shi Shiga, 520-8639 JAPAN |

Firelite NT® has been advertised in U.S. publications since the 1990's as consisting of Scotchshield® window film (to meet impact safety standards) on fire-rated glass.

O'Keeffe's complaint alleges accuses TGP's Pyroshield NT product and Anemostat's SAFE-Wire product of infringing the '906 patent, by using window film on wire glass windows. (Dkt. No. 1, Complaint, ¶¶ 13-15). Their angle, presumably, will be that while use of PET window film on higher quality windows was well known, Mr. O'Keeffe was the first to think of using it on cheap wire glass. (Both companies have better, but more expensive, fire-rated glass products than wire glass.)

Both TGP and Anemostat responded with the usual patent defenses and counterclaims.

**B.    The Trademark and False Advertising Claims**

One dispute begets others. Here, TGP filed counterclaims alleging that

    1.  O'Keeffe's is infringing TGP's trademark rights in two incontestable federal trademark registrations for the mark FIREFRAMES for fire-rated window and door frames, by using the mark SAFTIFIRE FRAMES for the same products.

TGP'S RESPONSE TO ANEMOSTAT'S            Case No.: C-07-3535 JF
MOTION TO STAY LITIGATION PENDING
REEXAM OF THE PATENT AT ISSUE

-3-

      2.    O'Keeffe's is engaging in unlawful trade practices and false advertising by suggesting to consumers that SuperLite I-XL product meets certain fire codes, when it does not.

(Dkt. No. 23, TGP's Answer and Counterclaims, ¶¶ 66-99).

O'Keeffe's responded to TGP's counterclaims with its own counterclaims, alleging that TGP's FIREFRAMES trademark registrations should be cancelled, and that it has been wrongly damaged by TGP's accusations against its SuperLite 1-XL product. (Dkt. No. 28, O'Keeffe's Counterclaims, ¶¶ 26-31; ¶¶ 32-61).

## III.  ARGUMENT

### A.  The Patent Claims Should Be Stayed

TGP joins in Anemostat's alternative request that the claims and counterclaims related to the '906 patent be stayed for the reasons stated in Anemostat's Motion. (*See* Dkt. No. 33, Motion at 12, lns. 16-22). TGP agrees with Anemostat's contention that the claims of the '906 patent should be cancelled in reexamination. There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII v. STD Entm't USA Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). That policy makes sense here.

The Court and the parties can avoid wasting a great deal of effort and resources by deferring to the PTO's expertise.

### B.  The Non-Patent Claims Should Not Be Stayed

There is no compelling reason to stay the trademark and false advertising claims. They involve different products, and the parties can try those claims separately.

Anemostat is not a party to these counterclaims, and will not be prejudiced by this Court going forward with them while staying the patent claims. It indicates in its motion it would not object to that.

If the Court will not stay only part of the case, and intends to either stay everything or nothing, then TGP joins in Amenostat's motion to stay the entire case.

## IV.     CONCLUSION

For the foregoing reasons, the reasons set forth in Anemostat's Motion, TGP respectfully requests that only the patent claims be stayed, except for limited third party prior art discovery designed to prior art publications on use of window films on wire glass for submission to the PTO by TGP in an inter partes reexam request. The remaining counterclaims should proceed to trial.

Dated this 26th day of October, 2007

> By: /s/ Todd M. Siegel
>     Jeffrey S. Love
>     jeffrey.love@klarquist.com
>     Todd M. Siegel
>     todd.siegel@klarquist.com
>     Kelly I. Dunham
>     kelly.duncham@klarquist.com
>     Robert F. Scotti
>     robert.scotti@klarquist.com
>     Klarquist Sparkman, LLP
>     121 S.W. Salmon Street, Suite 1600
>     Portland, OR  97204-2988
>     Telephone:  (503) 595-5300
>     Facsimile:  (503) 595-5301
>
>     Eric L. Wesenberg
>     ewesenberg@orrick.com
>     Orrick, Herrington & Sutcliffe LLP
>     1000 Marsh Road
>     Menlo Park, CA 94025-1015
>     Telephone: (650) 614-7400
>     Facsimile: (650) 614-7401
>
>     Attorneys for Defendant Technical Glass Products

**PROOF OF SERVICE**

The undersigned hereby certifies that on October 26, 2007, the foregoing TECHNICAL GLASS PRODUCTS' RESPONSE TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAM OF THE PATENT AT ISSUE, was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

| | |
|---|---|
| Mark I. Schickman | Michael S. Elkind |
| mis@freelandlaw.com | melkind@fulpat.com |
| Daniel T. Bernhard | David J. Pitman |
| bernhard@freelandlaw.com | dpitman@fulpat.com |
| FREELAND COOPER & FOREMAN LLP | FULWIDER PATTON LLP |
| 150 Spear Street, Suite 1800 | 6060 Center Drive, 10th Floor |
| San Francisco, CA  94105 | Los Angeles, CA  90045 |
| Telephone:  415-541-0200 | Telephone:  310-242-2662 |
| Facsimile:  415-495-4332 | Facsimile:  310-824-9696 |
| | |
| Attorneys for Plaintiff O'Keeffe's, Inc. | Attorneys for Defendant Anemostat |

/s/ Todd M. Siegel_____
Todd M. Siegel

CERTIFICATE OF SERVICE                              Case No.:  C-007-3535 JF