Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Todd M. Siegel (*Pro Hac Vice*)
todd.siegel@klarquist.com
Kelly I. Dunham (*Pro Hac Vice*)
kelly.dunham@klarquist.com
Robert F. Scotti (*Pro Hac Vice*)
robert.scotti@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204-2988
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant and TGP,
Technical Glass Products

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON PLC,<br><br>    Defendants. | Case No.: 07-3535 JF<br><br>**TECHNICAL GLASS PRODUCTS' REPLY TO PLAINTIFF O'KEEFFE'S COUNTERCLAIMS** |

Defendant and Counterclaim Plaintiff "Technical Glass Products" ("TGP") submits this Reply in response to Counterclaims alleged in paragraphs 1-61 of Plaintiff O'Keeffe's, Inc.'s ("O'Keeffe's) Counterclaims Against Defendant Technical Glass Products and Third Party Claims Against Underwriters Laboratories, Inc.

For its Reply, TGP states as follows:

## ANSWER TO COUNTERCLAIMS

## PARTIES

1.   TGP admits that O'Keeffe's is a California corporation with its principal place of business in San Francisco, California. TGP denies the remaining allegations of paragraph 1 of the Counterclaim.

2.   TGP admits the allegations contained in paragraph 2 of the Counterclaim, except that J.R. Four, Ltd. is a Washington corporation that does business as Technical Glass Products.

3.   TGP admits the allegations contained in paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

4.   TGP admits that the Counterclaim purports to allege a cause of action arising under 15 U.S.C. §§ 1051-1127, the laws of the state of California, and the common law. TGP admits that the Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121. TGP denies the remaining allegations contained in paragraph 4 of the Counterclaim.

## BACKGROUND FACTS

5.   TGP admits that O'Keeffe's sells a product called SuperLite I-XL. TGP is without information or knowledge sufficient to form a belief as to the truth of the allegations concerning Exhibits A and B in paragraph 5 of the Counterclaim and the allegation that O'Keeffe's has fabricated, marketed and sold SuperLite 1-XL since 1996. TGP denies the remaining allegations in paragraph 5 of the Counterclaim.

6. TGP denies the allegations contained in paragraph 6 of the Counterclaim.

7. TGP admits that fire-related glazing materials must comply with the applicable code provisions, including testing and performance criteria required by code. TGP denies the remaining allegations contained in paragraph 7 of the Counterclaim.

8. TGP admits that building codes require glazing materials in certain locations to meet impact standards. TGP admits that building codes also require glazing materials in certain locations to meet fire safety standards, which generally include at least some of the performance criteria and test standards indirectly referenced by the allegations in paragraph 8. TGP denies the remaining allegations contained in paragraph 8 of the Counterclaim.

9. TGP denies the allegations contained in paragraph 9 of the Counterclaim as incomplete and therefore inaccurate.

10. TGP admits that 16 C.F.R. §1201 establishes impact performance standards for glazing that require glazing materials under certain conditions that fall under Category I or Category II set forth in that regulation to satisfy impact standards that include a "150 ft. lbs" test for Category I and a "400 ft. lbs" test for Category II. TGP is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Counterclaim.

11. TGP admits that O'Keeffe's sells a product called SuperLite II-XL that is created from two sheets of glass with the space between filled with a gel. TGP is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 regarding SuperLite II-XL. TGP denies the remaining allegations contained in paragraph 11 of the Counterclaim.

12. TGP denies all allegations in paragraph 12 of the Counterclaim, except that TGP admits that:

    a. O'Keeffe's SuperLite I-XL product is directional and may collapse if a fire occurs on the non-coated side of the glass;

    b. O'Keeffe's SuperLite I-XL product has not passed the hose-stream test;

1    c.   O'Keeffe's SuperLite I-XL product has not met certain standards for fire-rated materials; and, Exhibit C comprises pages from TGP's www.fireglass.com website.

13.   TGP denies the allegations contained in paragraph 13 of the Counterclaim.

14.   TGP admits that it sells fire-related glazing products under the trademarks FireLite®, FireLite Plus® and FireLite NT®. TGP denies the remaining allegations contained in paragraph 14 of the Counterclaim.

15.   TGP admits that it sells a product under the trademark FireLite®, which carries a 60-90 minute rating from Underwriters Laboratories, Inc. ("UL"). TGP admits that Exhibit D is a copy of UL's FireLite® listing. TGP denies the remaining allegations contained in paragraph 15 of the Counterclaim.

16.   TGP denies the allegations contained in paragraph 16 of the Counterclaim.

17.   TGP admits that its FireLite® product is well-accepted in the fire-related glazing materials market. TGP denies the remaining allegations contained in paragraph 17 of the Counterclaim.

18.   TGP denies the allegations contained in paragraph 18 of the Counterclaim.

19.   TGP admits that UL represents to the public that it conducts product safety testing and certification of fire-related glazing materials. TGP admits that Exhibit E comprises pages from UL's www.ul.com website. TGP is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Counterclaim.

20.   TGP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Counterclaim.

21.   TGP denies the allegations contained in paragraph 21 of the Counterclaim.

22.   TGP admits that its FireLite® products have met UL testing standards and have earned certification by UL. TGP admits that the UL certification for its FireLite products do not indicate that special approval is required for use. TGP denies the remaining allegations contained in paragraph 22 of the Counterclaim.

23.     TGP denies the allegations of paragraph 23 of the Counterclaim, except that it admits that: its marketing materials indicate that certain TGP products meet the hose stream test conducted by UL; O'Keeffe's SuperLite I-XL product is not listed for 45/60/90 minute applications; and Fireglass 20 has been certified by UL as having a 20-minute NH rating.

24.     TGP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaim.

25.     TGP is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Counterclaim.

## ANSWER TO FIRST COUNTERCLAIM

26.     **O'Keeffe's Fifth Affirmative Defense**: TGP denies the allegations contained in O'Keeffe's Fifth Affirmative Defense.

**O'Keeffe's Sixth Affirmative Defense**: TGP admits that Trademark Registration No. 2,162,531 was applied for and granted to Ferche Millwork, Inc. for fire-resistant wooden door jambs. TGP admits that Ferche Millwork, Inc. executed an assignment of Trademark Registration No. 2,162,531 on March 6, 2000. TGP denies that the assignment was improper, null, void, and to no effect. TGP denies that Trademark Registration No. 2,162,531 is null and void and of no effect. TGP is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in O'Keeffe's Sixth Affirmative Defense.

**O'Keeffe's Seventh Affirmative Defense**: TGP admits that the U.S. Patent and Trademark Office renewed Trademark Registration No. 2,162,531. TGP admits that TGP's President signed a document titled Combined Declaration Under Sections 8 and 15, dated February 20, 2004, relating to Registration No. 2,162,531, which includes a statement under oath that the mark shown therein has been in continuous use for five years from the date of the registration or the date of publication. TGP is without information or knowledge sufficient to form a belief as to the truth of the allegation that the PTO relied on that statement. TGP denies the remaining allegations contained in O'Keeffe's Seventh Affirmative Defense.

**O'Keeffe's Eighth Affirmative Defense**: TGP denies the allegations contained in O'Keeffe's Eighth Affirmative Defense.

**O'Keeffe's Ninth Affirmative Defense**: TGP denies the allegations contained in O'Keeffe's Ninth Affirmative Defense.

27. TGP admits that it is the registered owner of U.S. Trademark Registration Nos. 2,162,531 and 2,529,865, and that O'Keeffe's use of "SAFTIFIRE FRAMES" for goods related to the goods described in those registrations infringes TGP's registered trademarks, should be enjoined, and entitles TGP to damages. TGP denies the remaining allegations contained in paragraph 27 of the Counterclaim.

## ANSWER TO SECOND COUNTERCLAIM

28. TGP realleges and incorporates by reference paragraph 26 above, as though fully set forth herein.

29. TGP denies the allegations contained in paragraph 29 of the Counterclaim.

30. TGP denies the allegations contained in paragraph 30 of the Counterclaim.

31. TGP denies the allegations contained in paragraph 31 of the Counterclaim.

## ANSWER TO THIRD COUNTERCLAIM

32. TGP realleges and incorporates by reference paragraphs 1-25 above, as though fully set forth herein.

33. TGP denies the allegations contained in paragraph 33 of the Counterclaim.

34. TGP denies the allegations contained in paragraph 34 of the Counterclaim, including subparts (a) – (b).

35. TGP denies the allegations contained in paragraph 35 of the Counterclaim.

36. TGP denies the allegations contained in paragraph 36 of the Counterclaim.

37. TGP denies the allegations contained in paragraph 37 of the Counterclaim.

38. TGP denies the allegations contained in paragraph 38 of the Counterclaim.

39. TGP denies the allegations contained in paragraph 39 of the Counterclaim.

**ANSWER TO FOURTH COUNTERCLAIM**

40. TGP realleges and incorporates by reference paragraphs 1-25 and 33-39 above, as though fully set forth herein.

41. TGP denies the allegations contained in paragraph 41 of the Counterclaim.

42. TGP denies the allegations contained in paragraph 42 of the Counterclaim.

43. TGP denies the allegations contained in paragraph 43 of the Counterclaim.

**ANSWER TO FIFTH COUNTERCLAIM**

44. TGP realleges and incorporates by reference paragraphs 1-25 and 33-43 above, as though fully set forth herein.

45. TGP denies the allegations contained in paragraph 45 of the Counterclaim.

46. TGP denies the allegations contained in paragraph 46 of the Counterclaim.

47. TGP denies the allegations contained in paragraph 47 of the Counterclaim.

48. TGP admits that its marketing materials indicate that TGP products meet tests conducted by UL. TGP is without information or knowledge sufficient to form a belief as to UL's practices, policies and procedures. TGP denies the remaining allegations contained in paragraph 48 of the Counterclaim.

49. TGP denies the allegations contained in paragraph 49 of the Counterclaim, including subparts (a) – (c).

50. TGP denies the allegations contained in paragraph 50 of the Counterclaim.

51. TGP denies the allegations contained in paragraph 51 of the Counterclaim.

52. TGP denies the allegations contained in paragraph 52 of the Counterclaim.

53. TGP denies the allegations contained in paragraph 53 of the Counterclaim.

54. TGP denies the allegations contained in paragraph 54 of the Counterclaim.

55. TGP denies the allegations contained in paragraph 55 of the Counterclaim.

### ANSWER TO SIXTH COUNTERCLAIM

56. TGP realleges and incorporates by reference paragraphs 1-25 and 33-55 above, as though fully set forth herein.

57. TGP denies the allegations contained in paragraph 57 of the Counterclaim:
   a. TGP denies the allegations contained in paragraph 57(a) of the Counterclaim;
   b. TGP denies the allegations contained in paragraph 57(b) of the Counterclaim;
   c. TGP denies the allegations contained in paragraph 57(c) of the Counterclaim;
   d. TGP admits that its marketing materials indicate that TGP products meet the hose stream test conducted by UL. TGP denies the remaining allegations contained in paragraph 57(d) of the Counterclaim.

58. TGP denies the allegations contained in paragraph 58 of the Counterclaim.

59. TGP denies the allegations contained in paragraph 59 of the Counterclaim.

60. TGP denies the allegations contained in paragraph 60 of the Counterclaim.

61. TGP denies the allegations contained in paragraph 61 of the Counterclaim.

### AFFIRMATIVE AND OTHER DEFENSES

#### First Defense

62. The Counterclaims alleged by O'Keeffe's fail to state any claim upon which relief can be granted against TGP.

### FOR RELIEF

WHEREFORE, TGP prays for entry of Judgment for TGP and against Plaintiff O'Keeffe's as follows:

A  That the Court enter Judgment in favor of TGP and against O'Keeffe's on all counts alleged herein;

B  That the Court enter Judgment dismissing O'Keeffe's claims against TGP with prejudice and that O'Keeffe's recover nothing on its claims;

1    C    That the Court award TGP its costs and reasonable attorneys' fees incurred herein under 15 U.S.C. § 1117 and California Business & Professions Code §§ 17202 and 17534;

D    That the Court award TGP its costs and reasonable attorneys' fees herein under 35 U.S.C. § 285 because this is an exceptional case; and

E    That the court award such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Technical Glass Products requests a jury trial on all issues triable by right to a jury.

Dated this 30th day of October, 2007

By: /s/ Todd M. Siegel_____
Jeffrey S. Love
jeffrey.love@klarquist.com
Todd M. Siegel
todd.siegel@klarquist.com
Kelly I. Dunham
kelly.duncham@klarquist.com
Robert F. Scotti
robert.scotti@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204-2988
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Eric L. Wesenberg
ewesenberg@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant Technical Glass Products

-8-    TECHNICAL GLASS PRODUCTS REPLY TO PLAINTIFF O'KEEFFE'S COUNTERCLAIMS
Case No.: 07-3535 JF

**PROOF OF SERVICE**

The undersigned hereby certifies that on October 30, 2007, the foregoing **TECHNICAL GLASS PRODUCTS' REPLY TO PLAINTIFF O'KEEFFE'S COUNTERCLAIMS** was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

| | |
|---|---|
| Mark I. Schickman | Michael S. Elkind |
| mis@freelandlaw.com | melkind@fulpat.com |
| Daniel T. Bernhard | David J. Pitman |
| bernhard@freelandlaw.com | dpitman@fulpat.com |
| FREELAND COOPER & FOREMAN LLP | FULWIDER PATTON LLP |
| 150 Spear Street, Suite 1800 | 6060 Center Drive, 10th Floor |
| San Francisco, CA 94105 | Los Angeles, CA 90045 |
| Telephone: 415-541-0200 | Telephone: 310-242-2662 |
| Facsimile: 415-495-4332 | Facsimile: 310-824-9696 |
| | |
| Attorneys for Plaintiff O'Keeffe's, Inc. | Attorneys for Defendant Anemostat |

/s/ Todd M. Siegel_____
Todd M. Siegel