Michael S. Elkind (State Bar No. 61038)
  melkind@fulpat.com
David Pitman (State Bar No. 172944)
  dpitman@fulpat.com
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone:   310-824-5555
Facsimile:   310-824-9696

J. Kevin Grogan
  grogan@ip-lawyers.com
Wm. Tucker Griffith
  tucker@ip-lawyers.com
Kevin H. Vanderleeden
  vanderleeden@ip-lawyers.com
McCORMICK, PAULDING & HUBER LLP
CityPlace II, 185 Asylum Street
Hartford, Connecticut 06103
Telephone:   860-549-5290
Facsimile:   860-527-0464

Attorneys for ANEMOSTAT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS, ANEMOSTAT and PILKINGTON, PLC, <br><br> Defendants. | Case No. 07-cv-03535-JF <br><br> **DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION** <br><br> Date: November 16, 2009 <br> Time: 9:00am <br> Dept: Courtroom No. 3 – 5th Floor <br> Judge: The Honorable Jeremy Fogel |

Plaintiff has provided no legitimate reason why this Court should not stay the present litigation. Instead of directly addressing the issues raised in Anemostat's pending Motion, the Plaintiff has put forth several misguided and erroneous arguments that are largely irrelevant to whether the Court should stay the case. Indeed, as best understood, it appears as though the Plaintiff is attempting to divert the Court's attention from the facts at hand, which weigh strongly in favor of a stay, at least for the patent claims at issue.

### I.     O'Keeffe's Will Not Be Prejudiced By A Stay and There is No Tactical Advantage to Defendants

Plaintiff has asserted that its "first to market" position is being so extensively and irrevocably eroded that a stay would completely deprive it of its market share. Specifically, Plaintiff states that its "chief damage" is a "loss of market position and share." This assertion is in sharp contrast to Plaintiff's actions in the present case. Curiously, Plaintiff has not sought, at the outset, any injunctive relief or temporary restraining order to address their "chief damage." Further, when Plaintiff initially contacted Anemostat regarding a potential issue of patent infringement over thirteen months ago, it refused to provide any specifics about its assertions, including failing to identify the number of the patent it believed was being infringed, despite Amenostat's request for such information. Thereafter, Plaintiff waited almost a full year to file its Complaint.

Similarly, Plaintiff has not acted with the urgency one would expect with the level of harm alleged by Plaintiff. For example, Plaintiff has failed to provide basic discovery information such as Rule 26(a)(1) initial disclosures that were due nearly a month ago, or the ADR certification requested by the Court.[1] Additionally, Plaintiff has failed to

---

[1] The parties were alerted that the requisite ADR certifications were delinquent on September 27, 2007.

2

DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION
Case No. 07-cv-03535-JF

circulate a draft 26(f) Report following the conference held between the parties on September 21, 2007, despite assurances that it would do so. Tellingly, Plaintiff is unsure as to whether co-defendant Pilkington has been served despite the fact that it was named originally in the Complaint filed in July and is the purported source of the "incongruous" representations that Plaintiff repeatedly refers to in its opposition. In view of the above, Plaintiff's arguments that it will be significantly prejudiced due to a loss of market share are disingenuous and do not provide a viable reason to deny the requested stay.

Plaintiff's arguments are likewise swimming with a school of red herring in order to divert the Court from the benefits of issuing a stay. As discussed in greater detail below, statements made at public hearings regarding a purported "holy grail" are absolutely irrelevant to whether the claims of the '906 patent are invalid in view of the teachings of the prior art cited in the pending reexamination requests and, in particular, the 1998 Glass Age article. Importantly, such statements also have no bearing on the present Motion.

Further, Plaintiff's arguments regarding its choice of forum are misguided. Defendants do not seek to "re-locate" the dispute to the Patent Office. The present dispute will remain with this Court regardless of any Patent Office proceedings or a stay therefor. The Defendants simply want the experts at the Patent Office to reexamine the claims of a clearly invalid patent that should not have issued as currently constituted.

Plaintiff's argument that the Defendants will have a "crucial tactical advantage challenging the patent in the PTO" if a stay is granted is likewise untrue. The Patent Office's reexamination of the '906 patent will proceed regardless of whether the requested stay is granted or denied. Indeed, without a stay, the issue of validity in view of the abundant prior art will be assessed twice, once by the Patent Office and independently by the Court. By granting the stay, judicial resources will be conserved since the claims of the '906 patent will likely be narrowed or eliminated, thereby limiting the issues that need to be litigated before the Court. This factor actually provides a

3

strong incentive to stay the case until the experts at the Patent Office reexamine the claims in view of, *inter alia*, the 1998 Glass Age article.  Again, Plaintiffs have not presented a justifiable reason to deny the stay.

**II.     The Claims of the '906 Patent are Invalid and the *Inter Partes* Request for Reexamination Will Likely Be Granted**

Plaintiff's characterization of the 1998 Glass Age article, however colorful, fails to address the fact that it discloses each and every element of the sweepingly broad claims of the '906 patent.  As an example, the following claim chart is instructive.

| Claim 1 of the '906 Patent | The 1998 Glass Age Article |
|---|---|
| A fire resistant safety glass, consisting essentially of: | The article discloses placing Madico's (CL-400XSR) fire resistant Protekt® safety film on "wired glass."[2] |
| a piece of wire glass; | The article explicitly instructs use of a piece of "wired glass."[3] |
| and a fire resistant film adhered to said piece of wire glass sufficient to impart an impact resistance of at least about 100 foot lbs. | The article confirms that the wired glass treated with the Protekt® CL-400XSR safety film has an impact resistance of 150 foot lbs.[4] |

---

[2] A 1995 Material Safety Data Sheet ("MSDS") confirms the known "fire-resistance" of Madico's (CL-400XSR) Protekt® safety film.

[3] The actual results of the tests performed by the British Standards Institution, and referred to in the Glass Age article, confirm the use of a single piece of "wired glass."

[4] The tested wired glass with Protekt film met the requirements of BS6206:1981 Class B which requires 150 ft-lbs of impact resistance.

4
DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION
Case No. 07-cv-03535-JF

| | |
|---|---|
| and further wherein the fire resistant film contains PET. | Protekt® CL-400XSR safety film contains PET and has been in use since at least as early as 1978.[5] |

As shown, each and every element of claim 1 is contained within the Glass Age article which was published three (3) years prior to the earliest filing date of the '906 patent.

Instead of addressing the teachings of the article with respect to the claim limitations, the Plaintiff O'Keeffe's refers to an "incongruity" created by "past industry representations" by a Pilkington representative. What O'Keeffe's fails to mention is that these representations are absolutely irrelevant to the teachings of the Glass Age article and, moreover, to the invalidity of the claims at issue. Indeed, none of the "heightened" standards mentioned by O'Keeffe in connection with these "representations" are present in the claims of the '906 patent. Moreover, even in view of Pilkington's alleged opinion on the issue, the presence of the claimed subject matter of the '906 patent, by use, sale, knowledge, or description, is sufficient to invalidate the claims.

As best understood, it appears as though the Plaintiff O'Keeffe's is arguing validity by presenting an argument of secondary considerations, e.g., the claimed invention is valid because of a "long-felt need" in the industry. In this case, however, the Glass Age article *anticipates* the teachings of the claims under 35 U.S.C. §102 and secondary considerations are inapplicable.[6] *See* MANUAL OF PATENT EXAMINING PROCEDURE, ("MPEP") § 2131.04.

---

[5] The 1995 MSDS confirms that Madico's (CL-400XSR) Protekt® safety film contains "80 – 92%" PET.

[6] Anemostat also notes that the declaration of William O'Keeffe presented in support of Plaintiff's irrelevant and misplaced arguments is fatally deficient for multiple reasons. First, O'Keeffe makes several assertions that are simply conclusory statements that lack any specific facts or supporting data. Such unsupported conclusory statements cannot be relied on by the court. *See Federal Trade Commission v. Publishing Clearing House*, 1995 U.S. Dist. LEXIS 21150, *7 (D. Nev. 1995). Second, other assertions made by O'Keeffe are inadmissible hearsay. Specifically, paragraph 9, *inter alia*, of his declaration consists entirely of hearsay from Pilkington's representative and, as such, should be stricken. *Tercica, Inc. v. Insmed Inc.*, 2006 U.S. Dist. LEXIS 41804, *30 (N.D. Cal. 2006). Finally, Exhibit A of the declaration consists of a partial transcript which should be given no credence, as it cannot be authenticated and the complete transcript

Should, however, Plaintiff believe that its unorthodox "incongruity" arguments somehow demonstrate the validity of the claims in view of the Glass Age article, it is not foreclosed from submitting them to the Patent Office during the *inter-partes* reexamination. The *inter partes* reexamination proceeding allows for the submission of this type of evidence, regardless of its appropriateness. *See* MPEP § 2666.

### III.     The Ex-Parte Reexamination Request Has Already Been Granted

On November 2, 2007, Anemostat's *ex parte* reexamination request was ordered by the Patent Office, confirmation of which is attached as Exhibit A. As such, the validity of the claims of the patent will be reexamined with respect to the references in that request. At this time the *inter partes* request is still pending. Anemostat anticipates that it should be ordered and combined with the already granted *ex parte* request shortly.

### IV.     Co-Defendant TGP Has Joined the Pending Motion With Respect to the Patent Claims

Contrary to Plaintiff's premature conclusion that co-defendant TGP has not indicated its intention or willingness to be bound by the results of a reexamination, TGP has joined the motion to stay with respect to the patent claims. Notably, in its response to the pending motion, TGP states that it intends to file its own request for reexamination citing ten plus references that render the claims of the '906 patent invalid. TGP also agrees that the 1998 Glass Age article discloses the invention claimed in the '906 patent, as shown quite clearly in the above claim chart.

---

may contain relevant information as well as information contradictory to O'Keeffe's assertions. See *Wanlass v. Olfman*, 2007 U.S. Dist. LEXIS 18008, *24-25 (D. Or. 2007).

6

DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION
Case No. 07-cv-03535-JF

### V. The Facts Weigh Heavily in Favor of Granting the Requested Stay

Despite the smokescreen created by Plaintiff, the facts at hand support a decision to stay the present litigation. More specifically, courts have wide discretion in granting motions to stay and a liberal policy of granting such requests pending the outcome of a reexamination in the Patent Office. The reexamination will potentially reduce or eliminate the need for litigation regarding the '906 patent as the patent claims will be reeexamined by Patent Office experts in view of the abundant and compelling prior art. The present litigation is in its infancy with virtually no discovery having taken place and two defendants, including the apparently critical co-defendant Pilkington, have yet to appear in the case. Further, Anemostat's *ex parte* request has already been granted and its *inter partes* request will most certainly be granted in the near term.

Significantly, Plaintiff has not challenged the legal standard or evidence presented by Anemostat, which strongly favors a stay of the present litigation. In view of the above, this Court should grant Anemostat's motion to stay, at the very least with respect to the patent claims at issue.

Respectfully submitted,

Dated: November 2, 2007

By  s/Kevin H. Vanderleeden/ (with permission)
    Kevin H. Vanderleeden

By  s/David J. Pitman/
    David J. Pitman

Kevin H. Vanderleeden (BBO#648361)
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Telephone:  (413) 736-5401
Facsimile:  (413) 733-4543

Michael S. Elkind (State Bar No. 61038)
  *melkind@fulpat.com*
David J Pitman (State Bar No. 172944)
  *dpitman@fulpat.com*
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

203212.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of November 2007, the foregoing

**DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION**

was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

| | |
|---|---|
| Mark I. Schickman | Jeffrey S. Love |
| mis@freelandlaw.com | jeffrey.love@klarquist.com |
| Daniel T. Bernhard | |
| bernhard@freelandlaw.com | |
| FREELAND COOPER & FOREMAN LLP | KLARQUIST SPARKMAN, LLP |
| 150 Spear Street, Suite 1800 | 121 S.W. Salmon Street, Suite 1600 |
| San Francisco, CA 94105 | Portland, OR 97204-2988 |
| p: 415-541-0200 | p: 503-595-5300 |
| f: 415-495-4332 | f: 503 595 5301 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| O'Keeffe's, Inc. | Technical Glass Products |

By  s/David J. Pitman/

David J. Pitman

9

**DEFENDANT ANEMOSTAT'S REPLY TO PLAINTIFF O'KEEFFE'S, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANEMOSTAT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION**
Case No. 07-cv-03535-JF