**E-Filed 11/16/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TECHNICAL GLASS PRODUCTS,<br>ANEMOSTAT AND PILKINGTON, PLC.<br><br>　　　　　　　Defendant. | Case Number C 07-03535 JF<br><br>ORDER[1] GRANTING IN PART<br>DEFENDANTS' MOTION TO STAY<br><br>[re: docket no. 33] |

　　　Defendant Anemostat (Anemostat) moves to stay the instant case pending reexamination of U.S. Patent No. 7,090,906 ("the '906 patent") by the United States Patent and Trademark Office ("USPTO"). Defendant Technical Glass Products ("TGP") joins the motion in part. Plaintiff O'Keeffe's. Inc. ("Plaintiff") opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on November 16, 2007. For the reasons set forth below, the motion will be granted in part.

---

　　　[1] 　This disposition is not designated for publication and may not be cited.

Case No. C 07-03535 JF
ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY.
(JFLC3)

## I. BACKGROUND

Plaintiff is the owner of the '906 patent entitled, "Fire-Resistant Safety Glass" which is directed at a filmed wire glass product that is sufficiently impact safe and fire resistant to meet various government safety and fire code requirements. Complaint ¶ 9. Plaintiff markets this product as SuperLite I-W. *Id.* Defendants are competitors in the wired glass manufacturing industry. *Id.* at ¶ 10. TGP fabricates, markets and sells a product known as PyroShield NT. *Id.* at ¶ 13. Anemostat fabricates, markets and/or sells a product knows as SAFE-Wire. *Id.* at ¶ 15.

Plaintiff sued Defendants for patent infringement of '906 patent on July 6, 2007. Anemostat filed an answer denying Plaintiff's allegations of patent infringement and asserted affirmative defenses and counterclaims related to the '906 patent, including non-infringement, invalidity and unenforceability. TGP filed a similar answer and counterclaims and also asserted additional counterclaims relating to trademark infringement and unfair competition based on Plaintiff's SuperLite I-XL product.

On August 29, 2007, Anemostat filed a request for an *ex parte* reexamination of the claims of the '906 patent based upon several pieces of prior art, including several U.S. patents and a 1999 publication from the International Window Film Association entitled, *"Safety/Security Window Film."* This request was granted by the USPTO on November 2, 2007. On October 9, 2007, Anemostat filed a request for an *inter parte* reexamination of the claims of the '906 patent based upon a single piece of prior art. This prior art is a publication entitled, *"Thin Glazing Can Be Made Safe"* from the November 1998 issue of *Glass Age and Window Construction*. The latter request is still pending before the USPTO. None of the prior art previously was before the USPTO. The requests for reexamination were based on anticipation and obviousness.

Anemostat now asks the Court to stay this action in its entirety until the USPTO completes it reexamination of the '906 patent. In the alternative, Anemostat seeks to stay the claims and counterclaims relating to the '906 patent. TGP joins Anemostat's motion regarding the patent claims but requests that the trademark and false advertising claims not be stayed because they involve different products and the parties can try these claims separately. Plaintiff

opposes the motion. The Court heard oral argument on November 16, 2007.

## II.  LEGAL STANDARD

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In an exercise of that discretion, the Court must consider the competing interests of the litigants as well as the orderly administration of justice in determining whether a stay will be of significant benefit so as to justify a further delay. *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts generally consider whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, whether a stay will simplify the issues in question and trial of the case, whether discovery is completed, and whether a trial date has been set. *Target Therapeutics Inc. v. SciMed Life Systems*, 1995 WL 20470 (N.D. Cal. 1995) *citing GPAC, Inc. v. D. W. W. Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992); *United Sweetener USA Inc. v. Nutrasweet Co.,* 766 F. Supp. 212, 217 (D. Del. 1991).

## III.  DISCUSSION

Defendants argue that a stay should be granted in the instant case because it may reduce or eliminate the need for litigation. Defendants assert that if the patent claims at issue are canceled during reexamination, the need for trial would be eliminated. Defendants claim that there is a strong likelihood that the claims will be canceled based on the newly discovered prior art. Additionally, Defendants argue that the stay should be granted because the instant case is in the very early stages of litigation.

Plaintiff argues that it will be harmed in two ways if the Court grants a stay:  (1) a stay will permit continued infringement by the Defendants, and Plaintiff will lose market position and share; and (2) Defendants in essence are forum-shopping and trying to change the venue of the instant dispute to the USPTO.

It is within the Court's discretion whether to grant a motion to stay pending reexamination of a patent. *See, e.g. Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir.

1998) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.") There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO reexamination or reissuance proceedings." *ASCII v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994). However, "[t]here is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Fresenius Medical Care Holdings v. Baxter International, Inc.*, 2007 WL 1655625, *3 (N.D. Cal. June 7, 2007) citing *Soverain Software LLC v. Amazon Com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex. 2005).

In most cases in which district courts have denied a stay request based on a pending reexamination, the proceedings typically have been ongoing before the court for a significant period of time. *See Fresenius,* 2007 WL 1655625 at * 3 (denying motion to stay in part because a trial had already been held and this factor weighed heavily in favor of denying the a stay.); *see also NTP, Inc. v. Research In Motion, Ltd.*, 397 F.Supp.2d 785, 787 (E.D.Va. 2005); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). In the instant case, no trial date has been set, discovery has not yet commenced, and the USPTO already has granted at least one of the requests for reexamination based on the newly discovered prior art. While Plaintiff argues that it will be unduly prejudiced by a stay because it will lose significant market position and share, such prejudice, if any, would appear to be unavoidable whether or not a stay is granted. The current litigation is likely to last at least a year even if it is not stayed and assuming that the parties adhere closely to the Court's local patent rules. Plaintiff already has waited more than a year since the issuance of the '906 patent to commence the instant action,[2] and it does not seek injunctive relief. Accordingly, based on the "liberal policy" favoring such motions, *see ASCII,* 844 F.Supp. at 1381, Defendants' motion to stay will be granted with respect to the claims and counterclaims related to the '906 patent pending the reexamination process or until

---

[2] Counsel indicated at oral argument that at least one of the Defendants, TGP, did not have a product available on the market until six months ago. Counsel did not state how long Anemostat's product has been on the market.

4

Case No. C 07-03535 JF
ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY.
(JFLC3)

further order of the Court. Because the trademark and unfair competition claims relate to a different product and can be tried separately, a stay is not warranted as to those claims and to that extent will be denied.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant action is stayed in part with respect to all of the claims and counterclaims related to the '906 patent pending the reexamination proceedings before the USPTO or until further order of the Court. Counsel are directed to appear for a Case Management Conference on February 22, 2008, at 10:30 a.m., at which time the counsel shall advise the Court as to the status of the reexamination proceedings. It is further ORDERED that the motion is denied as to the trademark and unfair competition claims.

DATED: November 16, 2007

_____
JEREMY FOGEL
United States District Judge

This Order has been served on the following persons:

Daniel T. Bernhard
bernhard@freelandlaw.com

Jeffrey Stewart Love
jeffrey.love@klarquist.com

David John Massey Pitman
dpitman@fulpat.com