Kimball R. Anderson (Admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile: 312-558-5700
Email: kanderson@winston.com

Daniel F. Bailey (SBN 205888)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: dbailey@winston.com

Attorneys for Third-Party Defendant
UNDERWRITERS LABORATORIES INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE BRANCH**

O'KEEFFE'S, INC.,

Plaintiff,

v.

TECHNICAL GLASS PRODUCTS; ANEMOSTAT; and PILKINTON PLC,

Defendants.

O'KEEFFE'S, INC.,

Counterclaimant,

v.

TECHNICAL GLASS PRODUCTS, Counterdefendant; and UNDERWRITERS LABORATORIES INC., Third-Party Defendant.

**Case No. 07-cv-3535 JF**

**NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISMISSAL OF O'KEEFFE'S, INC.'S THIRD PARTY COMPLAINT AGAINST UNDERWRITERS LABORATORIES**

Date: February 1, 2008
Time: 9:00 a.m.
Place: Courtroom 3, 5th Floor
Judge: The Honorable Jeremy Fogel

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION ..... 1

RELIEF SOUGHT ..... 1

I. INTRODUCTION ..... 1

II. STATEMENT OF THE CASE AND RELEVANT FACTS ..... 2

III. ARGUMENT ..... 4

A. Legal Standards ..... 4

B. OKI Has Failed to Allege the Existence of Federal Jurisdiction ..... 5

C. OKI's Action Should Be Dismissed Under Rule 12(b)(3) for Improper Venue ..... 8

D. OKI Has Failed to Allege a Valid Section 17200 Claim ..... 9

OKI Has Failed to Identify How UL Has Acted Unfairly ..... 12

OKI Has Failed to Plead Fraud with Particularity ..... 13

OKI Cannot Seek Money Damages Under Section 17200 ..... 14

E. UL Cannot Be Liable for the Common Law Tort of Unfair Competition Because UL Does Not Compete With OKI ..... 14

IV. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Arguenta v. Banco Mexicano, S.A*
87 F.3d 320 .......... 5, 9

*Balistreri v. Pacifica Police Departmen*
901 F.2d 696 .......... 5

*Bell Atlantic Corp. v. Twombly*
530 U.S. —, 127, 127 S. Ct. 1955 .......... *passim*

*Bradley v. Chiron Corp.*
136 F.3d 1317 .......... 5, 11

*Federal Sav. and Loan Insurance Corp. v. Ferrante*
364 F.3d 1037 .......... 6

*Galt G/S v. Hapag-Lloyd A.G.*
60 F.3d 1370 .......... 6, 7, 8

*Hoey v. Soney Elecs. Inc.*
____ F.Supp.2d ___, 2007 WL 2972915 .......... 5

*Kokkonen v. Guardian Life Insurance Co. of America*
511 U.S. 375, 114 S.Ct. 1673 .......... 4, 6

*Kukje Hwajae Insurance Co. v. The "M/V Hyundai Liberty,"*
408 F.3d 1250 .......... 5

*Lozano v. AT&T Wireless Services, Inc.*
504 F.3d 718 .......... 10

*M/S Bremen v. Zapata Off-Shore Co.*
407 U.S. 1 .......... 5

*Manetti-Farrow, Inc. v. Gucci America, Inc.*
858 F.2d 509 .......... 5, 8

*NL Industrial, Inc. v. Kaplan*
792 F.2d 896 .......... 5

*PAI Corp. v. Integrated Science Solutions, Inc.*
2006 U.S.Dist. LEXIS 34828 .......... 14

*Sariento v. BMG Entertainment*
326 F.Supp.2d 1108 .......... 5

*Vess v. Ciba-Geigy Corp. U.S.A.*
317 F.3d 1097 .......... 11, 13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*Williams v. WMX Techs., Inc.*
112 F.3d 175 .......... 13

*Wolfe v. Strankman*
392 F.3d 358 .......... 4

**STATE CASES**

*America Automobile Association v. America Automobile Owners Association*
216 Cal. 125 .......... 15

*Bernardo v. Planned Parenthood Federal of America*
115 Cal.App.4th 322 .......... 8,13

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telegraph Co.*
20 Cal.4th 163, 973 P.2d 527 .......... 10, 14

*Daugherty v. America Honda Motor Co., Inc.*
144 Cal.App.4th 824 .......... 1

*KGB, Inc. v. Ted Giannoulas*
104 Cal.App.3d 844 .......... 14

*Klein v. Earth Elements, Inc.*
59 Cal.App.4th 965 .......... 10, 12

*Lutz v. De Laurentiis*
211 Cal.App.3d 1317 .......... 15

*Pastoria v. Nationwide Insurance*
112 Cal.App.4th 1490 .......... 10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## NOTICE OF MOTION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT AND COUNSEL OF RECORD FOR ALL PARTIES:

PLEASE TAKE NOTICE, that in Courtroom 3, located at 280 South First Street, San Jose, California 95113, on February 1, 2008, at 9:00 a.m., Third Party Defendant Underwriters Laboratories Inc. ("UL") will present its motion for an order dismissing without leave to amend the third-party complaint of O'Keeffe's, Inc. ("OKI") in this action for (1) lack of subject matter jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief may be granted. This Motion is made under Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, and is based on (a) the accompanying Memorandum of Points and Authorities; and (b) the pleadings of record in this litigation.

## RELIEF SOUGHT

OKI has failed to plead facts sufficient to show either that this Court has jurisdiction over OKI's claims against UL, that venue is proper in this District, or that OKI has any claim upon which relief can be granted. Accordingly, UL respectfully requests that this Court dismiss the third-party complaint against UL. UL further requests that the dismissal be without leave to amend, as OKI cannot plead facts sufficient to raise a right to relief above the speculative level.

## I.
## INTRODUCTION

Simply put, OKI's third-party complaint against UL does not belong in this court. First and foremost, OKI has failed to plead facts—and cannot establish in any event—that federal jurisdiction exists for its claims against UL. OKI's state-law claims are not sufficiently related to its primary dispute with the other defendants to justify the exercise of supplemental jurisdiction against UL. Moreover, OKI has not alleged that diversity jurisdiction exists for these claims. Conspicuously absent are ***any*** allegations that UL is a citizen of a foreign state, nor has OKI alleged that the amount in controversy exceeds $75,000. Because federal jurisdiction must be properly alleged, not merely hoped for, and because the burden of alleging jurisdiction rests with the plaintiff, OKI has an unflagging obligation to clearly allege facts showing that supplemental or diversity jurisdiction is

warranted. OKI's pleading plainly fails to meet this test.

Similarly, OKI cannot establish that venue is proper in this District. As explained below, UL and OKI are parties to an agreement that forms the basis of this action. In that agreement, OKI—a sophisticated business entity—agreed that any disputes related to the agreement would be brought in a state or federal court in Cook County, Illinois, and that any dispute would be governed by Illinois substantive law. Although OKI's third-party complaint attempts to tiptoe away from this agreement, a close reading of the complaint shows that OKI's main grievance concerns how its products were treated by UL. Because this is a dispute that obviously relates to the agreement between OKI and UL, OKI is bound by the forum selection clause.

On the merits, OKI fails to plead a valid cause of action against UL, and no amount of additional pleading can cure the many fatal defects of the third party complaint. At bottom, OKI's third party complaint reflects nothing more than that OKI is a disgruntled manufacturer that cannot accept the test results its products have garnered from a nationally-known, century-old, non-profit, independent testing and rating laboratory focused on safeguarding the general public. Rather than making products sufficient to meet long held and valid testing parameters—standards that, to this day, it still seeks from UL—OKI would rather seek judicial annulment of the unfavorable the test results. This court should not countenance OKI's attempt to avoid complying with established safety standards. OKI's third party complaint against UL should be dismissed with prejudice.

## II.

## STATEMENT OF THE CASE AND RELEVANT FACTS

This case initially concerned a commercial dispute between competing fire safety glass manufacturers. At issue was the recent patent[1] awarded to OKI (the "Patent") and whether any of the products involved infringe the Patent. OKI alleges that Technical Glass Products ("TGP"), Anemostat, and Pilkington, PLC infringe the Patent by either fabricating, selling, or fabricating and selling infringing window products.

[1] Patent 7090906 was awarded to OKI in 2006. Recently, however, the USPTO has agreed to reexamine whether the Patent should have been awarded to OKI.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

TGP answered OKI's complaint and counterclaimed that OKI is infringing its FIREFRAMES trademarks by using the term SAFTIFIRE FRAMES. OKI then significantly escalated the litigation by asserting that TGP was misrepresenting product information to the public about how its FireLite product compares to SuperLite I-XL, a fire safety glass product manufactured by OKI ("SuperLite"). (Paragraph 12 to the Counterclaim.) Resting on these fraud allegations against TGP, OKI asserted that TGP was engaged in unfair competition. OKI also sought, however, to transform this purely commercial dispute between business competitors by asserting that UL is unfairly competing with OKI as well.

OKI asserts that UL is unfairly competing with OKI based on the following allegations:

1. TGP sourced some of its information regarding the products' performance from information provided to the public by UL.

2. UL uses an obsolete hose-stream test on the products despite OKI admitting that "the United States . . . requires the hose-stream test for fire protective glazing." (Paragraph 13 to the Counterclaim.) Because SuperLite fails the hose-stream test, UL only lists SuperLite for 20 minute applications. (Paragraph 23(b) to the Counterclaim.)

3. UL rates and lists FireLite and SuperLite products improperly (Paragraphs 15, 21, and 23 to the Counterclaim.)

4. UL appeared in TGP promotional marketing videos discussing the products and the tests used to assess their performance. (Paragraphs 23(c) and 57 to the Counterclaim.)

5. UL does not recognize listings from Warnock-Hersey[2] in UL's own listings. (Paragraph 24 to the Counterclaim.)

OKI and TGP are safety glass manufacturers that sell products to the public for a profit. In contrast, UL is a not-for-profit, non-governmental organization that was formed in 1894 to help reduce injury, loss of life, and property damage. An independent laboratory that tests and verifies the safety of products voluntarily submitted to UL by manufacturers, UL employs more than 5,000 engineers, scientists, chemists, technicians, field representatives, and support staff to ensure the

[2] Warnock-Hersey is an independent safety and testing organization. (Paragraph 5 to the Counterclaim.)



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

public's safety. If UL determines that the product(s) it tests pass the required UL Standard(s) of Safety, a manufacturer is then granted authorization to place UL's registered Certification Mark on their product(s) UL determines meet the required Standard(s). The manufacturer's use of UL's Mark constitutes the manufacturer's declaration to the general public that those products have been produced by the manufacturer in accord with the required Standard(s). UL's time-tested system supports governmental product safety regulations and complements federal, state, and local government public safety initiatives and various building codes used by municipalities and authorities having jurisdiction. (Paragraph 19 and Exhibit E to the Counterclaim.)

A core aspect of UL's mission is to keep the public informed of safety issues. The public attaches importance to the UL Mark because it knows an independent, technically expert organization that lacks a financial interest in the product's profitability has assessed the product. UL's neutral status allows it to be unbiased in determining whether or not a product meets recognized safety standards. (Exhibit E to the Counterclaim.)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## III.

## ARGUMENT

OKI asserts two claims against UL. The first is under California's unfair competition law as codified at California Business and Profession Code Section 17200 *et seq*. ("Section 17200"). OKI's second claim is for unfair competition under the common law of California. For the reasons that follow, both claims should be dismissed for lack of subject matter jurisdiction, improper venue, and for failing to state a claim upon which relief can be granted. Because no further pleading can cure these deficiencies, leave to replead should be denied.

### A. Legal Standards

A party seeking to invoke the jurisdiction of a federal court bears the burden of establishing subject-matter jurisdiction. (*See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).) Although a court reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) must take the allegations in the plaintiff's complaint as true, it is presumed that federal jurisdiction is lacking until the plaintiff proves otherwise. (*Wolfe v. Strankman*, 392 F.3d

358, 362 (9th Cir. 2004); *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675.)

Similarly, a forum selection clause can properly be enforced through a motion to dismiss for improper venue under Rule 12(b)(3). (*See Arguenta v. Banco Mexicano, S.A .*, 87 F.3d 320, 324 (9th Cir. 1996).) In reviewing a 12(b)(3) motion, a court need not accept the pleadings as true and may properly consider facts outside the pleadings. (*See Kukje Hwajae Ins. Co. v. The "M/V Hyundai Liberty,"* 408 F.3d 1250, 1254 (9th Cir. 2005).) Interpretation and enforcement of contractual forum selection clauses are procedural issues to be decided under federal law, and a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause shows that enforcement would be unreasonable under the circumstances. (*See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Sariento v. BMG Entm't*, 326 F. Supp. 2d 1108, 1110 (C.D. Cal.2003).)

Finally, a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint and "can be based on the 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " (*Hoey v. Sony Elecs. Inc.*, — F. Supp. 2d —, 2007 WL 2972915, at *2 (N.D. Cal. Oct. 10, 2007) (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).) A court reviewing a motion to dismiss under Rule 12(b)(6) must accept as true all material allegations in the complaint and must construe them in the light most favorable to the plaintiff, but "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." (*NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); (*Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (9th Cir. 1998).) As the Supreme Court has recently clarified, plaintiffs must proffer "enough facts to state a claim to relief that is plausible on its face." (*Bell Atlantic Corp. v. Twombly,* 530 U.S. —, 127 S. Ct. 1955, 1960 (2007).) Indeed, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Id.* at —, 127 S. Ct. at 1959 (internal citations omitted).)

**B. <u>OKI Has Failed to Allege the Existence of Federal Jurisdiction</u>**

OKI's third-party complaint against UL completely fails to satisfy the *sine qua non* of any

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

federal action: allegations sufficient to show that federal jurisdiction exists. OKI apparently hopes to proceed against UL based upon the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a), which allows, in "any civil action of which the district courts have original jurisdiction," federal jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." (28 U.S.C. § 1367(a).) But the party seeking to invoke federal jurisdiction always bears the burden of establishing subject-matter jurisdiction (*see Kokkonen*, 511 U.S. at 375, 114 S. Ct. at 1675), and here, OKI has failed to meet this burden. For these reasons, dismissal under Rule 12(b)(1) is warranted.

OKI has not alleged—nor can it—that its putative claims against UL are so related to its underlying federal patent and trademark claims against the other defendants that they form part of the same case or controversy. The basis of this lawsuit is a dispute among manufacturers over whether certain patents and trademarks are valid and whether they have been infringed. Original subject matter jurisdiction for these claims is based on federal law, and it is to ***these*** claims that any ancillary claims must be "so related" that jurisdiction is proper. (28 U.S.C. § 1367(a).) OKI has, however, failed to allege any facts showing the requisite close connection necessary to support supplemental jurisdiction. In a suit that primarily concerns trademarks and patents, OKI would have this Court assert supplemental jurisdiction over ancillary claims and ***an entirely separate party*** for two claims relating to testing procedures that have nothing to do with the validity of any trademarks or patents. Because OKI has failed to plead facts showing that these ancillary claims are "part of the same case or controversy," it is "self evident" that "supplemental jurisdiction does not exist." (*See Fed. Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1039 (9th Cir. 2004) (finding no supplemental jurisdiction for a law firm's fee claim that it asserted was related to the underlying matter in which the fees were generated).)

The Ninth Circuit has explained that mere similarity between claims is not sufficient to show that they form part of the same constitutional case. In *Galt G/S v. Hapag-Lloyd A.G.*, the court found that claims that related to events separated in time and involving actions by different entities

were not so related as to be part of the same case or controversy. (60 F.3d 1370, 1374 (9th Cir. 1995).) This analysis applies equally here.

As in *Galt*, the supplemental claims against UL do not form part of the same constitutional case as the patent and trademark dispute between OKI and the other defendants. OKI has not alleged that UL had anything to do with the granting of the patents and trademarks at issue, nor does OKI allege that UL has any other connection with those patents and trademarks. What ***is*** apparent from OKI's allegations is that this is a business dispute among competitors, and the claims against UL do not belong in this Court.

Moreover, OKI has not alleged any other basis for jurisdiction over the claims against UL. OKI has failed to plead the existence of diversity jurisdiction under 28 U.S.C. §1332, which, of course, allows the federal courts to hear controversies between citizens of different states in which the amount in controversy exceeds $75,000. OKI alleges that UL "is a nationally known and established independent testing and rating service focused on safety and consumer matters. It transacts a variety of business nationwide, including in this judicial district." (Paragraph 3 of the Counterclaim.) But conspicuously lacking is ***any*** allegation relating to the citizenship or domicile of UL. Without any indication as to the citizenship of UL, this Court is left to guess as to whether diversity jurisdiction exists. Of course, federal courts are not free to guess about jurisdiction, and OKI's wholly inadequate allegations as to the citizenship of UL do not permit a finding that diversity jurisdiction exists.

As required by Section 1332, OKI has failed to allege facts sufficient to show that the amount in controversy exceeds $75,000. OKI's allegations consist of the following statements: (1) "Plaintiff has suffered damages in an amount to be determined at trial"; and (2) "O'Keeffe's has been and will continue to be damaged . . . in an amount which is extremely difficult to calculate and which is presently unknown. . . ." As with OKI's non-allegations regarding citizenship, these statements leave the Court to guess about the basis for jurisdiction. (Paragraphs 55 and 61 of the Counterclaim.)

As the Ninth Circuit has explained, insufficient allegations regarding diversity of citizenship

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

are an independent ground to dismiss a federal complaint, even in the context of a third-party action. In *Galt G/S*, the court *sua sponte* concluded that diversity jurisdiction was not established because the allegations did not "set forth with specificity the principal place of business of any party" and the parties' citizenships may not have been diverse. (60 F.3d at 1374.) Because the plaintiff "pleaded no facts relating to states of citizenship," dismissal was warranted, even though the parties had already fully completed a bench trial. (*Id.*)

As in *Galt G/S*, OKI has pleaded no facts relating to the state of citizenship of UL, and the Court cannot determine whether OKI and UL are citizens of different states. This deficiency, coupled with OKI's failure to plead damages in excess of $75,000, preclude a finding that diversity jurisdiction exists.

In sum, dismissal under Rule 12(b)(1) is warranted. OKI has failed to allege facts sufficient to support a finding that supplemental jurisdiction exists over the claims against UL. Any relation between the patent and trademark claims that supply original jurisdiction for this action is simply too remote to satisfy the close connection required under Section 1367(a). Nor has OKI pleaded facts sufficient to show the existence of diversity jurisdiction for these claims under 28 U.S.C. § 1332. UL's motion to dismiss should be granted.

**C. OKI's Action Should Be Dismissed Under Rule 12(b)(3) for Improper Venue**

OKI's action does not belong in this District, because OKI—which has a contract with UL to test OKI's products—agreed that "[a]ny action related to" its agreement with UL "shall be filed in the federal or state court having jurisdiction in Cook County, Illinois, USA." (See Services Agreement, Section 11.0, attached to this motion as Exhibit A to the Declaration of Charles A. Rego.) Courts in this circuit routinely enforce forum selection clauses such as these, which are "presumptively valid." (*See Manetti-Farrow, Inc.*, 858 F.2d at 513.) Because dismissal for improper venue under Rule 12(b)(3) is warranted under a valid forum selection clause, like this one, the Court should grant UL's motion on this independent basis.

This dispute is plainly related to OKI's agreement with UL, under which OKI would submit products to UL "for investigation to assess the product's conformity with UL's requirements[.]" At

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

bottom, OKI is frustrated over not receiving the safety rating it wants. This is readily apparent from OKI's complaint, in which OKI lists the following examples of UL allegedly treating OKI unfairly: (1) "UL refuses to list SuperLite I-XL for 45/60/90 minute applications. . . ."; (2) "UL has refused to attend and witness certain fire testing of O'Keeffe's products. . . ."; (3) "UL does not list plaintiff's SuperLite I or SuperLite I-XL products with and OH-20 marking"; (4) "UL has also refused to recognize those O'Keeffe's products that are tested and listed by WH. . . ." (Paragraphs 23 and 24 of the Counterclaim.)

These statements—and OKI's overall theory in its third-party complaint—establish that one of the main goals of OKI in this action is to secure UL's Certification Mark for its products. Because OKI is disappointed with what it perceives to be unfair treatment of its products by UL, this dispute is "related to" OKI's contract with UL. OKI's President, William O'Keefe, signed an agreement with UL under which OKI promised, among other things, to litigate any dispute related to the agreement in Cook County, Illinois. (*See* Services Agreement, Section 11.0 of Exhibit A.) OKI chose to violate the terms of the agreement into which it freely entered, and it should face the consequences of its strategic choice. Dismissal under Rule 12(b)(3) is warranted. (*See Arguenta*, 87 F.3d at 324) (forum selection clause can properly be enforced through a motion to dismiss for improper venue under Rule 12(b)(3).)

**D. <u>OKI Has Failed to Allege a Valid Section 17200 Claim</u>**

The Supreme Court's decision in *Bell Atlantic v. Twombly* makes clear that a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (530 U.S. —, 127 S. Ct. at 1964-65.) OKI's third-party complaint against UL fails to meet this minimum pleading standard, and for good reason. OKI can plead no unlawful practice by UL, no violation of a legislatively-enacted standard, no motive, benefit, or reason for UL to discriminate against OKI, no fraudulent activities by UL—because UL committed no such acts. Nothing UL has done is unlawful, unfair, or fraudulent, and this claim should be dismissed without leave to replead.

<u>The Reach of Section 17200 Has Been Significantly Narrowed Under California Law</u>

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Section 17200, simply put, prohibits unfair competition, which is defined as "any unlawful, unfair, or fraudulent business act or practice. . . ." (Cal. Bus. & Prof. C. §17200.) Numerous cases in California state and federal courts have clarified that Section 17200 bars three independent forms of business acts: those that are (1) unlawful; (2) unfair; or (3) fraudulent. (*See, e.g.*, *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (Cal. Ct. App. 2003).)

A claim of unlawful business practices is not a independent legal standard. To the contrary, to state a claim under this test, there must be a violation of another, separate law. (*See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 973 P.2d 527 (Cal. 1999).) As the Supreme Court of California has explained, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." (*Id.*) (citations and quotation marks omitted.)

Unfair business practice claims are less clearly defined. California law on this topic, as the Ninth Circuit has recognized, is "in flux." (*Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007).) Historically, courts analyzing claims of unfair business practices in the consumer context engaged in a balancing test that weighed the impact of the practice or act on its victim against the "reasons, justifications and motives" of the alleged wrongdoer. (*See Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (Cal. Ct. App. 1997).) Since the *Cel-Tech* decision, however, many courts have concluded that a claim of unfair business practices under Section 17200 requires that unfairness "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." (*See Lozano*, 504 F.3d at 735) (citations omitted.) The Ninth Circuit has observed that "*Cel-Tech* effectively rejects the balancing approach," but also noted that both the balancing and "tethering" tests are not mutually exclusive. (*Id.* at 736) ("adopting one standard does not necessitate rejection of the other".) A close reading of *Lozano* strongly suggests that (1) under either test, California law has scaled back the reach of Section 17200 in the consumer context; and (2) use of the balancing test should not preclude a court from considering whether the alleged unfairness is tethered to a legislatively declared policy. (*See id.*)

In federal court, the analysis of claims of fraudulent business practices starts with an

examination of whether the pleader has satisfied the pleading requirements of Rule 9(b). Rule 9(b)'s requirements are not limited to where fraud is an essential element of a claim, but also apply where the claim is "grounded in fraud" or "[sounds] in fraud." (*Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).) A claim is grounded in fraud when the complaint alleges fraudulent conduct and relies on that conduct to prove a claim in which fraud is not a necessary element. (*Id.*) "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)" and must identify "the who, what, where, why, and how of the misconduct alleged." (*Id.*)

Under the foregoing standards, OKI's complaint fails to plead a valid claim. OKI cannot establish, under this or any pleading, that UL violated any laws, acted unfairly contrary to a legislative policy, or committed fraud. (*See*, *e.g.*, *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837-39 (Cal. Ct. App. 2006) (granting demurrer and concluding that failure to disclose a potential product defect to purchasers of automobile was not an unfair practice).)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

<u>OKI has Failed to Identify How UL's Actions are Unlawful</u>

OKI has failed to identify even one statute or law that UL has violated by advising the public of its safety testing results. OKI baldly states that UL has acted unlawfully, but OKI points to nothing in the Action identifying where UL has actually committed an illegal act. "Conclusory allegations of law . . . do not suffice to support a claim." (*Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (9th Cir. 1998).) OKI's "formulaic recitation of the elements of a cause of action" fails to satisfy the requirement that the Action set forth "enough facts to state a claim to relief that is plausible on its face." (*See Twombly*, 530 U.S. at —, 127 S. Ct. at 1960.)

OKI's allegations actually support the conclusion that UL acts within the law. For example, OKI admits that the hose-stream test it criticizes is ***required*** by the United States with respect to glazing materials. (Paragraph 13 of the Counterclaim.) And allowing TGP to reference information from UL, appearing with TGP in marketing videos, and not recognizing listings from Warnock-Hersey cannot even remotely be considered unlawful actions.

Put simply, nothing in this portion of OKI's third-party complaint rises to the level of an

unlawful business practice. UL is entitled to be put on notice of the substance of the claims against it, but OKI has failed to meet its pleading burden. The motion to dismiss should be granted.

OKI Has Failed to Identify How UL Has Acted Unfairly

Under either the tethering or balancing tests for unfair business practices as described above, OKI has failed to allege sufficient facts to state a valid claim under Section 17200. Nothing in the third-party complaint states how UL acted unfairly to consumers or how it acted contrary to a legislatively declared policy. Indeed, the third-party complaint identifies no statute or policy by name. Neither does the third-party complaint state why UL had a motive or stood to benefit from treating OKI's products unfairly.

Turning first to the tethering test, OKI has failed to show the existence of a legislatively declared policy against which UL has acted. To the contrary, this third-party complaint could be a model for *Twombly*'s rule that a "formulaic recitation" of the elements of a cause of action will not suffice to state a valid claim. To be sure, OKI alleges—without distinguishing between the respective actions of UL and TGP—that "Defendants' conduct and actions constitute unfair business practices in that they falsely and misleadingly portray and describe O'Keeffe's products as deficient or unsafe. . . ." (Paragraph 49(b) of the Counterclaim.) But these allegations fail to state ***what*** policy is being violated. Ironically, OKI's allegations actually show that UL is working in support of a legislatively declared policy through its use of the hose stream test, which is required in the Unites States. (Paragraph 13 to the Counterclaim.) Without allegations that show what legislative policy has been violated, UL is left to guess as to the nature of the claims against it.

Similarly, OKI has failed to allege facts sufficient to state a claim for unfair business acts under the balancing test. In addition to the reasons stated above with respect to the tethering test, OKI has completely failed to allege sufficient facts to show why UL would want to harm OKI in favor of TGP. The balancing test weighs the impact of the challenged practice or act on its victim against the "reasons, justifications and motives" of the alleged wrongdoer. (*See Klein*, 59 Cal. App. 4th at 969.) Here, it is obvious that OKI has not pleaded any reasons why UL—a not-for-profit public service entity—would want to choose sides in a commercial dispute between two for-profit



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

competitors. Indeed, OKI's complaint defies both logic and common sense, and this fact dramatically undermines the legal sufficiency of OKI's claims against UL. Without sufficient facts to understand why OKI has alleged that UL is treating it unfairly in favor of TGP, UL is again left to guess as to the nature of the claims against it. This is exactly the result the pleading rules seek to avoid. (*See Twombly*, 530 U.S. at —, 127 S. Ct. at 1960.)

Moreover, even assuming that all of OKI's allegations are true, it is apparent that the services provided to the public by UL far outweigh the purported harm incurred by OKI. At bottom, this dispute arises out of the fact that OKI is unhappy about the safety test results obtained by UL when testing the products of OKI and OKI's competitors. What this dispute really represents is a dispute between OKI's internal engineers and UL regarding testing methodology and the resulting differential in ratings that are communicated to the public. Such a dispute does not give rise to a claim against UL under Section 17200, which "has been used to enjoin deceptive or sharp practices." (*Bernardo v. Planned Parenthood Fed. of Am.*, 115 Cal. App. 4th 322, 354 (Cal. Ct. App. 2004).) Because UL's practices as a not-for-profit public safety organization cannot reasonably be viewed as deceptive or sharp under the facts as pleaded by OKI, the motion to dismiss should be granted. Further, the dismissal should be with prejudice, because OKI cannot plead additional facts to support its untenable theory. OKI is a sophisticated entity represented by competent counsel, and it reasonable to conclude that, if more favorable facts existed in support of OKI's, they would have been included in the third-party complaint against UL.

<u>OKI Has Failed to Plead Fraud with Particularity</u>

OKI has presented a vague attempt to allege fraudulent conduct by UL, but this claim is wholly inadequate and should be dismissed. (Paragraph 49(c) of the Counterclaim.) OKI states in conclusory fashion that TGP and UL's "conduct and actions constitute fraudulent business practices in that they mischaracterize the qualities and utility" of OKI's products. (*Id.*) As explained above, however, the pleading requirements of Rule 9(b) apply to ***all*** claims "grounded in fraud." (*Vess*, 317 F.3d at 1103-04.) Allegations of fraudulent conduct must be stated with particularity, and "the who, what, when, and where must be laid out before access to the discovery process is granted."

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

(*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).) Failure to comply with Rule 9(b) can result in the claim being dismissed. (*Vess*, 317 F.3d at 1107-1108.)

Here, OKI has made only the vaguest allegation of fraud. Missing are any allegations as to when the fraudulent statements were made, whether UL had the intent to defraud, and where the fraudulent statements were made, among other considerations. OKI's attempt to throw yet another theory of recovery at UL in the hope that one of them will stick should be summarily rejected without leave to replead.

OKI Cannot Seek Money Damages Under Section 17200

UL is entitled to dismissal under 12(b)(6) on the independent ground that OKI has wrongly pleaded a claim for money damages under Section 17200. It is well established that Section 17200 does not permit such a claim: "Prevailing plaintiffs [under Section 17200] are generally limited to injunctive relief and restitution. Plaintiffs may not receive damages, much less *treble* damages, or attorney fees." (*See Cel-Tech*, 20 Cal. 4th at 179, 973 P.2d at 538.)

OKI has prominently and vigorously demanded damages in its third-party complaint against UL. (*See* Paragraphs 55 and 59 of the Counterclaim) ("Plaintiff has suffered damages in an amount to be determined at trial"; "O'Keeffe's has been . . . damaged . . . in an amount which is extremely difficult to calculate".) Because a claim for damages is not allowed under Section 17200, UL is entitled to dismissal of OKI's claim for damages.

**E. UL Cannot Be Liable for the Common Law Tort of Unfair Competition Because UL Does Not Compete With OKI**

OKI claims that UL is liable for unfair competition because UL purportedly made various false statements about products produced by OKI or TGP, allowed its marks to be misused by TGP in promoting TGP's products, and appeared in TGP promotional marketing videos discussing the products and the tests used to assess their performance. (Paragraph 57 of the Counterclaim.) The common law tort of unfair competition, however, concerns only "the inequitable pirating of the fruits of another's labor and then either 'palming off' those fruits as one's own (deception) or simply gaining from them an unearned commercial benefit." (*KGB, Inc. v. Ted Giannoulas*, 104 Cal. App.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3d 844, 850 (1980); *accord, PAI Corp. v. Integrated Science Solutions, Inc.*, 2006 U.S. Dist. LEXIS 34828 (N.D. Cal. 2006).) "At common law, deceived consumers had no claim for unfair competition." (Stern, BUS. & PROF.C. §17200 PRACTICE (The Rutter Group 2007) 2-1.) As such, the common law tort strictly concerned business competitors, not non-competitors such as UL.

Under common law unfair competition, a Plaintiff must plead two and possibly three elements to state a valid claim:

1. The plaintiff and defendant were in actual competition with each other;
2. The defendant passed off the goods with fraudulent intent; and (generally)
3. The consumer would likely be confused by the goods in question. (*Am. Auto. Ass'n v. Am. Auto. Owners Ass'n*, 216 Cal. 125, 136 & 142 (1932)[3]; *Lutz v. De Laurentiis*, 211 Cal.App.3d 1317, 1322 (1989).)

Under this standard, OKI's common law unfair competition claim fails, because OKI has not (and cannot) successfully plead any of the other required elements of the tort. ***First***, UL and OKI are not business competitors. OKI manufactures safety glass that it sells to the general public for a profit. In contrast, UL does not sell safety glass to the public; rather, it is a not-for-profit corporation that provides safety ratings on a wide variety of products. ***Second***, UL does not "palm off" any goods of its own as being manufactured by OKI. Indeed, UL does not make any safety glass at all. Because UL does not compete with OKI, the common law unfair competition claim fails as a matter of law and should be dismissed without leave to replead.

\\\\

\\\\

[3] *American Automobile Association* is the last case where the California Supreme Court opined on the common law tort of unfair competition prior to the enactment of the first unfair competition statute in California in 1933.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## IV.

## CONCLUSION

OKI seeks to draw UL, a neutral testing organization that does not compete with OKI, into a business dispute between multiple glass manufacturers by asserting statutory and common law unfair competition claims against UL. Neither of these claims are legally cognizable. Accordingly, UL respectfully requests that the Court dismiss this action in its entirety without leave to amend.

Dated: December 10, 2007

UNDERWRITERS LABORATORIES INC.

By: /s/

Kimball R. Anderson
Daniel F. Bailey
Attorney for Third-Party Defendant
UNDERWRITERS LABORATORIES

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894