1  Kimball R. Anderson (Admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  35 West Wacker Drive
   Chicago, IL 60601-9703
3  Telephone:    312-558-5600
   Facsimile:    312-558-5700
4  Email: kanderson@winston.com

5  Daniel F. Bailey (SBN 205888)
   WINSTON & STRAWN LLP
6  101 California Street
   San Francisco, CA 94111-5894
7  Telephone:    415-591-1000
   Facsimile:    415-591-1400
8  Email: dbailey@winston.com

9  Attorneys for Third-Party Defendant
   UNDERWRITERS LABORATORIES INC.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE BRANCH

14  O'KEEFFE'S, INC.,                    )  **Case No. 07-cv-3535 JF**
                                         )
15           Plaintiff,                  )  **THIRD-PARTY DEFENDANT**
                                         )  **UNDERWRITERS LABORATORIES**
16       v.                              )  **INC.'S OPPOSITION TO PLAINTIFF**
                                         )  **O'KEEFFE'S, INC.'S EX PARTE**
17  TECHNICAL GLASS PRODUCTS;            )  **APPLICATION FOR TEMPORARY**
    ANEMOSTAT; and PILKINGTON PLC,       )  **RESTRAINING ORDER AND ORDER TO**
18                                       )  **SHOW CAUSE RE PRELIMINARY**
             Defendants.                 )  **INJUNCTION**
19  ──────────────────────────────────  )
                                         )  Date:   TBD
20  AND RELATED COUNTERCLAIMS.           )  Time:   TBD
                                         )  Place:  Courtroom 3, 5th Floor
21  ──────────────────────────────────  )  The Honorable Jeremy Fogel
                                         )
22

23                           **I.**

24                      **INTRODUCTION**

25       O'Keeffe's, Inc.'s ("OKI") motion for temporary and preliminary injunctive relief is not

26  well-founded and should be denied for several reasons.

27       First, the purpose of temporary and/or preliminary injunctive relief is to preserve the *status*

28  *quo* while the merits of a case can be determined at trial (or other summary disposition provided by

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

1    the federal rules). Here, the *status quo* is that OKI's license to use the UL mark expired some time

2    ago and that OKI is now a willful infringer of UL's federally-registered marks. OKI cannot credibly

3    claim that it is seeking to preserve the *status quo*. Rather, it seeks the Court's assistance in rewriting

4    its license agreement with UL and retroactively reinstating a license that OKI let lapse.

5        Second, although the purpose of preliminary and injunctive relief is to preserve the *status*

6    *quo* until the merits of this dispute can be resolved by trial (or other summary disposition provided

7    by the Federal Rules of Civil Procedure), the merits of the dispute as framed by OKI's Third-Party

8    Complaint do not concern whether UL properly terminated OKI's license to use UL's marks or

9    otherwise engaged in retaliatory conduct. OKI's Third-Party Complaint contains no allegations

10   pertaining to UL's exercise of its contractual right to terminate the license. Rather, the merits of

11   OKI's Third-Party Complaint are grounded on OKI's allegations that UL should have given OKI's

12   products a higher safety rating in the first instance and that UL's actions with respect to certification

13   of OKI and its competitor's products violate California's unfair competition laws.  (Third-Party

14   Complaint, at 16-19, 21-25.) Thus, the extraordinary relief requested by OKI in its Motion For TRO

15   does not involve the merits of the dispute before this Court and therefore the preliminary relief OKI

16   seeks cannot be had.

17       Third, OKI's request for temporary and preliminary injunctive relief studiously ignores the

18   contract governing OKI's now-expired license to use UL's marks. Paragraph 7.1 of the September

19   9, 2005 Agreement between UL and OKI (Ex. A to the Rego Declaration filed in support of UL's

20   12/10/07 Motion To Dismiss for lack of subject matter jurisdiction, etc.), states:

> Either party may terminate this Agreement, with or without cause,
> at any time upon thirty (30) days prior written notice to the other
> party.   Any termination notice shall specify the proposed
> termination date.  The parties agree that any notice of termination
> shall be sufficient if sent by registered or certified mail addressed
> to either UL (with copies to UL's Corporate Secretary and General
> Counsel) or Subscriber at his last known address.   The notice
> period shall begin on the date a party deposits the notice in the
> mail, properly addressed and postage prepaid.

UL fully complied with this contract provision. OKI does not contend otherwise. OKI waited well

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

1    after the thirty-day period expired, without protest, and filed its misguided motion for *ex parte* TRO

2    (without any notice to UL or its counsel) well after the close of business on Friday, January 11,

3    2008—apparently hoping for some kind of ambush procedural advantage.

4        Fourth, OKI's cries of "irreparable harm" do not survive scrutiny.

5        Fifth, for the reasons explained in UL's Motion To Dismiss filed December 10, 2007, this

6    Court lacks subject matter jurisdiction. Lacking subject matter jurisdiction, this Court should not

7    alter the *status quo* as requested by OKI.

8

9                                            **II.**

10                                     **ARGUMENT**

11    **A.    OKI Seeks To Alter, Not Preserve, The *Status Quo*.**

12        The primary purpose of a preliminary injunction is to preserve the *status quo* pending a

13    determination of the action on its merits. (*Chalk v. United States District Court*, 840 F.2d 701, 704

14    (9th Cir. 1988).) OKI seeks to reinstate an Agreement that expired at the end of 2007. OKI thus

15    seeks what some courts characterize as a mandatory injunction that alters the *status quo*. Such

16    requests for relief are subject to very high scrutiny and carry a heavy burden of persuasion. (*Tom

17    Doherty Assocs., Inc. v. Saban Entmt., Inc.*, 60 F.3d 27, 32-33 (2d Cir. 1995). Such relief "should

18    not be issued unless the facts and law clearly favor the moving party." (*Dahl v. HEM Pharms.

19    Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Here, OKI has not sustained this heavy burden.

20        OKI plainly sat on its hands and moved for a TRO after the Agreement already terminated.

21    Such an unexplained delay in seeking preliminary injunctive relief undermines the credibility of

22    claims that the moving party will suffer irreparable injury and typically defeats the issuance of

23    emergency equitable relief. *See Miller v. California Pacific Medical Center*, 991 F.2d 536, 544 (9th

24    Cir. 1993).

25    ///

26    ///

27    ///

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

                                              3

1

2

**B.      The Merits Of The Dispute As Framed By OKI's Third-Party Complaint Are Not Directed At The Termination Of OKI's License To Use UL's Marks.**

This case concerns a patent infringement dispute between competing fire safety glass manufacturers. At issue was the recent patent[1] awarded to OKI (the "Patent") and whether any of the products involved infringe the Patent. OKI alleges that Technical Glass Products ("TGP"), Anemostat, and Pilkington, PLC infringe the Patent by either fabricating, selling, or fabricating and selling infringing window products. Since the USPTO has decided to reexamine whether the Patent should have been granted to OKI in the first place, this Court has stayed the patent infringement dispute.

Despite the patent case being stayed, OKI is attempting to expand this litigation into an unfair competition dispute between OKI and TGP concerning TGP's treatment of OKI's products. And, in a further attempt at expansion, OKI filed a Third-Party Complaint dragging UL into this dispute between glass manufacturers. In its Third-Party Complaint against UL, the litigious OKI alleges that UL engaged in common law unfair competition and statutory unfair competition pursuant to Cal. Bus. & Prof. Code Section 17200 ("Section 17200"). OKI contends that UL should have given OKI's products a higher safety rating in the first instance and that UL's actions with respect to certification of OKI and its competitor's products violate California's unfair competition laws. But as is readily apparent, none of these claims raise the issue of whether UL improperly terminated OKI's contractual license to use UL's marks as a form of retaliation.

It is black-letter law that an injunction cannot grant relief that is not requested in a complaint. An injunction is "an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief *sought by a complaint* in more than temporary fashion." (*Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989) (emphasis added.) An injunction cannot be had if the relief requested is "not of the same character that could be granted finally." (*Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). In other words, a preliminary injunction cannot properly be granted if it awards relief that the moving party never

[1] U.S. Patent No. 7090906 issued to OKI in 2006.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4

1   sought in its complaint. (*See id.*)

2       In this case, if OKI proves that UL is unfairly competing under either claim, OKI may be

3   entitled to legal remedies such as costs or an injunction prohibiting UL from unfairly competing with

4   respect to its certification actions. OKI is not, however, entitled to pursue the equitable relief it

5   seeks in its Motion For TRO because it failed to ask for such relief in its Third-Party Complaint.

6   Consequently, OKI's application for TRO fails because it seeks preliminary relief that cannot be had

7   based on the current claims asserted against UL.

8

9   **C.    OKI Has Not Demonstrated A Probability Of Success On Its Nonexistent Breach of
        Contract Claim.**

10      To obtain preliminary injunctive relief, the moving party must show that it is likely to

11  prevail on the merits. (*Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 665 (2004).)  If

12  OKI had brought a breach of contract claim, or wrongful termination claim, which it disclaims, OKI

13  would have no chance of prevailing on such a claim because it expressly agreed in its contract with

14  UL that either party could cancel without cause upon thirty days written notice.

15      The Agreement expressly addresses how and why the Agreement may be terminated.

16  Section 7.1 reads: "[e]ither party may terminate this Agreement, *with or without cause,* at any time

17  upon thirty (30) days prior written notice." (Emphasis added.)  UL properly invoked this section by

18  sending the required letter providing thirty (30) days prior written notice.  OKI let the thirty (30)-day

19  period lapse without taking action.

20      OKI does not contend that UL failed to follow Section 7.1 of the Agreement.  Instead OKI

21  vaguely argues that UL somehow violated its implied duty of good faith and fair dealing.  OKI

22  misunderstands the doctrine that every contract is to be construed in accordance with an implied

23  covenant of good faith and fair dealing.  That doctrine does not permit a court to rewrite a contract

24  by deleting the words "without cause" and inserting the words "for cause," as OKI would have the

25  Court do. (*Union Pac. R.R. v. Mower*, 219 F.3d 1069 (9th Cir. 2000) (implied duty cannot supplant

26  express contractual terms).)

27      Moreover, OKI's reliance on cases such as *Germon v. The Times Mirror Co.*, 520 F.2d 786

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5

THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF
O'KEEFFE'S, INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE PRELIMINARY INJUNCTION

(9th Cir. 1975), is wholly misplaced.  *Germon* suggests that cancelling a contract pursuant to a termination clause may be enjoined if "the contractual clause relied upon [was] being used to foster an unlawful competitive scheme." 520 F.2d at 788.  UL does not compete at all with OKI.  OKI is a for-profit company apparently engaged in the business of selling safety glass.  UL, in contrast, is a not-for-profit company that promulgates safety standards and tests products for compliance with those standards.   OKI may be unhappy that its products do not pass muster under UL's standards or that its competitor's products have passed muster, but that hardly brings the facts of this case within the ambit of the cases relied on by OKI.

### D.    OKI Has Failed To Establish The Other Elements Necessary For Temporary And Preliminary Injunctive Relief.

"The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." (*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).)  Here, OKI fails to make the necessary showing.  The expiration of OKI's license to use UL's marks will not prevent OKI from selling its products.  OKI offers no reason why OKI cannot turn to other rating agencies such as ETL or Warnock-Hersey other than that doing so will cost OKI additional funds.  In fact, OKI admits that it already has certain products certified by Warnock-Hersey rather than UL.  And, to the extent that OKI argues that it can sell more product with the UL mark, then any such sales are easily quantifiable and therefore compensable by money damages (assuming the existence of a viable claim that, unlike Section 17200, can support money damages).  OKI's claim for loss of goodwill and reputation also can be compensated by money damages. *See, e.g., Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

### E.    This Court Lacks Subject Matter Jurisdiction Necessary To Issue The Relief Requested.

For the reasons explained in UL's Motion To Dismiss filed December 10, 2007, this Court lacks subject matter jurisdiction.  Lacking subject matter jurisdiction, this Court should not attempt to alter the *status quo* as requested by OKI.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

**F.**     **OKI's _Ex Parte_ Application and Bernhard's Declaration Contain Inaccuracies.**

2     Although perhaps extraneous to the relief requested by OKI, UL must alert the Court to the

3     factual inaccuracies contained in OKI's _Ex Parte_ Application for Temporary Restraining Order and

4     Order to Show Cause (the "Application") as well as in Bernhard's Declaration.

5     In the Application, Bernhard claims he personally "advised counsel for UL that such an _ex_

6     _parte_ request [for Temporary Restraining Order] will be made to this Court."  Contrary to

7     Bernhard's assertion, he never advised counsel for UL that he would be seeking a Temporary

8     Restraining Order on an _ex parte_ basis.  The first notice UL received of the Application was when

9     this Court provided electronic notice of the filings late on Friday evening.  (Declaration of Daniel F.

10    Bailey in Support of Third-Party Defendant Underwriters Laboratories Inc.'s Opposition to Plaintiff

11    O'Keeffe's, Inc.'s _Ex Parte_ Application for Temporary Restraining Order and Order to Show Cause

12    re Preliminary Injunction ¶¶ 4-5; Declaration of Kimball R. Anderson in Support of Third-Party

13    Defendant Underwriters Laboratories Inc.'s Opposition to Plaintiff O'Keeffe's, Inc.'s _Ex Parte_

14    Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction

15    ("Anderson Decl.") ¶¶ 4-5.)

16    In Bernhard's Declaration, Bernhard also claims that counsel for UL threatened OKI with

17    retaliation if OKI did not drop its suit against UL.  This is untrue, as was pointed out in an e-mail to

18    Bernhard subsequent to his conversation with counsel for UL.  (Anderson Decl. ¶ 6 and Ex. A.)

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

_Winston & Strawn LLP_
_101 California Street_
_San Francisco, CA 94111-5894_

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## III.

## CONCLUSION

OKI's request for temporary and preliminary injunctive relief is not well-founded and should be denied.

Dated:  January 16, 2008                    UNDERWRITERS LABORATORIES, INC.

By: _____
Kimball Anderson
Daniel F. Bailey
Attorneys for Third-Party Defendant
UNDERWRITERS LABORATORIES

SF:193319.6

THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF
O'KEEFFE'S, INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE RE PRELIMINARY INJUNCTION