Kimball R. Anderson (Admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone:    312-558-5600
Facsimile:    312-558-5700
Email: kanderson@winston.com

Daniel F. Bailey (SBN 205888)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: dbailey@winston.com

Attorneys for Third-Party Defendant
UNDERWRITERS LABORATORIES INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE BRANCH

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS; ANEMOSTAT; and PILKINTON PLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 07-3535 JF <br><br> DECLARATION OF KIMBALL R. ANDERSON IN SUPPORT OF THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF O'KEEFFE'S INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION <br><br> Date:   TBD <br> Time:   TBD <br> Place:  Courtroom 3, 5th Floor <br> The Honorable Jeremy Fogel |

I, KIMBALL R. ANDERSON, declare and state:

1.  I am a duly licensed attorney at law and I am authorized to practice before the Federal District Court for the Northern District of California on a *pro hac vice* basis.

2.  I am a partner with and General Counsel to the firm of Winston & Strawn LLP, counsel to Third-Party Defendant Underwriters Laboratories Inc ("UL") in the above-captioned matter.

1

DECLARATION OF KIMBALL R. ANDERSON ISO OF THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF O'KEEFFE'S INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

3. I have personal knowledge of the facts stated in this Declaration. If called to testify to these facts, I could and would do so competently and truthfully.

4. Daniel T. Bernhard ("Bernhard"), counsel for Plaintiff O'Keeffe's Inc ("OKI"), claims in Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause (the "Application") that he "advised counsel for UL that such an ex parte request [for Temporary Restraining Order] will be made to this Court"

5. Contrary to Bernhard's assertion, he never advised me that he would be seeking a Temporary Restraining Order on an ex parte or noticed motion basis.

6. Bernhard claims in his declaration that I threatened OKI with retaliation if OKI did not drop this suit against UL. This is untrue. When Bernhard first made this untrue assertion, I pointed corrected him in an email to subsequent to our conversation. See attached to this declaration as Exhibit A and incorporated herein by reference a true and correct copy of my November 23rd email.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this Declaration on this 16th day of January 2008 at Chicago, Illinois.

_____
Kimball R. Anderson

SF:193817.1

2
DECLARATION OF KIMBALL R. ANDERSON ISO OF THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF O'KEEFFE'S INC.'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION



## Anderson, Kimball

| | |
|---|---|
| **From:** | Anderson, Kimball |
| **Sent:** | Friday, November 23, 2007 12:06 PM |
| **To:** | 'Daniel Bernhard' |
| **Cc:** | Bailey, Daniel |
| **Subject:** | RE: O'Keeffe's v. TGP, et al -- UL |

Thank you for your letter dated Nov. 21, 2007. A few comments should suffice.

1. I never threatened retaliation. I only pointed out that UL has the contract right to not do business with people who file frivolous lawsuits.
2. Your offer to extend until 12/10 the time for UL to answer or otherwise plead was not conditioned in any way. My SF colleague, Dan Bailey, accepted your unconditional offer. If you want to retract your stipulation, you should petition the court.
3. I asked for a simple "yes" or "no" to my question of whether your client would voluntarily dismiss UL from the lawsuit. I never requested a lecture. I will accept your response as a "no." UL will govern itself accordingly.
4. You are welcome to submit a settlement offer. As I stated previously, however, you will be wasting your time if your settlement offer involves payment of money by UL or preferential treatment of your client.

---

**From:** Daniel Bernhard [mailto:bernhard@freelandlaw.com]
**Sent:** Wednesday, November 21, 2007 3:50 PM
**To:** Anderson, Kimball; Bailey, Daniel
**Subject:** O'Keeffe's v. TGP, et al -- UL
**Importance:** High

See attached letter.

<<3496_001.pdf>>

1/16/2008