**E-Filed 01/18/08**

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON, PLC. <br><br> Defendant. | Case Number C 07-03535 JF <br><br> ORDER[1] DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION <br><br> [re: docket no. 68] |

     The Court has received Plaintiff's application for a temporary restraining order ("TRO") filed January 11, 2008 and third-party Defendant Underwriters Laboratories ("UL") opposition thereto filed January 16, 2008. For the reasons discussed below, the application for a TRO will be denied and Plaintiff's motion for preliminary injunction will be set for hearing on February 1, 2008 at 9:00 a.m.

**I. BACKGROUND**

     The approval and installation of architectural glazing in locations which are either fire or safety rated is highly regulated by code and by local building officials. Where there is a risk of human impact (for example, when dealing with doors and immediately adjacent areas) glazing

---

[1]     This disposition is not designated for publication and may not be cited.

generally must meet impact standards, such as the ability to withstand up to 400 foot-pounds of force. Similarly, when fire resistance is important (for example, when dealing with a fire corridor) glazing generally must meet standards that reflect an ability to resist or protect against fire for periods such as twenty, forty-five, sixty, or ninety minutes. Local building officials generally do not perform tests for impact-safety or fire protection/resistance on a construction site. Rather, building codes call for a "listed" or "rated" product, upon which the logo of an accredited listing or rating agency is permanently affixed. There are two such major recognized listing and rating organizations in the United States. UL is the largest and most recognized of these organizations.

Plaintiff is the owner of U.S. Patent No. 7,090,906 ("the '906 patent") entitled, "Fire-Resistant Safety Glass," which is directed at a filmed wire glass product that is sufficiently impact safe and fire resistant to meet various government safety and fire code requirements. Complaint ¶ 9. Plaintiff markets this product as SuperLite I-W. *Id.* Defendants are competitors in the wired glass manufacturing industry. *Id.* at ¶ 10. TGP fabricates, markets and sells a product known as PyroShield NT. *Id.* at ¶ 13. Anemostat fabricates, markets and/or sells a product knows as SAFE-Wire. *Id.* at ¶ 15.

Plaintiff sued Defendants for infringement of the '906 patent on July 6, 2007.[2] Anemostat filed an answer denying Plaintiff's allegations of patent infringement and asserting affirmative defenses and counterclaims related to the '906 patent, including non-infringement, invalidity and unenforceability. TGP filed a similar answer and counterclaims and also asserted additional counterclaims relating to trademark infringement and unfair competition based on Plaintiff's SuperLite I-XL product, including a claim that Plaintiff improperly was using the fire rating listing of UL in an unfair and anti-competitive manner–allegedly with UL's active participation and assistance. Plaintiff alleges that in response to TGP's counterclaim, UL told Plaintiff to drop its suit or "UL will terminate your listing, and you wont be able to sell your glass

---

[2] The instant action is stayed in part with respect to all of the claims and counterclaims related to the '906 patent pending the reexamination proceedings before the United States Patent and Trademark Office or until further order of the Court.

2

Case No. C 07-03535 JF
ORDER DENYING PLAINTIFF'S APPLICATION FOR A TRO ETC.
(JFLC3)

to anyone." TRO Motion, pg. 1. On November 28, 2007, UL cancelled Plaintiff's listing. Plaintiff seeks a TRO enjoining UL's cancellation of its listing. Plaintiff argues that if injunctive relief is not granted it will suffer immediate and irreparable injury.

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

UL sent Plaintiff a notice of termination on November 28, 2007. Plaintiff does not explain why it did not seek a TRO sooner. Based upon the limited evidence before it, the Court is not persuaded that Plaintiff will suffer irreparable injury if a TRO is not issued immediately. The Court is to prepared to hear Plaintiff's motion for a preliminary injunction in the very near future. Accordingly, the application will be denied.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

(1) Plaintiff's application for a TRO is DENIED;

(2) Plaintiff's motion for preliminary injunction is set for hearing on February 1, 2008 at 9:00 a.m. Each party may file a supplemental brief in support of or in opposition to the motion for preliminary injunction, not to exceed fifteen (15) pages in length, on or before January 25, 2008.

DATED: January 18, 2008

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 07-03535 JF
ORDER DENYING PLAINTIFF'S APPLICATION FOR A TRO ETC.
(JFLC3)

1 | This Order has been served on the following persons:

2 | Daniel T. Bernhard
3 | bernhard@freelandlaw.com

4 |
5 | Jeffrey Stewart Love
  | jeffrey.love@klarquist.com
6 |

7 | David John Massey Pitman
  | dpitman@fulpat.com
8 |

9 | Kimball Anderson
  | kanderson@winston.com
10 |

11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

4

Case No. C 07-03535 JF
ORDER DENYING PLAINTIFF'S APPLICATION FOR A TRO ETC.
(JFLC3)