Kimball R. Anderson (Admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone:  312-558-5600
Facsimile:  312-558-5700
Email: kanderson@winston.com

Daniel F. Bailey (SBN 205888)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:  415-591-1000
Facsimile:  415-591-1400
Email: dbailey@winston.com

Attorneys for Third-Party Defendant
UNDERWRITERS LABORATORIES INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE BRANCH

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS; ANEMOSTAT; and PILKINTON PLC, <br><br> Defendants. <br><br> O'KEEFFE'S, INC., <br><br> Counterclaimant, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS, Counterdefendant; and UNDERWRITERS LABORATORIES INC., Third-Party Defendant. | Case No. 07-cv-3535 JF <br><br> **REPLY BRIEF IN SUPPORT OF DISMISSAL OF O'KEEFFE'S, INC.'S THIRD PARTY COMPLAINT AGAINST UNDERWRITERS LABORATORIES, INC.** <br><br> Date: February 1, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 3, 5th Floor <br> The Honorable Jeremy Fogel |

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S REPLY BRIEF**

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 3

    A. OKI Has Failed to Show the Existence of Subject Matter Jurisdiction ....................... 3

    B. The Venue Clause is Valid and Binding ...................................................................... 8

    C. OKI Has Not Pleaded a Valid Unfair Competition Claim .......................................... 11

    D. OKI's Due Process and Breach of Contract Arguments Are Irrelevant ..................... 14

    E. Dismissal Should Be With Prejudice .......................................................................... 14

III. CONCLUSION ................................................................................................................... 14

# **TABLE OF AUTHORITES**

Page(s)

*Angsten v. Blameuser*
2005 WL 3095513 (N.D. Ill. Nov. 16, 2005) .......................................................... 5, 6

*American Home Assurance Co. v. TGL Container Lines, Ltd.*
347 F.Supp.2d 749 (N.D. Cal. 2004) ...................................................................... 11

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007) ............................................................................................ 12

*Broam v. Bogan*
320 F.3d 1023 (9th Cir. 2003) ................................................................................ 14

*Docksider, Ltd. v. Sea Tech., Ltd.*
875 F.2d 762 (9th Cir. 1989) .................................................................................... 9

*Family Home & Finance Ctr., Inc. v. Federal Home Loan Mortgage Corp.*
461 F.Supp.2d 1188 (C.D. Cal 2006) ..................................................................... 13

*Federal Sav. and Loan Insurance Corp. v. Ferrante*
364 F.3d 1037 (9th Cir. 2004) .................................................................................. 6

*Feezor v. Tesstabs Ops. Gp., Inc.*
No. 07-840, 2007 WL 4410262 (S.D. Cal. 2007) .................................................... 7

*Galt G/S v. Hapag-Lloyd A.G.*
60 F.3d 1370 (9th Cir. 1995) ................................................................................ 6, 8

*Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*
949 F.Supp. 1427 (N.D. Cal. 1997) ........................................................................ 10

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*
817 F.2d 75 (9th Cir. 1987) ................................................................................... 8, 9

*Kirschner v. Klemons*
225 F.3d 227 (2nd Cir. 2000) ................................................................................... 6

*Koken v. Stateco Inc.*
No. 05-03007, 2006 WL 2918050 (N.D. Cal. 2006) ................................... 8, 10, 11

*In re Lemco Gypsum, Inc.*
910 F.2d 784 (11th Cir. 1990) .................................................................................. 6

*Lozano v. AT&T Wireless Services, Inc*
504 F.3d 718 (9th Cir. 2007) .............................................................................. 7, 12

*Manetti-Farrow, Inc. v. Gucci American, Inc.*
858 F.2d 509 (9th Cir. 1988) ................................................................................... 10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*PAI Corp. v. Integrated Science Solutions, Inc.*
  2006 U.S. Dist. LEXIS 34828 (N.D. Cal. 2006) ............................................................. 13

*Perfect 10, Inc. v. Visa Intern. Service Association*
  494 F.3d 788 (9th Cir. 2007) ....................................................................................... 12

*Transitional Hosps. Corp. v. DBL N. Am., Inc.*
  2002 WL 27767 (E.D. La. 2002) .................................................................................. 6

*Vess v. Ciba-Geigy Corp. U.S.A.*
  317 F.3d 1097 (9th Cir. 2003) ..................................................................................... 13

*Vogt-Nem, Inc. v. M/V Tramper*
  263 F.Supp.2d 1226 (N.D. Cal. 2002) ..................................................................... 9, 11

*Won Woong Im v. Jin Const.*
  No. 04-01038, 2004 WL 2203473 (N.D. Cal. 2004) ..................................................... 7

*Weiner v. McCoon*
  No. 06-1328, 2007 WL 2782843 (S.D. Cal. 2007) ....................................................... 7

*Williams v. WMX Techs., Inc.*
  112 F.3d 175 (5th Cir. 1997) ....................................................................................... 13

**STATE CASES**

*American Automobile Association v. American Automobile Owners Association*
  216 Cal. 125 (1932) .................................................................................................... 14

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# I.
# INTRODUCTION

O'Keeffe's ("OKI") response to the Motion to Dismiss of Underwriters Laboratories ("UL") mirrors the quixotic nature of its third-party action. Time and again, OKI misrepresents UL's arguments, misconstrues (or flatly misstates) governing precedent, ignores fundamental principles of jurisdiction, and bends the rules of procedure—all in a misguided effort to obtain success in the marketplace by judicial shortcut. In the process, OKI seeks to transform this action from a narrow competitors' dispute into a broad-based and spurious assault on UL's testing procedures in an attempt to shoehorn UL into an inappropriate forum on baseless charges. This Court should recognize the many fatal defects of OKI's third-party action and dismiss those claims with prejudice.

Most fundamentally, OKI has failed to demonstrate the existence of subject matter jurisdiction for its claims against UL. Quite simply, OKI's third-party claims are not within the judicial power of the Court, because they are not so related to the predominant patent and trademark claims at the heart of this dispute as to form part of the same case or controversy under the Constitution. This action involves two distinct disputes: the first is the clash between OKI and Technical Glass Products ("TGP") over how each party's products are represented in the marketplace, and the second is OKI's wholly distinct complaint relating to UL's testing and licensing methods and justifiable refusal to issue unwarranted safety ratings for some of OKI's products. Because of the dissimilarity between these two disputes, jurisdiction for the third-party claims cannot rest on the federal claims asserted in this action. And even if jurisdiction somehow existed over these supplemental claims, the Court should exercise its discretion under 28 U.S.C. § 1367(1) and decline to assert jurisdiction in the face of unsettled issues of California law that, less than four months ago, the Ninth Circuit described as "in flux."

Nor has OKI responded adequately to UL's venue arguments. Venue clauses are routinely enforced in this Circuit for all claims related to the underlying agreement. Contrary to OKI's assertion that the venue clause here is permissive, courts in this Circuit have treated clauses with nearly identical language as mandatory. Further, OKI's claims against UL are related to its agreement with UL such that the venue provision controls and, as shown below, OKI's arguments

1

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S**
**REPLY BRIEF**

concerning the doctrine of "ancillary venue" have no relevance to this case.

On the merits, OKI's response falls completely flat. OKI states its view of the standards for notice pleading, but in the process fails to rebut the points raised by UL and makes no serious effort to demonstrate how OKI has pleaded an adequate claim under either Section 17200 or the common law, especially in the light of *Twombly*. Making scant reference to its Complaint, OKI blithely declares that it has properly pleaded its claims. But the converse is true. Regarding its Section 17200 claim, OKI has not alleged that UL's conduct was unlawful, unfair, or fraudulent. OKI points to no law that UL has violated, nor has OKI addressed the two standards in California that govern claims of unfair conduct under Section 17200: OKI has not alleged that UL's actions are tethered to any legislatively-declared policy or, conversely, that the purported harm to competition from UL's actions outweighs the justifications or motives of UL in the discharge of its safety duties. Similarly, OKI has utterly misstated the law in this Circuit with respect the pleading requirements for Section 17200 claims grounded in fraud, which plainly holds that claims of fraudulent conduct under Section 17200 must be pleaded with the particularity required by Federal Rule of Civil Procedure 9(b). And as to its common-law unfair competition claim, OKI has once again completely misstated precedent and ignored the rule that the common-law unfair competition tort applies only to parties in actual competition.

Finally, OKI—in a transparent bid to rescue its baseless action against UL—has impermissibly raised two entirely new claims for relief in its opposition. Yet it is settled that a party cannot resuscitate a complaint under threat of dismissal by raising new theories of relief in its opposition papers. OKI's new breach of contract and due process claims are nowhere found in its Third-Party Complaint, and for this reason alone should be completely ignored.

For these reasons, as set forth more fully below and in UL's opening memorandum, the motion to dismiss should be granted with prejudice.

2

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S**
**REPLY BRIEF**

## II.
## ARGUMENT

### A. OKI Has Failed to Show the Existence of Subject Matter Jurisdiction

Supplemental Jurisdiction Is Lacking For These Claims

OKI has failed to show why this dispute among business competitors somehow justifies the exercise of federal jurisdiction over two state-law claims against an entirely separate, not-for-profit entity that does not compete with either party. In its response, OKI continues to muddy the waters by attempting to portray UL as an integral part of a dispute that, at its heart, concerns matters of intellectual property. But UL is not an integral part of this dispute: OKI's grievance over UL's testing methods and refusal to bend the rules to benefit OKI is not sufficiently related to the dispute over patents, trademarks, and how OKI and TGP have portrayed each other's products in the marketplace to justify the exercise of supplemental jurisdiction. Nor should OKI's misguided "judicial efficiency" argument be given any credit, because efficiency alone is not a source of judicial power, and any efficiencies in keeping these claims alive in this action would be very slight. Finally, even if the Court has the power to hear these claims, it should decline to exercise jurisdiction due to the unsettled nature of California's unfair competition law.

To begin, OKI has misrepresented the arguments in UL's opening brief. Contrary to OKI's response (*e.g.*, Opp. at 4), UL did not state that this action concerns *only* patents and trademarks. To the contrary, UL argued that this action is *primarily* about an intellectual property dispute between OKI and TGP. (Mem. of UL, at 6.) UL pointed out that OKI's original complaint relates only to alleged patent infringement. Similarly, TGP's federal law counterclaims, which are the only claims that are relevant to UL's jurisdiction argument, focus on OKI's alleged misuse of TGP's intellectual property and OKI's representations concerning its own products in the marketplace. For example, TGP's sixth counterclaim, brought under 15 U.S.C. § 1125(a), asserts, among other things, that "O'Keeffe's advertising statements . . . are materially false and misleading" and "O'Keeffe's is misleading its customers. . . ." (Counterclaims of TGP, ¶¶ 88, 91.)

It is important to state this procedural history accurately, because its goes directly to whether the original *federal* law claims in this action will support jurisdiction over OKI's third-party claims

3

against UL. As UL explained in its opening memorandum, jurisdiction for OKI's third-party claims must rest, if anywhere, on 28 U.S.C. § 1367(a), which allows for supplemental jurisdiction over claims like these only upon a showing that they are "so related to claims in the action *within such original jurisdiction* that they form part of the same case or controversy" under the Constitution. (28 U.S.C. § 1367(a) (emphasis added).) Only when OKI dragged UL into this purely commercial dispute—through state-law claims that, OKI's statements to the contrary, are not compulsory under the Federal Rules of Civil Procedure—did the issue of the validity of UL's testing procedures, labeling, and treatment of OKI arise. TGP did not raise those issues, and certainly neither did UL. It was OKI who attempted to transform its intellectual property dispute with TGP into "a broad unfair competition case," and OKI bears the burden of showing that its counterclaims are "so related" to the original claims that they form one constitutional case. As explained below, OKI cannot show this requisite close connection.

OKI wrongly contends that the "same facts, issues and evidence must be litigated as to TGP and UL" with respect to its claims against UL (Opp. at 7). Not so. UL obviously has nothing to do with the patent and trademark claims in this action, and OKI does not contend to the contrary. As to the unfair competition counterclaim of TGP, only the federal law component of that counterclaim is relevant to the jurisdiction issue, because supplemental jurisdiction can only flow from the relation of those ancillary claims to claims in the action that are within the original jurisdiction of the court. (28 U.S.C. § 1367(a).) And as is readily apparent, TGP's sixth counterclaim under the Lanham Act concerns only whether OKI is describing its own products accurately in the marketplace and properly using the Warnock-Hersey label, not whether the standards for testing of fire-safety glazing nationwide should be reexamined in wholesale fashion.

In contrast, OKI's claims against UL, which are brought under state law and do not include a Lanham Act claim, seek to expand dramatically the scope of this litigation from a dispute over intellectual property and advertising to a broad assault on UL's testing standards and refusal to give a better safety rating to OKI. The schizophrenic nature of the claims against UL show that OKI's claim is truly based on its inability to meet UL's standards and the resulting effect this allegedly has

4

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S REPLY BRIEF**

on OKI's sales. OKI claims that UL uses an "obsolete" hose-stream test (despite admitting that "the United States . . . requires the hose-stream test for fire protective glazing" (Counterclaim, ¶ 13)), but it also complains that UL treats OKI "unequally" and does not "follow its own rules." (Opp. at 1, 13.) These claims of inaccurate test procedures and unfair treatment by UL are simply not sufficiently related to the claims within the original jurisdiction of the Court—which concern patents, trademarks, and the parties' advertising practices—to justify the exercise of supplemental jurisdiction.

This conclusion is supported by another fact: a casual similarity of claims is insufficient to support supplemental jurisdiction. To support supplemental jurisdiction, the operative facts of the supplemental claims must be so related to the original claims that they form one constitutional case. (28 U.S.C. § 1367(a).) For OKI to prove its claims against UL, it must rely on facts and witnesses that are significantly different from that required to prove its claims against the other defendants. For example, to prove that UL's testing methods are flawed, or to prove that UL has treated OKI unfairly, OKI will need to question UL's employees and rely on UL's documents. In contrast, to prove that TGP and the other defendants have misused OKI's intellectual property and misrepresented their own and OKI's products, OKI needs to rely on an entirely separate body of evidence, including TGP's and OKI's employees and documents. This dissimilarity of evidence shows that the claims against UL are not closely enough related to the original claims to justify the assertion of supplemental jurisdiction.

Other courts have agreed that a dissimilarity in operative facts prevents the existence of supplemental jurisdiction. In *Angsten v. Blameuser*, the plaintiff asserted several supplemental state-law claims in a federal court action in which the plaintiff alleged that the local sheriff refused to intervene in a neighbors' dispute. (No. 05-4254, 2005 WL 3095513 (N.D. Ill. Nov. 16, 2005).) The purported basis for supplemental jurisdiction over the state-law claims, which were asserted against the offending neighbors, was that the supplemental claims were so related to the underlying lawsuit that they formed one constitutional case. The court granted a motion to dismiss for lack of subject matter jurisdiction and held that the claims were not closely enough related to justify jurisdiction,

5

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S
REPLY BRIEF**

because the "factual investigation and evidentiary support required to succeed on the [state-law] tort claims will go far beyond what is required for the [federal] claim, which focuses on the [other party's] conduct and rationale." (*Id.* at *5 (citation omitted).) Significantly, the court noted that "[i]f the federal claim was resolved, the state-law claims could continue unaffected, and vice versa." (*Id.*)

As in *Angsten*, the "factual investigation and evidentiary support" needed to prove OKI's claims against UL would "go far beyond what is required" to prove the other, original claims in this action. Moreover, resolution of the original claims would not affect the resolution of the claims against UL, which, although fatally defective for the other reasons in UL's motion to dismiss, do not depend on OKI's other claims for their survival. OKI's dispute with UL over its testing procedures, methods, and refusal to list OKI's products more favorably is simply a separate matter, and this Court should refuse to exercise jurisdiction over these claims. (*See also Galt G/S v. Hapag-Lloyd A.G.*, 60 F.3d 1370, 1374 (9th Cir. 1995) (claims that related to events separated in time and involving actions by different entities were not so related as to be part of the same case or controversy); *Fed. Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1039 (9th Cir. 2004) (no supplemental jurisdiction for a law firm's fee claim that it asserted was related to the underlying matter in which the fees were generated); *Transitional Hosps. Corp. v. DBL N. Am., Inc.*, 2002 WL 27767, at *3 (E.D. La. Jan. 8, 2002) (no supplemental jurisdiction for overpayment claim related to underlying health insurance dispute); *Kirschner v. Klemons*, 225 F.3d 227 (2d Cir. 2000) (no supplemental jurisdiction over state-law tort claims arising from licensing board dispute between two dentists).)

OKI's "judicial efficiency" argument is similarly flawed. To begin, concerns of judicial efficiency never trump dismissal if jurisdiction is lacking. (*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) ("Judicial economy itself does not justify federal jurisdiction").) Moreover, even if efficiency concerns were somehow relevant, there is no significant efficiency benefit to be gained from asserting jurisdiction over these claims, for at least two reasons. ***First***, this litigation is in its very early stages, and there has been relatively little expenditure of judicial resources to this point. ***Second***, as argued above, the evidence relevant to OKI's claims against UL is significantly

different from that relevant to its claims against the other defendants. This dissimilarity would require the Court to expand significantly the scope of its involvement in this case, thereby removing any economies of scale that might otherwise be gained by keeping UL in the action. Another court could just as efficiently hear the claims OKI seeks to press against UL.

Finally, the exercise of supplemental jurisdiction remains within the sound discretion of the district court, and this Court would be well within the bounds of its discretion to decline supplemental jurisdiction over the claims against UL. Under subsection (c)(1) of Section 1367, a district court can choose to decline jurisdiction over supplemental claims that raise "a novel or complex issue of State law[.]" Here, OKI's claims raise precisely such issues. As UL noted in its opening brief, the Ninth Circuit has described California law with respect to Section 17200 as in "flux." (*Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007).) It is unresolved whether Section 17200 claims must be tethered to some legislatively declared policy, or whether the balancing test for these claims remains in effect. This uncertainty will have a dramatic impact on the resolution of the Section 17200 claim, and will require the parties to litigate, under two standards, two distinct sets of issues: (1) whether OKI can tie its claim to any legislatively-declared policy, and (2) whether the alleged actions of UL, when balanced against UL's reasons, justifications, and motives as a not-for-profit entity, amount to unfair competition under California law. Accordingly, even if OKI's tenuous claims are sufficiently related to the dispute between OKI, TGP, and the other defendants to permit the assertion of jurisdiction (which they are not), the Court should decline to exercise jurisdiction in the face of the complex issues of state law surrounding Section 17200. (See 28 U.S.C. § 1367(c)(1); *Won Woong Im v. Jin Const.*, No. 04-01038, 2004 WL 2203473, at *3 (N.D. Cal. Sep. 24, 2004) (declining to exercise supplemental jurisdiction over "novel" Section 17200 claim); *Weiner v. McCoon*, No. 06-1328, 2007 WL 2782843, at *6 (S.D. Cal. Sep. 24, 2007) (same); *Feezor v. Tesstabs Ops. Gp., Inc.*, No. 07-840, 2007 WL 4410262, at *2 (S.D. Cal. Dec. 17, 2007) (declining to exercise supplemental jurisdiction over state law claims that, due to "recent developments in California law," raised novel or complex issues of state law).)

Diversity Jurisdiction Does Not Exist Under the Third-Party Complaint

OKI concedes that it has not pleaded the existence of diversity jurisdiction. (Opp. at 7.) OKI's failure to establish supplemental jurisdiction for these claims, therefore, cannot be rescued by an unpleaded reliance upon 28 U.S.C. § 1332. (*Galt*, 60 F.3d at 1374.)

**B.      The Venue Clause is Valid and Binding**

OKI contends that the venue clause between these parties does not render venue improper in this District, because the clause is permissive and does not apply to its unfair competition claims. OKI is wrong. Under governing Ninth Circuit law, the forum selection clause is (1) valid; (2) mandatory, not permissive; and (3) applicable to all of OKI's claims against UL. Moreover, OKI's reliance on the theory of "ancillary venue" is precluded in this Circuit, and third-party defendants who, like UL, were brought to court by the original plaintiff have every right to object to venue under Federal Rule of Civil Procedure 19(a).

The Forum Selection Clause is Valid and Mandatory

OKI ignores that "[f]orum selection clauses are presumptively valid and a party seeking to invalidate such a clause bears a heavy burden of proof." (*Koken v. Stateco Inc.*, No. 05-03007, 2006 WL 2918050, at *5 (N.D. Cal. Oct. 11, 2006).) This Court need not accept OKI's pleadings as true when considering the motion to dismiss under Rule 12(b)(3) and may consider facts outside of the pleadings. (*Id.*) Under these standards, OKI has failed to meet its burden of showing that the venue clause does not apply.

OKI first asserts that the venue clause is "permissive," not "mandatory." This argument ignores controlling precedent. The clause reads: "Any action related to the Agreement ***shall be filed*** in the federal or state court having jurisdiction in Cook County, Illinois, USA." (Agreement, §11.0.) (Emphasis added.) The only plausible reading of this language is that the parties intended to limit venue exclusively to Cook County, Illinois. (*See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (forum selection clauses, like all contracts, should be afforded their common meaning).)

Courts in this Circuit repeatedly uphold the mandatory nature of venue clauses like the one at

issue here. In *Docksider, Ltd. v. Sea Tech., Ltd.*, the Ninth Circuit considered a clause that read "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." (875 F.2d 762, 763 (9th Cir. 1989).) The court found the clause mandatory, "because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia." (*Id.*)

In *Hunt Wesson Foods, Inc.*, the Ninth Circuit explained the distinction between permissive and mandatory venue clauses. (817 F.2d at 77.) There, the venue clause stated that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." (*Id.* at 76.) Under a plain reading, the court concluded that the clause required only that the parties consent to jurisdiction in the designated court, but did not require them to file in that jurisdiction. (*Id.* at 77.) To illustrate its point, the court cited a venue clause that it viewed as mandating venue in a particular forum: "[A]ny dispute . . . shall be brought in either San Diego or Los Angeles County." (*Id.*) As is readily apparent, this language is nearly identical to the venue clause between OKI and UL.

OKI's argument that words like "exclusively" must be present for a venue clause to be mandatory has been plainly foreclosed by the Ninth Circuit. (*Docksider*, 875 F.2d at 764.) OKI and UL's venue clause is functionally identical to the clause in *Docksider*: OKI and UL chose a governing law, agreed that all actions "shall be filed" in Cook County, Illinois, and separately agreed to "consent to the exercise of personal jurisdiction of" the courts in Cook County, Illinois. (Services Agreement, § 11.0.) Where, as here, the clause "specifies the court where disputes will be submitted . . . [it] is mandatory and thus enforceable." (*Vogt-Nem, Inc. v. M/V Tramper*, 263 F. Supp. 2d 1226, 1231 (N.D. Cal. 2002) (finding clause mandatory that stated claims "will be submitted to the competent court in Rotterdam").) The venue clause here is mandatory.

<u>The Venue Clause Applies to these Claims</u>

OKI suggests that because it has not asserted a contract claim (a point that, as explained below, is at odds with OKI's Opposition), the venue clause does not make venue improper in

9

THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S
REPLY BRIEF

California. This is flat-out wrong; the clause binds OKI as to all claims it may bring that "relate to" the Service Agreement. (*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); *Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1433 (N.D. Cal. 1997).) Indeed, "all disputes the resolution of which arguably depend on the construction of an agreement" are considered related to that agreement. (*Graham Tech. Solutions, Inc.*, 949 F. Supp. at 1433 (quotation omitted).) Courts in this District have considered when non-contract claims are bound by a venue clause and have held that all claims—under all theories of liability—relating to the contract are subject to a venue clause. (*Graham Tech. Solutions, Inc.*, 949 F. Supp. at 1434 (citation omitted); *Manetti-Farrow*, 858 F.2d at 509).)

Under this approach, courts within this circuit have applied forum selection clauses to unfair trade claims, tort claims, and copyright claims. (*Manetti-Farrow*, 858 F.2d at 514 (applying clause from supply contract to unfair trade claims); *Koken*, 2006 WL 2918050, at *9 (applying clause from shareholder agreement to tort claims); *Graham Tech. Solutions, Inc.*, 949 F. Supp. at 1434 (applying clause from professional services agreement to copyright claims).) In the face of this authority, there is no reason why the venue clause here should not apply to OKI's unfair competition claims.

OKI's assertion that this dispute does not relate to the Services Agreement between OKI and UL is belied by the allegations in its own Third-Party Complaint. OKI alleges that "UL refuses to list SuperLite I-XL for more than 20-minute applications," and that this decision "is not supported by the facts or UL's own policies." (Third-Party Complaint, ¶¶ 23(b), 23(e).) It also alleges that "UL has not applied its testing and reporting policies fairly and even-handedly throughout the glazing industry," and that OKI "has been excluded from valuable opportunities with the fire and safety glazing industry," presumably because of UL's failure to grant OKI certain listings. (*Id.* at ¶¶ 48, 54, 24, 57(b).)

Moreover, in its Opposition, OKI includes a section entitled "UL's Actions and Conduct Constitute Breach of Contract and of the Covenant of Good Faith and Fair Dealing." (Opp. at 17.) What OKI really wants from UL, among other things, is better safety ratings. To hold that OKI's unfair competition claims do not "relate to" its contract with UL would "amount to saying that a

plaintiff can defeat a forum-selection clause by its choice of provisions to sue on, of legal theories to press, and of defendants to name in the suit. If this were true, such clauses would be empty." *Koken*, 2006 WL 2918050, at *8 (citation omitted).) The venue clause should be enforced.

<u>The Theory of Ancillary Venue Does Not Make Venue Proper in This District</u>

Finally, OKI asserts the theory of "ancillary venue" to state that, as a third-party defendant, UL may not object to venue. This is not the law of the Ninth Circuit and directly conflicts with Federal Rule of Civil Procedure 19(a).

"Ancillary venue" is a controversial doctrine that is simply inapplicable to this case. OKI cites the one Ninth Circuit case that even mentions the term "ancillary venue," and in that case, the court rejected the theory. (*See Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 764 (N.D. Cal. 2004).) More applicable here is Rule 19(a), which states: "If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action." This language forecloses the theory of ancillary venue. (*See* 4 Moore's Federal Practice § 19.04[3] (3d ed. 2007) (noting that Rule 19 precludes the theory and suggesting that the proper solution is to transfer the whole action to the correct venue); Counterclaims, ¶ 4 (OKI admits that Rule 19 applies).)

OKI ignores that courts routinely dismiss claims against third-party defendants for improper venue. (*Vogt-Nem, Inc.*, 263 F. Supp. 2d at 1230 ("[I]f [plaintiff] could not have filed its claim against [third-party defendant] in this forum, the third-party complaint must be dismissed"); *Koken*, 2006 WL 2918050, at *7-9 (dismissing third-party defendant who asserted valid forum selection clause).) Further, any policy that might support the theory of ancillary venue in the context of a Rule 14 impleader is irrelevant here, because UL was joined under Rules 13(h), 19, and 20, not Rule 14. Accordingly, UL can object to venue.

Because the venue clause is valid, mandatory, and enforceable against OKI's claims, UL should be dismissed under Rule 12(b)(3) for improper venue.

C.  **<u>OKI Has Not Pleaded a Valid Unfair Competition Claim</u>**

OKI's response to UL's Rule 12(b)(6) motion largely sidesteps the arguments presented by

11

**THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S REPLY BRIEF**

UL. In so doing, OKI refuses to acknowledge the impact of *Bell Atlantic Corp. v. Twombly*, misreads California substantive law, and flatly misstates governing procedural law in this Circuit.

As OKI acknowledges, *Twombly* requires that a plaintiff plead enough facts to state a claim that is "plausible." (530 U.S. —, 127 S. Ct. 1955, 1964-65 (2007).) A motion to dismiss should be granted where, as here, a plaintiff fails to plead facts sufficient to "nudge[] [its] claims across the line from conceivable to plausible." (*Id.* at 1974.) But other than acknowledging that standard, OKI simply declares—without citation to sufficient allegations—that it has pleaded a claim under Section 17200. OKI has not, however, given UL fair notice of the claims against it, and this claim should be dismissed as a matter of law.

As UL noted in its opening brief, to state a claim under the "unlawful" prong of Section 17200, a plaintiff must state what law has been violated. But other than restating that any law can form the basis of a claim of unlawful conduct (Opp. at 14), OKI has yet again failed to state what law or laws UL has violated. Given the huge body of law that can form the basis of a claim of unlawful conduct, OKI surely could point to one law if there was any merit to its claims against UL. But OKI has, yet again, not done so, which speaks volumes about the insincerity of its allegation of unlawful conduct by UL. (*See Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007) ("[T]he court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim").)

OKI's arguments with respect to the "unfair" prong of Section 17200 are similarly evasive. After mocking as "hyper-technical" UL's description of the unsettled nature of California law with respect to the unfair prong of Section 17200, which the Ninth Circuit has acknowledged includes two separate tests (*Lozano*, 504 F.3d at 735), OKI makes scant effort to point out where it has alleged unfair conduct under either test. To the contrary, OKI twists UL's arguments to suggest that UL views not-for-profit entities as exempt from Section 17200 (Opp. at 14-15). This is patently false. The crux of UL's argument is that it is entitled to be put on notice of (1) what legislatively-declared policy OKI contends UL has violated (*see Lozano*, 504 F.3d at 735); and/or (2) why, under the balancing test, UL—a not-for-profit public safety organization—would engage in unfair business

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

practices.

OKI has prejudiced UL by failing to allege facts sufficient to put UL on fair notice of the claims against it. With respect to whether UL has violated a legislatively-declared policy, OKI offers no citation to any policy whatsoever. UL cannot defend against these claims if it does not know what they concern. Moreover, OKI pleads no facts with respect to the second half of the balancing test, which must include an examination of "the reasons, justifications and motives of the alleged wrongdoer." (*See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 461 F. Supp. 2d 1188, 1195 (C.D. Cal. 2006) (citation and quotation marks omitted).) This is not an oversight, because it is obvious that UL has no reason to harm the public and every reason to ensure that the products its tests—including OKI's—meet accepted safety standards. If OKI could have pleaded a coherent theory that would stand up as a matter of law, it presumably would have, but its failure to do so only highlights the fundamental weakness of its claim against UL.

OKI's arguments concerning the "fraudulent" prong of Section 17200 are totally incoherent. OKI expends much effort explaining how fraud under Section 17200 is different from common-law fraud, but this has nothing to do with the holding of the very case it cites, *Vess v. Ciba-Geigy Corp. U.S.A.*, which concluded that Rule 9(b)'s heightened pleading standards apply to claims identical to OKI's. (317 F.3d 1097, 1103-04 (9th Cir. 2003).) After getting the law wrong, OKI next completely fails to address the substance of UL's argument, which is that OKI has not pleaded "the who, what, when, and where" of the fraudulent conduct of which it complains. (*See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).) Because OKI has effectively conceded the merits of UL's argument, the claim of fraudulent conduct should be dismissed.

Finally, OKI's response concerning common-law unfair competition is simply bizarre. The language it quotes from *PAI Corp. v. Integrated Science Solutions, Inc.*, does not concern common-law unfair competition, but rather Section 17200. (2006 U.S. Dist. LEXIS 34828 (N.D. Cal. 2006).) Section 17200 did not modify the common law of unfair competition and therefore has no bearing on the definition of unfair competition under the common-law. OKI's assertion to the contrary, *PAI* stands precisely for the proposition that UL stated in its opening brief. Moreover, OKI's assertion

that it "is a direct competitor with TGP and others in the glazing industry" (Opp. at 17) has no bearing on whether UL and OKI are competitors. Absent such allegations, this claim fails as a matter of law. (*See Am. Auto. Ass'n v. Am. Auto. Owners Ass'n*, 216 Cal. 125, 136, 142 (1932).)

### D. OKI's Due Process and Breach of Contract Arguments Are Irrelevant

OKI purports to proceed under the wholly new theories that UL has violated OKI's due process rights and has committed a breach of contract. These claims were not pleaded by OKI. "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (*Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citation omitted).) Accordingly, they are irrelevant to the resolution of this Motion and will not be addressed by UL.

### E. Dismissal Should Be With Prejudice

This Court should dismiss OKI's claims against UL with prejudice. No amount of additional pleading can cure the fatal jurisdictional and other flaws present here, because the facts show that no valid claim can be stated in this Court. It is obvious that, if OKI had a viable claim against UL, it would have told its story in a manner that is not deficient as a matter of law. OKI is a sophisticated entity represented by counsel that must have been aware of the law governing these claims before OKI filed suit. As a result, it is reasonable to hold that leave to replead would be futile.

### CONCLUSION

OKI has failed to show that this Court has jurisdiction over the claims against UL, that venue is proper in this District, or that it has stated a claim upon which relief can be granted. No amount of additional pleading can cure these deficiencies. Accordingly, the motion to dismiss should be granted.

Dated: January 18, 2008                    UNDERWRITERS LABORATORIES INC.

By: /s/
    Kimball R. Anderson
    Attorney for Third-Party Defendant
    UNDERWRITERS LABORATORIES

14

THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES, INC.'S
REPLY BRIEF