Kimball R. Anderson (Admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile: 312-558-5700
Email: kanderson@winston.com

Daniel F. Bailey (SBN 205888)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: dbailey@winston.com

Attorneys for Third-Party Defendant
UNDERWRITERS LABORATORIES INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE BRANCH

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS; ANEMOSTAT; and PILKINGTON PLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 07-3535 JF <br><br> **SUPPLEMENTAL DECLARATION OF KIMBALL R. ANDERSON IN SUPPORT OF THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF O'KEEFFE'S INC.'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: February 1, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 3, 5th Floor <br> The Honorable Jeremy Fogel |

I, KIMBALL R. ANDERSON, declare and state:

1. I am a partner with the law firm of Winston & Strawn LLP, where I have practiced law for thirty (30) years and where I serve as the General Counsel of the firm and as a member of the firm's Executive Committee. I am a Fellow of the American College of Trial Lawyers. I also serve as outside counsel for Underwriters Laboratories ("UL") in this case. I am submitting this Supplemental Declaration because I believe that plaintiff's counsel Mr. Bernhard is mistaken in his

1

apparent recollection of a phone conversation that he says I had with him on or about November 12, 2007.

2. According to my records, I contacted Mr. Bernhard by phone on November 13, 2007 to discuss possible amicable resolution of the case pursuant to Rule 408, Federal Rules of Evidence. I explained that I represented UL and that my client, a not-for-profit corporation, was interested in resolving the case without further expense. I said that I could tell from his client's Complaint that his client, O'Keeffe's, was unhappy with its relationship with UL. Accordingly, I asked whether it would be helpful if I arranged a meeting between UL's engineers and his client's engineers so that they could explore how his client's products could meet UL standards. Mr. Bernhard's response indicated that his client was more interested in forcing UL to change the industry standards that UL uses for safety testing of all fire resistant glazing products.

3. I also recall asking Mr. Bernhard why he had filed suit in California notwithstanding that the contract between UL and his client called for the resolution of disputes in Cook County, Illinois. Mr. Bernhard replied that he was unaware of this contractual provision. Accordingly, I called his attention specifically to Section 11.0 of the contract. I also called his attention to Section 7.0 of the contract, which provides that either party to the contract has the right to terminate the contract, without or without cause, upon thirty (30) days written notice. And, this Section expressly alerts the subscriber/licensor that UL may terminate a license if the subscriber/licensor embroils UL in third-party litigation. Mr. Bernhard indicated that he also was not aware of this contract provision. I recall that Mr. Bernhard concluded the call by asking me to send him a copy of the contract and by saying that he would speak to his client and get back to me. I immediately sent him a copy of the contract by e-mail.

4. Mr. Bernhard subsequently sent me a letter accusing me of threatening his client with retaliation. I replied by e-mail stating that his recollection of the conversation was mistaken. To be sure, during our November 13, 2007 phone conversation, I called his attention to the applicable contract provisions regarding venue and termination; but I did not threaten his client with retaliation. In any event, pursuant to the parties' contract, either party has an express right to

2

DECLARATION OF KIMBALL R. ANDERSON ISO OF THIRD-PARTY DEFENDANT UNDERWRITERS LABORATORIES INC.'S OPPOSITION TO PLAINTIFF O'KEEFFE'S INC.'S MOTION FOR PRELIMINARY INJUNCTION

terminate the contract, with or without cause, upon giving thirty (30) days prior written notice. UL chose to exercise that contract right in this case.

5.  That completes my recollection of the only phone call that I had with Mr. Bernhard. I believe that his recollection is inaccurate and incomplete. I am disappointed that he chose to embellish our conversation and use it in derogation of Rule 408.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this Declaration on this 25th day of January 2008 at Chicago, Illinois.

_____
Kimball R. Anderson