FREELAND COOPER & FOREMAN LLP

MARK I. SCHICKMAN                                                                    E-MAIL: MIS@FREELANDLAW.COM

January 31, 2008

**TRANSMITTED VIA ECF ONLY**

The Honorable Jeremy Fogel
United States District Court Northern District of California
280 South First Street
San Jose, CA 95113

Re:    **O'Keeffe's Inc. v. Technical Glass Products, et al; O'Keeffe's Inc. v.
       Underwriters Laboratories, Inc.**
       *Case No.:  C 07-cv-03535 JF*

Dear Judge Fogel:

We write to notify the Court of the attached recent decision in *Wein-Und, etc, et al. v.
Hopkins, et al.* (2007 U.S. Dist. LEXIS 75697, USDC, SD CA, Oct. 11, 2007).

In denying a Motion to Dismiss a claim under California Business and Professions
Code § 17200 the court held at page 2, in language fatal to UL's argument:

> "Defendants' argument that Plaintiffs must be consumers or
> competitors to bring a § 17200 claim is not supported by
> California law.   The Unfair Competition Law's scope is
> 'sweeping,' allowing a court to enjoin 'wrongful business
> conduct in whatever context such activity might occur.'
> (Citations Omitted).  This principle remains viable and is not
> affected by the holding in *Cel-Tech Communications* (citations
> omitted).
>
> ...In *Alch*, for example, the Court held that television writers
> [suing studios, networks and agents for age discrimination] had
> stated a § 17200 claim and were not required to allege potential
> competitive harm or likely consumer deception...

Respectfully submitted,

FREELAND COOPER & FOREMAN LLP

Mark I. Schickman

MIS/jmd

{00114869-1}

150 *Spear Street, Suite 1800, San Francisco, California 94105, Telephone 415-541-0200, Facsimile 415-495-4332*

FOCUS - 4 of 45 DOCUMENTS

**WEIN-UND SEKTKELLEREI JAKOB GERHARDT NIERSTEINER
SCHLOSSKELLEREIEN GmbH & Co., KG, a German limited liability company
and MAX DIETER ALTMANN, and individual, Plaintiffs, v. FONDA HOPKINS,
an individual, and FRANK KRYGER, and individual, Defendants.**

**CASE NO. 07cv00673 BTM(WMc)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA**

*2007 U.S. Dist. LEXIS 75697*

**October 11, 2007, Decided
October 11, 2007, Filed**

**COUNSEL:** [*1] For Wein-Und Sektkellerei Jakob Gerhardt Niersteiner Schlosskellereien GmbH & Co. KG, a German limited liability company, Plaintiff: Christopher Van Gundy, LEAD ATTORNEY, Baker and McKenzie, San Francisco, CA.

For Max Dieter Altmann, an individual, Plaintiff: Christopher Van Gundy, LEAD ATTORNEY, Baker and McKenzie, San Francisco, CA.

For Fonda Hopkins, an individual, Frank Kryger, an individual, Defendants: Kenneth Moore Fitzgerald, Robert J Blair, LEAD ATTORNEYS, Daniel J Lenerz, Latham and Watkins, San Diego, CA.

**JUDGES:** Honorable Barry Ted Moskowitz, United States District Judge.

**OPINION BY:** Barry Ted Moskowitz

**OPINION**

**ORDER DENYING MOTION TO DISMISS**

Defendants Fonda Hopkins and Frank Kryger have filed a motion to dismiss Plaintiffs' second, third, and fifth claims for relief. For the reasons discussed below, Defendants' motion is **DENIED.**

*DISCUSSION*

The parties are familiar with the facts, which need not be repeated here. Defendants move to dismiss, pursuant to *Fed. R. Civ. P. 12(b)(6)*, Plaintiffs' claims for breach of contract, breach of the implied covenant of the implied covenant of good faith and fair dealing, and vio-

lation of California's Unfair Competition Law, *Cal. Bus. & Prof. Code §§ 17200, et seq.* The Court [*2] denies Defendants' motion in its entirety.

A. *Breach of Contract Claims*

Defendants contend that the breach of contract claims must be dismissed because Hopkins and Kryger, as individuals, were not parties to the February 2005 Agreement. Defendants rely on two documents in support of their argument: (1) a one-page "translation" setting forth terms of the February 2005 Agreement (Def.'s Ex. A); and (2) the September 2005 Settlement Agreement (Def.'s Ex. B).

The Court can consider Defendants' exhibits because the Complaint refers to them and Plaintiffs do not challenge their authenticity. *See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).* However, contrary to Defendants' claims, the documents do not establish that Hopkins and Kryger were not parties to the February 2005 Agreement.

The one-page "translation" identifies terms of the February 2005 Agreement but does not identify who the contracting parties are. The first sentence of the "translation" indicates that the agreement pertains to payments "from the results of WG Best and Jakob Gerhardt USA to Jakob Gerhardt Deutschland and Vonda Hopkins LLC," but does not state that these companies are the contracting parties.

The September 2005 [*3] Settlement Agreement, which purports to cancel the February 2005 Agreement, was between Fonda Hopkins, LLC, W.G. Best, JG USA, Jakob Gerhardt, and Florida LLC, on the one hand, and Altmann and Jakob Gerhardt on the other. In the "recitals" section, the Agreement states, "WHEREAS, the Par-

2007 U.S. Dist. LEXIS 75697, *

ties allegedly entered into that certain agreement dated February 20, 2005, a copy of which is attached hereto as Exhibit A, as a means for resolving amounts due from Gerhardt USA to Gerhardt Germany for fiscal years ending June 30, 2004 and thereafter." Although this language seems to support Defendants' contention that Hopkins and Kryger were not parties to the February 2005 Agreement, it does not require this conclusion. The recital does not state that there were no other parties to the February 2005 Agreement.

According to Plaintiffs, the February 2005 Agreement is an agreement between shareholders of the U.S. subsidiaries (Jakob Gerhardt and Fonda Hopkins) and their agents (Altmann and Kryger) to divide profits of the U.S. subsidiaries according to shareholdings. Defendants disagree and argue that it would make little sense for the agreement to be structured as alleged by Plaintiffs. However, who [*4] the contracting parties were is a factual matter that is best left for summary judgment.

### B. *Unfair Competition Law*

Defendants argue that Plaintiffs' *§ 17200* claim must be dismissed because Plaintiffs are not consumers or Defendants' competitors. Defendants further argue that Plaintiffs have failed to allege unlawful conduct supporting a *§ 17200* claim. Neither argument is convincing.

Defendants' argument that Plaintiffs must be consumers or competitors to bring a *§ 17200* claim is not supported by California law. The Unfair Competition Law's scope is "sweeping," allowing a court to enjoin "wrongful business conduct in whatever context such activity might occur." *Barquis v. Merchants Collection Assn., 7 Cal. 3d 94, 111, 101 Cal. Rptr. 745, 496 P.2d 817 (1972)*. This principle remains viable and is not affected by the holding in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (1999)*. [1] *Alch v. Superior Court, 122 Cal. App. 4th 339, 403, 19 Cal. Rptr. 3d 29 (2004)*.

> 1    *Cel-Tech* held that when a plaintiff claims to have suffered injury from a direct competitor's "unfair" act, the word "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those [*5] laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id. at 186.* However, the court made it clear that its holding was limited to the specific context of an action by a competitor alleging anticompetitive practices. *Id. at 186 n. 12.*

Thus, plaintiffs who are neither competitors nor consumers may sue under *§ 17200*. In *Alch,* for example, the court held that television writers, who alleged that studios, networks, and talent agencies maintained a system-wide policy of age discrimination, had stated a *§ 17200* claim and were not required to allege potential competitive harm or likely consumer deception. Similarly, in *Lanard Toys Ltd. v. Novelty, Inc.,    F. Supp. 2d  , 2007 U.S. Dist. LEXIS 67616, 2007 WL 2580776 (C.D. Cal. 2007)*, the court held that the plaintiffs had stated a *§ 17200* claim based on their allegations that the defendants had infringed their trade dress, even though the defendants did not compete with plaintiffs.

Furthermore, Plaintiffs have alleged unlawful conduct in support of their *§ 17200* claim. Specifically, Plaintiffs have pled a fraud cause of action (which is not being challenged here). Practically any [*6] law or regulation, whether federal or state, statutory or common law, can serve as a predicate for a *§ 17200* "unlawful" violation. *Paulus v. Bob Lynch Ford, Inc., 139 Cal. App. 4th 659, 681, 43 Cal. Rptr. 3d 148 (2006).* [2] *See also CRST Van Expedited, Inc. v. Werner Ent., Inc., 479 F.3d 1099 (9th Cir. 2007)* (holding that the plaintiff had adequately pled that the defendant had engaged in an "unlawful" business practice, specifically intentional interference with employment contracts). Plaintiffs have alleged that Defendants violated a legal duty by way of their fraudulent conduct and, therefore, have adequately pled a *§ 17200* claim. [3]

> 2    Defendants rely on *Microsoft Corp. Antitrust Lit., 274 F. Supp. 2d 747, 750 (D. Md. 2003)* for the proposition that violations of common law cannot form the basis of a *§ 17200* claim alleging "unlawful" conduct. However, *Microsoft* is distinguishable. Microsoft addressed the issue of whether a breach of contract constitutes "unlawful" conduct because it violates the common law of California. In contrast, this case concerns alleged tortious activity in violation of California common law.

> 3    The Court need not and does not reach the issue of whether Plaintiffs have adequately pled [*7] "unfair" conduct.

### CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED.**

### IT IS SO ORDERED.

DATED: October 11, 2007

Honorable Barry Ted Moskowitz

United States District Judge