**E-Filed 02/07/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON, PLC.<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case Number C 07-03535 JF<br><br>ORDER[1] GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: docket nos. 64, 78] |

Defendant Underwriters Laboratories ("UL") moves to dismiss the third-party complaint of Plaintiff O'Keefe's, Inc. ("OKI"). OKI seeks a preliminary injunction enjoining UL from removing the UL mark and listing from OKI's products. For the reasons discussed below, the motion to dismiss will be granted. The motion for preliminary injunction will denied for lack of jurisdiction.

**I. BACKGROUND**

The approval and installation of architectural glazing in locations that are either fire or safety rated is highly regulated by code and by local building officials. Where there is a risk of human impact (for example, when dealing with doors and immediately adjacent areas) glazing

---

[1] This disposition is not designated for publication and may not be cited.

generally must meet impact standards, such as the ability to withstand up to 400 foot-pounds of force.  Similarly, when fire resistance is important (for example, when dealing with a fire corridor) glazing generally must meet standards that reflect an ability to resist or protect against fire for periods such as twenty, forty-five, sixty, or ninety minutes.  Local building officials generally do not perform tests for impact-safety or fire protection/resistance on a construction site.  Rather, building codes call for a "listed" or "rated" product, upon which the logo of an accredited listing or rating agency is permanently affixed.  There are two such major recognized listing and rating organizations in the United States.  UL is the largest and most widely recognized of these organizations.

OKI is the owner of U.S. Patent No. 7,090,906 ("the '906 patent") entitled, "Fire-Resistant Safety Glass," which is directed at a filmed wire glass product that is sufficiently impact safe and fire resistant to meet various government safety and fire code requirements.  Complaint ¶ 9.  OKI markets this product as SuperLite I-W.  *Id.*  Defendants Technical Glass Products ("TGP") and Anemostat and Pilkington, PLC are competitors in the wired glass manufacturing industry.  *Id.* at ¶ 10.  TGP fabricates, markets and sells a product known as PyroShield NT.  *Id.* at ¶ 13.

On July 6, 2007, OKI sued Defendants in this Court for infringement of the '906 patent.[2]  TGP filed an answer and counterclaims, including counterclaims alleging trademark infringement and unfair competition based on OKI's SuperLite I-XL product.  In response to these counterclaims, OKI filed its own counterclaims, including claims for unfair business practices against TGP and UL related to OKI's Super-Lite I-XL glazing product and for common law unfair competition.  OKI asserts that UL is unfairly competing with OKI, alleging that: (1) TGP derived some of its information regarding the products' performance from information provided to the public by UL; (2) UL uses an obsolete hose-stream test on the products and because SuperLite fails the hose-stream test, UL lists SuperLite only for twenty minute

---

[2] The instant action is stayed in part with respect to all of the claims and counterclaims related to the '906 patent pending the reexamination proceedings before the United States Patent and Trademark Office or until further order of the Court.

2

Case No. C 07-03535 JF
ORDER GRANTING MOTION TO DISMISS ETC.
(JFLC3)

applications; (3) UL rates and lists FireLite and SuperLite products improperly; (4) UL has appeared in TGP promotional marketing videos discussing the products and the tests used to assess their performance; and (5) UL does not recognize listings from Warnock-Hersey[3] in UL's own listings. On November 28, 2007, UL cancelled OKI's listing.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents that are referenced extensively in the complaint and accepted by all parties as authentic, even if they are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999). "Under the 'incorporation by reference' rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

The primary purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tips in its favor.

---

[3] Warnock-Hersey is an independent safety and testing organization.

3

*Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998), *aff'd*, *Saenz v. Roe*, 526 U.S. 489 (1999). These formulations represent "two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). When the Court is considering the enforcement of a statute or ordinance it should also consider the public interest and the hardship the public may face if the injunction is granted or denied. *Id*. at 175; *Sierra Club v. Hathaway*, 579 F.2d 1162, 1167 (9th Cir. 1978).

### III. DISCUSSION

**A.    Motion to Dismiss**

OKI asserts two claims against UL and TGP. The first is brought under California's unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("Section 17200"), and the second is for unfair competition under California common law. UL argues that these claims should be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

**1.    Subject matter jurisdiction**

OKI asserts that the Court has jurisdiction over the claims based on principles of supplemental and ancillary jurisdiction.[4] UL argues that OKI's third-party complaint fails to show the existence of federal question jurisdiction and should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1). A district court has supplemental jurisdiction over a state law claim if that claim is "so related" to claims over which the district court has original jurisdiction that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a). Even if a district court does have supplemental jurisdiction over a state law claim, it may decline to exercise such jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates the claims over which the court has original jurisdiction; (3) the court has

---

[4] OKI states that even if the Court declines to exercise supplemental jurisdiction over these claims, diversity jurisdiction exists. Although not pled in the existing counterclaims, OKI states that there is complete diversity among the parties and requests leave to amend the counterclaims accordingly. In light of the Court's determination as to venue, discussed below, the request will be denied without prejudice.

4

Case No. C 07-03535 JF
ORDER GRANTING MOTION TO DISMISS ETC.
(JFLC3)

dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, other compelling reasons exist for declining jurisdiction. 28 U.S.C. § 1367(c). A decision to decline jurisdiction pursuant to one of these factors should take into consideration judicial efficiency, convenience of the parties, fairness, and comity. *ACRI v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

UL argues that OKI has not alleged that its claims against UL are so related to its underlying federal patent and trademark claims against the other defendants that they form part of the same case or controversy. To support supplemental jurisdiction, the operative facts of the supplemental claims must be so related to the original claims that they form one constitutional case. Here, OKI's claims against UL form no part of the case or controversy in OKI's original complaint against TGP and Anemostat, which alleges patent infringement. OKI's dispute with UL is over UL's testing procedures, methods, and refusal to list OKI's products more favorably. At best, these claims are related to TGP's pendant *state law* claims, not TGP's *federal* claim of trademark infringement.

Moreover, a decision whether to exercise supplemental jurisdiction is within the sound discretion of the district court. As discussed above, a district court may choose to decline jurisdiction over supplemental claims that raise "a novel or complex issue of State law[.]" OKI's claim against UL relates to Section 17200. The Ninth Circuit recently has described California law with respect to Section 17200 as being in "flux." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007). In particular, California appellate courts have yet to resolve whether Section 17200 claims must be tethered to some legislatively declared policy, or whether the balancing test for these claims remains in effect. Accordingly, the Court will decline to exercise jurisdiction for this reason as well.

**2. Venue**

UL argues additionally that OKI's third-party complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(3) because venue in this Court is improper. Specifically, UL asserts that OKI's claims arise under a contract with UL in which OKI agreed that any disputes with UL must be litigated in Cook County, Illinois. OKI argues that the forum selection clause should not

be enforced because it is permissive and because the disputed matter is outside the scope of the agreement.

"A motion to dismiss based on enforcement of a forum selection clause is treated as a motion for improper venue under Rule 12(b)(3)." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Hsu, et al. v. OZ Optics Limited*, 211 F.R.D. 615, 618 (N.D. Cal. 2002). In such a motion, "the pleadings are not accepted as true and facts outside the pleadings may be considered by the district court." *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1086 (N.D. Cal. 1999). There are two types of forum section clauses. *Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir. 1995). "A mandatory forum selection clause is presumed valid and is to be strictly enforced. A permissive forum selection clause, on the other hand, simply means that the parties consent to the jurisdiction of the designated forum." *Hsu, et al.*, 211 F.R.D. at 618 (internal citation omitted). "To be mandatory, a clause must contain languages that clearly designates a forum as the exclusive one." *Northern Cal. Dist. Council of Laborers*, 69 F.3d at 1037.

The forum selection clause upon which UL relies provides, in its entirety, as follows:

> **11.0 Governing Law.** This Agreement shall be governed by the laws of the State of Illinois, USA without reference to its choice of law principles. Any action related to the Agreement shall be filed in the federal or state court having jurisdiction in Cook County, Illinois, USA. The parties consent to the exercise of personal jurisdiction of that court and shall bear costs, legal fees and expenses incurred in transferring actions filed elsewhere.

This language is mandatory and indicates that the parties intended to limit venue. In *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989), the Ninth Circuit considered a clause that read "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The court concluded that the clause was mandatory, "because Docksider not only consented to jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia." *Id.* at 764. By contrast, in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987), upon which OKI relies, the venue clause stated that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any

action at law relating to the subject matter or the interpretation of this contract." In that case, the Ninth Circuit concluded that the clause at issue required only that the parties consent to jurisdiction in the designated court, and did not exclusively require them to *file* in that jurisdiction. *Id.* To illustrate its point, the Ninth Circuit gave an example of mandatory forum selection language—"[A]ny dispute . . . shall be brought in either San Diego or Los Angeles Count" *Id.*—that is nearly identical to that in the agreement between OKI and UL.

OKI nonetheless argues that its claims against UL arise not from the agreement but rather from UL's alleged preferential treatment of TGP. However, while OKI alleges in its third-party complaint that "UL has not applied its testing and reporting polices fairly and even-handedly through the glazing industry" Third-Party Complaint at ¶ 48, it also argues in its Opposition brief that "UL's Actions and Conduct Constitute Breach of Contract and of the Covenant of Good Faith and Fair Dealing." Opp. at 17. In this section of its brief, OKI claims expressly that "UL has also breached its listing agreement with OKI by arbitrarily and capriciously purporting to cancel it." *Id.* Accordingly, UL's motion to dismiss for improper venue will be granted.

### 3. Failure to State a Claim

UL also asserts that OKI's third-party complaint should be dismissed under Fed. Rule. Civ. Proc. 12(b)(6) for failure to state a claim. Because it finds that the third-party complaint is subject to dismissal under 12(b)(1) and 12(b)(3), the Court does not reach this argument.

## B. Preliminary Injunction

Plaintiff seeks to enjoin UL's cancellation of its listing. OKI argues that if injunctive relief is not granted it will suffer immediate and irreparable injury. However, because the Court does not have jurisdiction, OKI's motion will be denied without prejudice.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(3) is GRANTED. OKI's motion for preliminary injunction is denied without prejudice.

1  IT IS SO ORDERED.

2

3  DATED: February 7, 2008

_____
JEREMY FOGEL
United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

Case No. C 07-03535 JF
ORDER GRANTING MOTION TO DISMISS ETC.
(JFLC3)

This Order has been served on the following persons:

Daniel T. Bernhard
bernhard@freelandlaw.com

Jeffrey Stewart Love
jeffrey.love@klarquist.com

David John Massey Pitman
dpitman@fulpat.com

Kimball Anderson
kanderson@winston.com