# EXHIBIT I



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Fri Sep 7 04:09:21 EDT 2007

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At:    OR [Jump] to record:    **Record 2 out of 3**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( Use the "Back" button of the Internet Browser to return to TESS)

# SAFTIFIRE FRAMES

| | |
|---|---|
| **Word Mark** | SAFTIFIRE FRAMES |
| **Goods and Services** | IC 006. US 002 012 013 014 023 025 050. G & S: Fire and safety rated panel systems comprised primarily of metal goods and consisting of wall panels, windows, and doors, all sold as a unit |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78886746 |
| **Filing Date** | May 18, 2006 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) O'Keeffe's, Inc. CORPORATION CALIFORNIA 325 Newhall San Francisco CALIFORNIA 94124 |
| **Attorney of Record** | Sheldon R. Meyer |
| **Prior Registrations** | 2089494;2765864 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FRAMES" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP] [PREV LIST] [CURR LIST] [NEXT LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

| | |
|---|---|
| To: | O'Keeffe's, Inc. (officeactions@fdml.com) |
| Subject: | TRADEMARK APPLICATION NO. 78886746 - SAFTIFIRE FRAMES - OKEF-7992US0 |
| Sent: | 6/15/2007 10:54:27 AM |
| Sent As: | ECOM108@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:     78/886746

**MARK**: SAFTIFIRE FRAMES

**\*78886746\***

**CORRESPONDENT ADDRESS**:
 Sheldon R. Meyer
 Fliesler Meyer LLP
 14th Floor
 650 California Street
 San Francisco CA 94108

**RESPOND TO THIS ACTION**:
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION**:
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:     O'Keeffe's, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
 OKEF-7992US0

**CORRESPONDENT E-MAIL ADDRESS**:
 officeactions@fdml.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: 6/15/2007

**THIS IS A FINAL ACTION.**

This letter responds to applicant's communication of April 18, 2007. Applicant responded to the First Office Action of October 26, 2006, in which the examining attorney raised the following issues: a Section 2(d) refusal based on likelihood of confusion with U.S. Registration Nos. 2162531 and 2529865; a requirement for a disclaimer; and a requirement for an amended identification of goods.

The requirements for a disclaimer and an amended identification have been satisfied and are now withdrawn. TMEP §714.04. The refusal for a likelihood of confusion based on U.S. Registration Nos. 2162531 and 2529865 still remains.

Applicant stated that there was no likelihood of confusion between its mark and the cited mark because the marks are sufficiently distinguishable to avoid a likelihood of confusion, and the consumers buying the goods are sophisticated purchasers. The examining attorney rejects these arguments for the reasons set forth below.

For the reasons set forth below, the refusal under Trademark Act Section 2(d), 15 U.S.C. §1052(d), is now made FINAL with respect to U.S. Registration Nos. 2162531 and 2529865. 37 C.F.R. §2.64(a).

### Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 2162531 and 2529865. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*. The registrations were sent previously.

Trademark Act Section 2(d) bars registration where an applied-for mark so resembles a registered mark that it is likely, when applied to the goods and/or services, to cause confusion, mistake or to deceive the potential consumer as to the source of the goods and/or services. TMEP §1207.01. The Court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion. Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression, and the relatedness of the goods and/or services. The overriding concern is to prevent buyer confusion as to the source of the goods and/or services. *In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); *Lone Star Mfg. Co. v. Bill Beasley, Inc.*, 498 F.2d 906, 182 USPQ 368 (C.C.P.A. 1974).

### Similarity of the Marks

The marks are compared for similarities in sound, appearance, meaning or connotation. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1536 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *In re Mack*, 197 USPQ 755 (TTAB 1977); TMEP §1207.01(b).

Applicant's mark, SAFTIFIRE FRAMES, is highly similar to registrant's marks, FIREFRAMES. Both marks contain the common wording FIRE and FRAMES, with the only minor difference between applicant's use and registrant's use of these terms being that applicant separates the words, and registrant combines the terms into one word. This does not change the fact that this portion of the marks share common sound, appearance, and impression.

Applicant's mark contains the additional wording SAFTI. The mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO

COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works,* 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

Moreover, marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.,* 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii). In this case, the marks share the common term FIRE FRAMES.

In this case, the common wording FIRE FRAMES raises the likelihood that a consumer may believe applicant's goods to be related to registrant's goods. Although applicant argues that it produces a line of products using the word SAFTI in the name, applicant describes its goods in this application as "safety rated," and consumers are likely to believe that the additional wording refers to a particular characteristic of the goods. Thus, they are likely to believe that the additional wording SAFTI merely implies a different version of the goods or that they are produced by a particular division of a company, but that they ultimately come from the same source.

Applicant states that the marks are easily distinguishable because its additional wording appears at the beginning of the mark and adds two extra syllables, so that consumers can readily see the difference between the marks. However, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). Here, the marks create the same overall impression due to their common use of the terms FIRE FRAMES.

Applicant should also note that if the goods or services of the respective parties are closely related, as is the case here, the degree of similarity between marks required to support a finding of likelihood of confusion is not as great as would apply with diverse goods or services. *Century 21 Real Estate Corp. v. Century Life of America,* 970 F.2d 874, 877, 23 USPQ2d 1698, 1701 (Fed. Cir. 1992), *cert. denied* 506 U.S. 1034 (1992); *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); *ECI Division of E-Systems, Inc. v. Environmental Communications Inc.*, 207 USPQ 443 (TTAB 1980); TMEP §1207.01(b).

**Similarity of the Goods**

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re*

*Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Any goods or services in the registrant's normal fields of expansion must also be considered in order to determine whether the registrant's goods or services are related to the applicant's identified goods or services for purposes of analysis under Section 2(d). *In re General Motors Corp.*, 196 USPQ 574 (TTAB 1977). The test is whether purchasers would believe the product or service is within the registrant's logical zone of expansion. *CPG Prods. Corp. v. Perceptual Play, Inc.*, 221 USPQ 88 (TTAB 1983); TMEP §1207.01(a)(v).

Applicant describes its goods as fire and safety rated panel systems comprised primarily of metal goods and consisting of wall panels, windows, and doors, all sold as a unit in International Class 006. U.S. Registration No. 2162531 identifies its goods as fire-resistant wooden door jambs in International Class 019. U.S. Registration No. 2529865 lists its goods as door casings of metal, door frames of metal, door jambs of metal, door panels of metal, metal door frames, metal door panels, metal door units, metal window frames, metal window sills, window casements of metal in International Class 006.

Applicant and registrant are offering directly overlapping metal window and door parts, and closely related goods, namely, the wall panels and non-metal door parts. Accordingly, the goods travel in the same channels of marketing and distribution and are encountered by consumers in similar circumstances.

Applicant states that the consumers purchasing its goods and registrant's goods are sophisticated buyers who make careful selections. However, The fact that purchasers are sophisticated or knowledgeable in a particular field does not necessarily mean that they are sophisticated or knowledgeable in the field of trademarks or immune from source confusion. *See In re Decombe*, 9 USPQ2d 1812 (TTAB 1988); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983); TMEP §1207.01(d)(vii).

The test under Trademark Act Section 2(d) is whether there is a likelihood of confusion. It is unnecessary to show actual confusion in establishing likelihood of confusion. *See Weiss Associates Inc. v. HRL Associates Inc.*, 902 F.2d 1546, 14 USPQ2d 1840 (Fed. Cir. 1990), and cases cited therein. *See also In re Kangaroos U.S.A.*, 223 USPQ 1025 (TTAB 1984), wherein the Board stated as follows:

> [A]pplicant's assertion that it is unaware of any actual confusion occurring as a result of the contemporaneous use of the marks of applicant and registrant is of little probative value in an ex parte proceeding such as this where we have no evidence pertaining to the nature and extent of the use by applicant and registrant (and thus cannot ascertain whether there has been ample opportunity for confusion to arise, if it were going to); and registrant has no chance to be heard (at least in the absence of a consent agreement, which applicant has not submitted in this case). *Id.* at 1026-1027.

Finally, any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1004 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i).

Therefore, due to the similarity of the marks and the similarity of the goods, there is a likelihood of confusion for the average consumer, and applicant's mark must be refused registration.

The refusal for likelihood of confusion under Section 2(d) is therefore made FINAL.

**Applicant May Respond**

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

If applicant fails to respond to this final action within six months of the mailing date, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

(1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); and/or

(2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matters. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

/Lydia M. Belzer/

Trademark Examining Attorney

Law Office 108

571-272-5594

Lydia.Belzer@uspto.gov (informal responses only)

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.