1   Mark I. Schickman (State Bar No. 62653)
    schickman@freelandlaw.com
2   Daniel T. Bernhard (State Bar No. 104229)
    bernhard@freelandlaw.com
3   FREELAND COOPER & FOREMAN LLP
    150 Spear Street, Suite 1800
4   San Francisco, California 94105
    Telephone:    (415) 541-0200
5   Facsimile:    (415) 495-4332

6   Jason McDonell (State Bar No. 115084)
    jmcdonell@jonesday.com
7   Katherine S. Ritchey (State Bar No. 178409)
    ksritchey@jonesday.com
8   Jennifer Seraphine (State Bar No. 245463)
    jseraphine@jonesday.com
9   JONES DAY
    555 California Street, 26th Floor
10  San Francisco, California 94104
    Telephone:    (415) 626-3939
11  Facsimile:    (415) 875-5700

12  Attorneys for Plaintiff, Counterdefendant and
    Counterclaimant O'KEEFFE'S, INC.
13

14                              UNITED STATES DISTRICT COURT

15                              NORTHERN DISTRICT OF CALIFORNIA

16                                      SAN JOSE DIVISION

17  | O'KEEFFE'S, INC., | CASE NO.:  C 07-cv-03535 JF PVT |
|---|---|
18  | Plaintiff, | **PLAINTIFF O'KEEFFE'S, INC. 'S NOTICE OF MOTION AND MOTION TO COMPEL** |
19  | v. | |
20  | TECHNICAL GLASS PRODUCTS, ANEMOSTAT, and PILKINGTON PLC, | Date: May 20, 2008<br>Time: 10:00 a.m. |
21  | Defendants. | Before the Honorable Patricia V. Trumbull |
22  | | |
23  | AND RELATED COUNTERCLAIMS. | |

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................... 2

RELIEF REQUESTED .......................................................................................................... 2

ISSUES PRESENTED ........................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I. INTRODUCTION ..................................................................................................... 2

II. Meet and confer......................................................................................................... 3

III. Requests for production ............................................................................................ 3
    A. TGP's Relevance And Over Breadth Objections Are Not Well Taken And Should Be Overruled.................................................................................... 4
        1. TGP's View of Relevance and Over Breadth is Insupportable................... 4
        2. Documents Relevant to O'Keeffe's Defenses Should be Produced ........... 5
        3. TGP's Other Unilateral Limitations in its Responses are Both Unexplained and Unfounded ....................................................................... 6
    B. TGP's Objections Other Than Relevance And Over Breadth Are Waived ............ 7

IV. Interrogatories ........................................................................................................... 9

V. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Burlington Northern & Santa Fe Railway Company v. United States*
  408 F.3d 1142 (9th Cir. 2005) .................................................................................... 8

*Chartered Semiconductor Mfg. v. Integrated Semiconductor Serv.*
  2007 WL 1674593 (N.D.Cal. June 8, 2007) .............................................................. 7

*IO Group, Inc. v. Veoh Networks, Inc.*
  2007 WL 1113800 (N.D. Cal. April 13, 2007) .......................................................... 8

*Jackson v. Montgomery Ward & Co.*
  173 F.R.D. 524 (D. Nev. 1997) .................................................................................. 8

*Miller v. Pancucci*
  141 F.R.D. 292 (C.D. Cal. 1992) ............................................................................... 5

*Oppenheimer Fund v. Saunders*
  437 U.S. 340 (1978) ................................................................................................... 5

*U.S. ex rel. Woodruff v. Hawaii Pacific*
  2008 U.S. Dist. LEXIS 4933 (D. Haw. 2008) ........................................................... 5

**Rules**

Federal Rules of Civil Procedure
  26(b)(1) ...................................................................................................................... 4
  26(b)(2)(iii) ................................................................................................................ 8
  33(b)(4) ...................................................................................................................... 7
  34(b) ........................................................................................................................... 8
  34(b)(2)(B) ................................................................................................................. 7
  34(b)(2)(C) ................................................................................................................. 7

- ii -

O'Keeffe's Motion to Compel
Case No. 07 cv-03535 JF PVT

1 **NOTICE OF MOTION**

2     **PLEASE TAKE NOTICE** that on May 20, 2008 at 10:30 a.m. in the Courtroom of the
3 Honorable Patricia V. Trumbull, located at 280 South 1st Street, San Jose, O'Keeffe's Inc.
4 ("O'Keeffe") will, and hereby does, move this Court for an order compelling Technical Glass
5 Products ("TGP") to produce documents and to provide interrogatory responses. This motion
6 will be based on the Notice of Motion and Motion and the Memorandum of Points and
7 Authorities incorporated herein, and on the declaration of Katherine S. Ritchey in Support of
8 Motion to Compel filed herewith.

9 **RELIEF REQUESTED**

10     O'Keeffe seeks an order compelling TGP to produce all documents responsive to request
11 for production nos. 1, 2, 3, 4, 5, 6, 10, 12, 18, 19, 21 and 25, and to provide complete
12 interrogatory responses to interrogatory nos. 4, 5, 6, 7, 8, 9 and 11.

13 **ISSUES PRESENTED**

14     1.    Can TGP refuse to produce documents and to provide interrogatory responses
15 based upon its relevance and over breadth objections on the basis that the requested documents
16 and information are not specifically referenced in the pleadings?

17     2.    Can TGP refuse to produce documents and to provide interrogatory responses
18 based upon other objections that it has failed to substantiate?

19 **MEMORANDUM OF POINTS AND AUTHORITIES**

20 **I.    INTRODUCTION.**

21     This case relates to the manufacture, marketing and sale of fire and safety glass.
22 O'Keeffe's, Inc. ("O'Keeffe") claims that Technical Glass Products ("TGP") puts its products in
23 the marketplace in a manner that is likely to and does lead to confusion and misuse of its
24 products. O'Keeffe's also alleges that TGP is inappropriately disparaging O'Keeffe's products in
25 the marketplace. This conduct supports claims for false advertising, trade libel and unfair
26 business practices. O'Keeffe also is defending false advertising and unfair business practice
27 claims asserted by TGP.

28

SFI-581879v1

- 2 -

O'Keeffe's Motion to Compel
Case No. 07 cv-03535 JF PVT

1    One overarching issue at the heart of much of the ongoing discovery dispute between the
2    parties is whether TGP can limit its search for responsive information and documents to the
3    factual examples described in O'Keeffe's counterclaim. O'Keeffe's claims are much broader
4    than the factual examples provided in the counterclaim, and nothing in the counterclaim purports
5    to limit the claims in the manner suggested by TGP. More importantly, TGP's position is at odds
6    with the federal discovery rules. If correct, TGP's position on discovery would essentially cut
7    litigation off at the knees and limit discovery to information already known by the opposing party
8    at the time of the pleadings. An enormous body of case law stands contrary to TGP's main
9    position. In other instances, TGP's responses ignore the relevance of the requested information to
10   O'Keeffe's defenses, or limit O'Keeffe's discovery request without explanation. In each
11   instance, TGP should be compelled to respond or produce the requested documents and
12   information.

## II.  MEET AND CONFER.

On January 18, 2008, O'Keeffe served its interrogatories and requests for production to TGP. Ritchey Decl. Exs. A & B. On February 20, 2008, TGP served its responses. *Id.* Ex. C & D. On April 2, 2008 (after a short stay on discovery had been lifted on March 28, 2008), counsel for O'Keeffe sent counsel for TGP a detailed meet and confer letter. *Id.* Ex. E. On April 7, 2008, the parties met and conferred as documented in the April 8 email from Katherine Ritchey (counsel for O'Keeffe) to Adam Wichman (counsel for TGP). *Id.* Ex. F. On April 9, TGP supplemented its responses to the requests for production. *Id.* Ex. G. The parties further met and conferred on April 10, as documented in the April 12 email from Katherine Ritchey to Todd Siegel (counsel for TGP). *Id.* Ex. H. On April 14, the parties further met and conferred. Through the meet and confer process, the issues in dispute were narrowed.

## III.  REQUESTS FOR PRODUCTION.

At issue are Request for Production Nos. 1, 2, 3, 4, 5, 6, 10, 12, 18, 19, 21 and 25. These requests seek information critical to O'Keeffe's claims and defenses, including documents relating to the sales of TGP's products, communications regarding code compliance and listings of TGP's products, and documents supporting specific statements TGP makes publicly. While

TGP is quick to use catchy discovery buzzwords like "fishing expedition," its responses and discussion in the meet and confer are devoid of any factual basis or analysis that suggests its unilateral limits on discovery are appropriate. O'Keeffe's position on the various discovery requests is set forth in detail in its communications throughout the meet and confer process. *See* Ritchey Decl. Exs. E, G & H. Without repeating each argument articulated in its letters and emails, O'Keeffe will try to provide illustrative examples to frame the issues.

### A. TGP's Relevance And Over Breadth Objections Are Not Well Taken And Should Be Overruled.

While TGP correctly notes that discovery must be relevant to a claim or defense (*see* Fed. R. Civ. P. 26(b)(1)), it improperly attempts to define O'Keeffe's claims *and* defenses by looking at paragraphs 15 and 16 of O'Keeffe's counterclaims in isolation and to the exclusion of O'Keeffe's other allegations. The first problem with this approach is that it takes an unduly limited view of relevance that limits discovery to explicit factual statements in the pleadings, as opposed to the actual claims and defenses. The second problem with the approach is that it fails to recognize that many discovery requests are relevant to O'Keeffe's defenses, which by definition would not be articulated in its counterclaims. Finally, TGP limits the responses to certain requests for no articulated reason, but presumably because it disputes the relevance of fully responsive information.

#### 1. TGP's View of Relevance and Over Breadth Is Insupportable.

O'Keeffe's pleadings assert claims for false advertising, trade libel and unfair competition. In support of these claims, O'Keeffe alleges, for example, that TGP's products are marketed and sold in unsafe applications, and that TGP omits critical limitations of its products. O'Keeffe Counterclaim at ¶ 15. O'Keeffe's also alleges that TGP misrepresents the code applicability standards. *Id.* at ¶ 16. In each of these paragraphs, O'Keeffe provides examples of the problem. These allegations are more than adequate to satisfy the notice pleading requirements of federal court, and now discovery is permissible to collect evidence that will allow the parties to clarify and define the issues for depositions, motions and trial. TGP, however, takes the examples as limitations. Specifically, TGP purports to limit its production to only those examples

1  referenced in the pleadings. *See* Ritchey Decl. Ex. G, supplemental responses 1, 2, 3, 10, 12, 28.
2  This limitation is not supported by the law, and full production for each of these requests should
3  be ordered.
4        In fact, the Supreme Court has addressed exactly the circumstance presented here and held
5  "[c]onsistent with the notice-pleading system established by the Rules, discovery is not limited to
6  issues raised by the pleadings, for discovery itself is designed to help define and clarify the
7  issues."[1] *Oppenheimer Fund v. Saunders*, 437 U.S. 340, 351 (1978). This principle is confirmed
8  throughout the case law. *See, e.g. Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) ("To
9  limit an examination to matters relevant to only the precise issue presented by their pleadings,
10 would not only be contrary to the express purpose of Rule 26 . . . , but also might also result in a
11 complete failure to afford plaintiff an adequate opportunity to obtain information that would be
12 useful at trial."); *U.S. ex rel. Woodruff v. Hawaii Pacific*, 2008 U.S. Dist. LEXIS 4933 (D. Haw.
13 2008) (following *Oppenheimer Fund* to permit discovery even if it "is not directly relevant to the
14 current allegations" in the complaint because it was reasonably calculated to lead to admissible
15 evidence that "could provide further support" for claims). O'Keeffe not only has direct claims
16 bearing on the issues for which it seeks discovery, but it has alleged willfulness, making pattern
17 and intent evidence relevant.

18       **2.    Documents Relevant to O'Keeffe's Defenses Should be Produced.**

19       TGP's claims against O'Keeffe's on their face relate to the code requirements (including
20 hose stream) applicable to fire and impact rated windows and doors (TGP counterclaim at ¶ 84),
21 the limitations on the radiant heat protection offered by O'Keeffe's SuperLite I-XL product (*id.* at
22 ¶ 85), and the use of ratings obtained from listing agencies to mislead consumers (*id.* at ¶ 86).
23 These topics will be relevant for O'Keeffe's defense, and are at issue in the requests for
24 production before the Court.
25       For example, because TGP's counterclaim against O'Keeffe is premised on TGP's belief

---

[1] While certainly there are limits on discovery, as the Supreme Court noted in *Oppenheimer Fund*, those limits are not designed to limit the parties' ability to define and clarify issues, but rather to avoid circumstances such as discovery regarding claims or defenses that are stricken, or events outside the limitations period unless they are otherwise relevant. 437 U.S. at 351-52. Merely asserting in a conclusory fashion (as TGP did here) that the discovery is a "fishing expedition" does not result in discovery limitations.

1  that a product that does not meet each component of the standards applicable to fire rated
2  windows cannot be specified or approved as an alternate material pursuant to the California
3  Building Code, Request no. 3 (seeking instances in which TGP's product was specified or
4  approved as an alternate) is relevant to O'Keeffe's defense.

5  Request nos. 21 and 25 relate to TGP's communications about potential code changes
6  regarding the hose stream test. Because TGP apparently intends to assert the importance of this
7  test, its communications regarding why the relevant codes should or should not be changed are
8  plainly relevant. TGP's limitation that it will produce only documents that "specifically refer to
9  the hose stream test" (*see* Ritchey Decl. Ex. G at Request nos. 21 and 25) is unduly narrow. By
10 way of example, TGP's public statements discuss the hose stream test in terms of thermal shock
11 and sprinklers. Moreover, O'Keeffe's believes that TGP has opposed changes to those codes
12 requiring hose stream tests, so documents evidencing its reasoning are relevant. In short, there is
13 no basis to limit TGP's responses to only those communications using the words "hose stream
14 test." Any and all communications regarding the proposals to change the hose stream test were
15 requested and should be produced.

### 3. TGP's Other Unilateral Limitations in its Responses Are Both Unexplained and Unfounded.

18 In some instances, TGP has unilaterally limited its responses without explanation. For
19 example, Request Nos. 18 and 19 seek documents relating to specific statements TGP makes
20 about O'Keeffe's products (request 18) and TGP's own products (request 19). In light of its trade
21 libel and false advertising claims, O'Keeffe's is entitled to evidence of statements TGP is making
22 publicly. Yet, TGP inappropriately narrows these requests in its response. In response to request
23 18, TGP limits its response to production of a single test. TGP also excludes other categories of
24 documents, such as communications, from its response to Request 18. Similarly, TGP agrees to
25 produce only "non-privileged responsive *marketing* materials" in response to request 19. Putting
26 aside the fact that TGP apparently is taking the position that certain of its marketing materials are
27 privileged, this response, in essence, states that TGP will explain its marketing statements with its
28 marketing materials. Presumably, TGP has some factual foundation other than marketing to

1  support the statement.  Communications and other documents also would be relevant and
2  responsive.  A complete production is necessary.
3        TGP's responses to Request nos. 1 and 2 not only limit responsive documents to examples
4  specifically referenced in the pleadings (*see* Section III.A.1, above), but also unilaterally cut out
5  many categories of responsive documents.  The requests seek documents referring or relating to
6  any transaction, sale or installation of FireLite products since 2003.  While this would certainly
7  include communications with design professionals and AHJs (which TGP agrees to produce in
8  limited circumstances), as discussed in the meet and confer, among the additional relevant
9  documents would be estimates, invoices and other sales communications.[2]  These additional
10  documents are relevant to O'Keeffe's allegations that TGP puts its products in the marketplace in
11  a manner that is likely to and does cause confusion and misuse of the products.  Because
12  O'Keeffe's allegations often relate to the failure of TGP to disclose relevant information, it is
13  relevant to show that the limitations on TGP's products are not disclosed anywhere in the sales
14  process.  But, TGP's response limits the documents that will be produced to a small category of
15  responsive documents – namely communications concerning the radiant heat requirements of one
16  section of the California Building Code.  There is no basis to limit the production of responsive
17  documents.

18      **B.**    **TGP's Objections Other Than Relevance And Over Breadth Are Waived.**

19        TGP's original responses to each of O'Keeffe's 29 requests for production recited
20  virtually identical objections (*see* Ritchey Decl. Ex. B), suggesting that they were not tailored to
21  the specific requests as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P.
22  33(b)(4) & 34(b)(2)(B) & (C); *see also Chartered Semiconductor Mfg. v. Integrated*
23  *Semiconductor Serv.*, 2007 WL 1674593 (N.D.Cal. June 8, 2007) at *2.  The supplemental
24  responses are only marginally better – TGP expanded to a handful of objections and responses.
25  *See, e.g.* Ritchey Decl. Ex. G, responses 1, 2, 3, 10, 12 and 28.  Importantly, TGP has served
26  many requests for production to O'Keeffe's that are virtually identical to several requests at issue

---

27      [2] Importantly, while O'Keeffe can give examples of documents that should be produced, it does not have sufficient knowledge to be charged with specifically identifying each category that should be produced.  All
28  responsive documents should be produced.

SFI-581879v1

- 7 -

O'Keeffe's Motion to Compel
Case No. 07 cv-03535 JF PVT

here, which undermines its position that those requests are objectionable.

Despite a request for TGP to explain its use of general objections (*see* Ritchey Declaration Ex. E at 2), TGP has not indicated that it is relying on any general objection. In light of the disfavor within this Court for general objections and the failure to identify any general objection at issue during the meet and confer, O'Keeffe requests a ruling that they have no effect. *Burlington Northern & Santa Fe Railway Company v. United States*, 408 F.3d 1142, 1149 (9th Cir. 2005); *IO Group, Inc. v. Veoh Networks, Inc.*, 2007 WL 1113800 (N.D. Cal. April 13, 2007) at *1 (overruling general objections because their use "obscures the extent to which [defendant] is withholding information and does not satisfy the requirements for specificity under Fed. R. Civ. P. 34(b).").

After hours of meeting and conferring, TGP has never articulated any basis for its ambiguity or vagueness objections. O'Keeffe requests that these objections be overruled. TGP's burden objection likewise should be overruled. Despite repeated requests for TGP to substantiate the burden objections, only conclusory statements have been provided by TGP's attorneys that the required production would be voluminous, burdensome and expensive. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529-529 (D. Nev. 1997) ("Rule 26(b)(2)(iii) expressly limits discovery where the burden or expense of the proposed discovery outweighs its likely benefit. The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. . . . Furthermore, just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.") (Internal citations omitted.)

TGP asserted privilege objections in response to each request for production, notwithstanding the fact that several requests could not implicate privileged information. *See, e.g.* Ritchey Decl. Ex. D (Request for production nos. 6 and 7, seeking communications between TGP and third parties including the California Fire Marshall and Underwriters Laboratories). After having this issue called to its attention, TGP continues to assert these objections. *See, e.g.* Ritchey Decl. Ex. G (supplemental response to Request for Production no. 7 (seeking communications with the Fire Marshall) states that "TGP will produce non-privileged responsive

documents"). While TGP has indicated that it will produce a privilege log by April 30, to date O'Keeffe has no basis to evaluate any privilege objection so does not intend to waive any argument that it may have regarding TGP's privilege assertions including, but not limited to, that they are waived.

Based upon its utter failure to even attempt to substantiate any objection other than relevance and over breadth (subject to O'Keeffe's consideration of any privilege log served on or before April 30), O'Keeffe requests that the Court find that TGP has waived those objections.

## IV.    INTERROGATORIES.

Interrogatories 4, 5, 6, 7, 8, 9 and 11 are at issue.[3] TGP initially refused to meet and confer on its responses to interrogatories. *See* Ritchey Decl. Ex. F. Notwithstanding the fact that it had two attorneys present at the Case Management Conference, TGP took the position that only requests for production were exempted from the ongoing stay. *Id.* Only once O'Keeffe produced a transcript would TGP discuss its responses to interrogatories. TGP has stated that its concern with these interrogatories is based upon its belief that they go beyond the specific factual examples alleged in O'Keeffe's counterclaim. For the reasons stated above (*see* Section III.A.1), this interpretation of relevance is not well taken. O'Keeffe's April 2 letter briefly describes why further responses are merited. It states:

> Interrogatories
>
> Nos. 4, 6, 7 & 11: The objections do not provide any detail to support the ambiguity, over breadth, burden or relevance objections. In light of the fact that TGP served similar interrogatories, these objections are especially unclear. It seems unlikely that TGP cannot identify any projects in which its various products were sold. At a minimum, TGP needs to provide responsive information regarding those responsive projects that it can identify, and state why it cannot identify any remaining projects.
>
> Nos. 5 & 8: These requests seek for TGP to identify projects in which certain specified products were used, and then to state revenue and profits based on those sales. Again, TGP requested similar information from O'Keeffe's, so over breadth, burden and relevance objections are particularly hard to understand. Please provide the requested information.

---

[3] O'Keeffe requested that TGP supplement the responses to interrogatories 10, 12 and 14 if O'Keeffe's understanding of the original responses as stated in the original April 2 meet and confer letter was not correct. TGP has not supplemented its responses or disputed O'Keeffe's interpretation. *See* Ex. E at 3.

> No. 9: It is unclear why TGP cannot understand this request, because it is virtually identical to TGP's Interrogatory No. 4 to O'Keeffe's. In light of the objections and the caveat "to the extent TGP understands the request," the response is evasive. Is TGP aware of any project that rejected any FireLite product for failing to meet building and safety codes or regulations or not? If so, please provide the reasons and evidence provided by the code official.

Ritchey Decl. Ex. E. TGP's failure to provide any specific response confirms that further responses should be ordered.

## V.     CONCLUSION.

TGP has adopted a view of discovery not supported by the rules or the case law. The requests are well within the scope of the claims and defenses. It is not sufficient for TGP to label those claims and defenses as not "valid" and the requests as a "fishing expedition." Despite repeated invitations to do so (*see* Ritchey Decl. Exs. E, F, H*)*, TGP has not identified any specific categories of documents that are irrelevant or overbroad. Rather, it wants to narrowly define what is relevant, and then exclude everything else. That is not the way discovery works. TGP should be ordered to produce all responsive documents and supplement its responses to interrogatories within 14 days of the hearing.

Dated: April 15, 2008                                            JONES DAY

                                            By:    /s/ - Katherine S. Ritchey
                                                   Katherine S. Ritchey
                                                   Attorneys for Plaintiff and Counterclaimant
                                                   O'Keeffe's, Inc.

SFI-581879v1

- 10 -

O'Keeffe's Motion to Compel
Case No. 07 cv-03535 JF PVT