# EXHIBIT D

1  Jeffrey S. Love (State Bar No. 195068)
   jeffrey.love@klarquist.com
2  Todd M. Siegel (*Pro Hac Vice*)
   todd.siegel@klarquist.com
3  Kelly I. Dunham (*Pro Hac Vice*)
   kelly.dunham@klarquist.com
4  Robert F. Scotti (*Pro Hac Vice*)
   robert.scotti@klarquist.com
5  Klarquist Sparkman, LLP
6  121 S.W. Salmon Street, Suite 1600
   Portland, OR 97204-2988
7  Telephone: (503) 595-5300
8  Facsimile: (503) 595-5301

9  Eric L. Wesenberg (State Bar No. 139696)
   ewesenberg@orrick.com
10 Gabriel M. Ramsey (State Bar No. 209218)
   gramsey@orrick.com
11 Orrick, Herrington & Sutcliffe LLP
   1000 Marsh Road
12 Menlo Park, CA 94025-1015
   Telephone: (650) 614-7400
13 Facsimile: (650) 614-7401
14
15 Attorneys for Defendant Technical Glass Products

16               UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                     SAN JOSE DIVISION

19
20 O'KEEFFE'S, INC.,                    Case No.: 07-3535 JF

21        Plaintiff,
                                        **DEFENDANT TECHNICAL GLASS**
22     v.                               **PRODUCTS' RESPONSE TO**
                                        **PLAINTIFF'S FIRST SET OF**
23 TECHNICAL GLASS PRODUCTS,            **REQUESTS FOR PRODUCTION OF**
   ANEMOSTAT AND PILKINGTON PLC,        **DOCUMENTS AND THINGS (NOS. 1-29)**
24
25        Defendants.

26
27
28                                         Case No.: C-07-3535 JF

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Defendant Technical

2    Glass Products ("TGP") objects and responds as follows to Plaintiff O'Keeffe's, Inc.'s ("OKI") First

3    Set of Requests for Production of Documents and Things (Nos. 1-29) to TGP.

4                                   **GENERAL RESPONSES**

5          TGP's responses are based on information known and available to it at the time of these

6    responses. TGP's response to particular requests that it will produce documents means that TGP

7    will search those files or records in its possession, custody or control that are believed to contain

8    documents reasonably believed to be responsive to the request, subject to the objections and

9    limitations as stated herein. TGP's response that it will produce responsive documents does not

10   mean that such documents exist. TGP provides these responses without prejudice to its right to

11   produce evidence of any subsequently discovered facts that it may later recall or discover. TGP

12   further reserves the right to amend or supplement any or all of the matters contained in these

13   responses as additional facts are ascertained, analyses are made, research is completed, and

14   contentions are made. TGP also reserves the right to redact irrelevant material from documents that

15   may also contain responsive material. By making these responses, TGP does not concede that the

16   information given is properly discoverable or admissible, and TGP reserves its right to object to the

17   introduction of these Responses into evidence for any purpose.

18                                   **GENERAL OBJECTIONS**

19         TGP makes the following General Objections, whether or not separately set forth in response

20   to each document request, definition, or instruction. The failure to refer specifically to a General

21   Objection should not be construed as a waiver of that General Objection.

22         1.    TGP objects to each request and to OKI's definitions and instructions to the extent

23   they attempt to impose an obligation on TGP different from or greater than that required by the

24   Federal Rules of Civil Procedure or any of the local rules of the Northern District of California.

25         2.    TGP objects to these requests to the extent they seek disclosure of information which

26   is otherwise protected from discovery pursuant to the Federal Rules of Civil Procedure and federal

27   common law.

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)   -1-

1    3.    TGP objects to these requests and the definitions and instructions in these requests to

2    the extent they seek documents and things that are protected from disclosure by third party

3    confidentiality agreements as well as orders entered by the courts.

4    4.    To the extent these requests seek discovery of information within the scope of Federal

5    Rule of Civil Procedure 26(b)(4), TGP objects to these requests as premature and improper

6    discovery of expert opinion. Such information will be disclosed within the time frame outlined in a

7    case management order to be entered by the Court in this action.

8    5.    TGP objects to these requests to the extent that they are unduly vague and overbroad,

9    and fail to identify the documents sought with reasonably particularity, thereby requiring TGP to

10    resort to conjecture and speculation as to what information is sought.

11    6.    TGP objects to these requests to the extent that any request may be construed as

12    requiring TGP to characterize documents or its contents or to speculate as to what the documents

13    may or may not show.

14    7.    TGP objects to these requests to the extent they seek information or documents not

15    relevant to any claims and defenses and are not reasonably calculated to lead to the discovery of

16    admissible evidence.

17    8.    TGP objects to these requests to the extent that they purport to impose upon TGP the

18    burden of furnishing information that is not available to TGP or that is equally or more readily

19    available to OKI.

20    9.    TGP objects to these requests to the extent that they seek confidential, proprietary, or

21    trade secret information. Subject to this and its other objections, TGP will provide such information

22    (if responsive to otherwise non-objectionable discovery requests) after the entry of a suitable

23    protective order, which limits access and dissemination of such information in a manner so as to

24    preserve and protect TGP's confidential, proprietary, or trade secret information.

25    10.    TGP objects to these requests as vague, ambiguous, unduly burdensome, overly

26    broad, and not reasonably calculated to lead to the discovery of admissible evidence. TGP is seeking

27    discovery be stayed while the parties and the Court work towards narrowing the issues in this case.

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -2-

1   Thus, any production is conditioned on the Court denying the stay. TGP reserves the right to amend

2   and supplement these objections and responses.

3       Without waiving the foregoing objections and incorporating said objections into each

4   specific response below, TGP responds to Plaintiffs' First Set of Requests for Production of

5   Documents and Things (Nos. 1-29) as follows:

6                   **SPECIFIC OBJECTIONS AND RESPONSES**

7   REQUEST FOR PRODUCTION NO. 1

8       All documents, communications, and things that refer or relate to any transaction, sale, or

9   installation of TGP's FireLite products in the state of California since January 1, 2003, including but

10  not limited to all such provided to or from any design professional or Authority Having Jurisdiction

11  (AHJ) for the purpose of approving or rejecting the use of FireLite products in applications requiring a

12  fire rating in excess of 45-minutes under the California Building Code.

13  RESPONSE TO REQUEST NO. 1

14      TGP incorporates its general objections as its objections to this request. Consistent with its

15  general objections, TGP objects to this request to the extent that it seeks information protected from

16  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

17  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

18  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

19  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

20  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

21  allegations against TGP in an effort to better understand the allegations and requests so that

22  discovery can proceed meaningfully and reasonably. TGP does not market or encourage use of

23  FireLite in applications for which FireLite is not properly rated.

24  REQUEST FOR PRODUCTION NO. 2

25      All documents, communications, and things that refer or relate to any transaction, sale, or

26  installation of TGP's FireLite products since January 1, 2003, including but not limited to all such

27  provided to or from any design professional or Authority Having Jurisdiction (AHJ) for the purpose of

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -3-

1   approving or rejecting the use of FireLite products in applications requiring a fire rating in excess of

2   45-minutes.

3   RESPONSE TO REQUEST NO. 2

4         TGP incorporates its general objections as its objections to this request. Consistent with its

5   general objections, TGP objects to this request to the extent that it seeks information protected from

6   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

7   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

8   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

9   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

10  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

11  allegations against TGP in an effort to better understand the allegations and requests so that

12  discovery can proceed meaningfully and reasonably. TGP does not market or encourage use of

13  FireLite in applications for which FireLite is not properly rated.

14  REQUEST FOR PRODUCTION NO. 3

15        All documents, communications, and things that refer to providing design professionals or

16  AHJs with information regarding the radiant heat transmission performance of TGP's FireLite

17  products for the purpose of either specifying or approving them for use in fire door or window

18  assemblies requiring greater than a 45-minute rating.

19  RESPONSE TO REQUEST NO. 3

20        TGP incorporates its general objections as its objections to this request. Consistent with its

21  general objections, TGP objects to this request to the extent that it seeks information protected from

22  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

23  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

24  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

25  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

26  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

27  allegations against TGP in an effort to better understand the allegations and requests so that

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -4-

1    discovery can proceed meaningfully and reasonably. TGP futher objects to the phrase "radiant heat"

2    as vague and ambiguous. To the extent TGP understands what Plaintiff is referring to in its use of

3    "radiant heat," TGP publicly discloses in its FireLite marketing literature that FireLite "is not a

4    barrier to radiant heat" and further notes that if a particular "jurisdiction requires a 'barrier to heat'

5    product, please contact Technical Glass Products regarding Pilkington Pyrostop.'"

6    REQUEST FOR PRODUCTION NO. 4

7         All documents and things that refer to whether TGP's FireLite products comply with any

8    building code, regulation, or standard, including but not limited to the California Building Code,

9    Uniform Building Code ("UBC"), National Fire Protection Association ("NFPA"), Standard Methods

10   of Fire Tests of Door Assemblies, American Society for Testing and Materials ("ASTM"), American

11   National Standards Institute ("ANSI"), Underwriters Laboratories, Inc. ("UL"), or International

12   Building Code ("IBC").

13   RESPONSE TO REQUEST NO. 4

14        TGP incorporates its general objections as its objections to this request. Consistent with its

15   general objections, TGP objects to this request to the extent that it seeks information protected from

16   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

17   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

18   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

19   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

20   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

21   allegations against TGP in an effort to better understand the allegations and requests so that

22   discovery can proceed meaningfully and reasonably. Based on current information, and to the extent

23   TGP understands the request, TGP is unaware of any building project in which a FireLite product

24   was found not compliant with a building or safety code or regulation.

25   REQUEST FOR PRODUCTION NO. 5

26

27

28

Case No.: C-007-3535-JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -5-

1    All documents and things that refer or relate to testing TGP's FireLite products including but

2    not limited to: Hose stream testing, radiant heat flux measurements, temperature rise limits, human

3    impact safety, or any testing related to UL standards.

4    RESPONSE TO REQUEST NO. 5

5    TGP incorporates its general objections as its objections to this request. Consistent with its

6    general objections, TGP objects to this request to the extent that it seeks information protected from

7    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

9    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

11   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12   allegations against TGP in an effort to better understand the allegations and requests so that

13   discovery can proceed meaningfully and reasonably.

14   REQUEST FOR PRODUCTION NO. 6

15   All documents and communications sent between UL and TGP that show or relate to any TGP

16   product passing or failing to pass any UL testing.

17   RESPONSE TO REQUEST NO. 6

18   TGP incorporates its general objections as its objections to this request. Consistent with its

19   general objections, TGP objects to this request to the extent that it seeks information protected from

20   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

22   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

24   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

25   allegations against TGP in an effort to better understand the allegations and requests so that

26   discovery can proceed meaningfully and reasonably.

27   REQUEST FOR PRODUCTION NO. 7

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -6-

1    All documents and communications sent between TGP and the California State Fire Marshall

2    Office that relate to the testing or safety characteristics of TGP's FireLite products, including but not

3    limited to any listing or delisting of FireLite products by the California State Fire Marshall Office.

4    RESPONSE TO REQUEST NO. 7

5    TGP incorporates its general objections as its objections to this request. Consistent with its

6    general objections, TGP objects to this request to the extent that it seeks information protected from

7    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

9    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

11   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12   allegations against TGP in an effort to better understand the allegations and requests so that

13   discovery can proceed meaningfully and reasonably.

14   REQUEST FOR PRODUCTION NO. 8

15   All documents and communications sent between TGP and the California State Fire Marshall

16   Office that relate to the testing or safety characteristics of SuperLite I-XL, including but not limited to

17   any listing of SuperLite I-XL (e.g., California Department of Forestry & Fire Protection Listing No.

18   4075–0035:112), and actions by the California State Fire Marshall Office relating to the listing of

19   SuperLite I-XL.

20   RESPONSE TO REQUEST NO. 8

21   TGP incorporates its general objections as its objections to this request. Consistent with its

22   general objections, TGP objects to this request to the extent that it seeks information protected from

23   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

25   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26   extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP

27   will produce non-privileged materials reasonably responsive to this request.

28
Case No.:  C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)   -7-

1    REQUEST FOR PRODUCTION NO. 9

2        All documents, communications, and things sent between TGP and any person, including

3    building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

4    contractors, relating to the use of SuperLite I-XL in any building project.

5    RESPONSE TO REQUEST NO. 9

6        TGP incorporates its general objections as its objections to this request. Consistent with its

7    general objections, TGP objects to this request to the extent that it seeks information protected from

8    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

9    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

10    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

11    extent it is not reasonably limited in scope.

12    REQUEST FOR PRODUCTION NO. 10

13        All documents, communications, and things sent between TGP and any person, including

14    building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

15    contractors, relating to the use of FireLite in any building project.

16    RESPONSE TO REQUEST NO. 10

17        TGP incorporates its general objections as its objections to this request. Consistent with its

18    general objections, TGP objects to this request to the extent that it seeks information protected from

19    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

20    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

21    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

22    extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

23    requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

24    allegations against TGP in an effort to better understand the allegations and requests so that

25    discovery can proceed meaningfully and reasonably.

26    REQUEST FOR PRODUCTION NO. 11

27

28

1     All documents, communications, and things that refer or relate to, or that constitute a request

2  for FireLite products to be approved by the AHJ as an alternate material in applications for a fire

3  resistance rating of 60-or 90-minutes.

4  RESPONSE TO REQUEST NO. 11

5     TGP incorporates its general objections as its objections to this request. Consistent with its

6  general objections, TGP objects to this request to the extent that it seeks information protected from

7  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

9  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

11  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12  allegations against TGP in an effort to better understand the allegations and requests so that

13  discovery can proceed meaningfully and reasonably. Based on current information, and to the extent

14  TGP understands the request, TGP is unaware of its FireLite product being requested for approval as

15  an alternate material.

16  REQUEST FOR PRODUCTION NO. 12

17     All documents, communications, and things sent between TGP and any building code official

18  relating to any request that any FireLite product be approved for use in any building project.

19  RESPONSE TO REQUEST NO. 12

20     TGP incorporates its general objections as its objections to this request. Consistent with its

21  general objections, TGP objects to this request to the extent that it seeks information protected from

22  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

23  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

24  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

25  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

26  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

27

28

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS          Case No.: C-007-3535 JF
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -9-

1   allegations against TGP in an effort to better understand the allegations and requests so that

2   discovery can proceed meaningfully and reasonably.

3   REQUEST FOR PRODUCTION NO. 13

4          All documents, communications, and things that relate to, or show, AHJ approval for FireLite

5   products, including but not limited to all data, reports, and analyses submitted to or received from the

6   AHJ in connection with the application depicted in the pictures shown in Exhibit 1 attached hereto.

7   RESPONSE TO REQUEST NO. 13

8          TGP incorporates its general objections as its objections to this request. Consistent with its

9   general objections, TGP objects to this request to the extent that it seeks information protected from

10  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

11  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

12  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

13  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

14  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

15  allegations against TGP in an effort to better understand the allegations and requests so that

16  discovery can proceed meaningfully and reasonably.

17  REQUEST FOR PRODUCTION NO. 14

18         All documents, communications, and things that relate to the FireLite projects pictured in

19  Exhibit 2 attached hereto.

20  RESPONSE TO REQUEST NO. 14

21         TGP incorporates its general objections as its objections to this request. Consistent with its

22  general objections, TGP objects to this request to the extent that it seeks information protected from

23  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

25  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

27  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

28                                                                      Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -10-

1    allegations against TGP in an effort to better understand the allegations and requests so that

2    discovery can proceed meaningfully and reasonably.

3    REQUEST FOR PRODUCTION NO. 15

4        All documents, communications, and things that relate to or show any instance where any

5    TGP's FireLite product failed a building inspection, contributed to the failure of a building inspection,

6    or was not approved for use in a building project.

7    RESPONSE TO REQUEST NO. 15

8        TGP incorporates its general objections as its objections to this request. Consistent with its

9    general objections, TGP objects to this request to the extent that it seeks information protected from

10   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

11   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

12   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

13   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

14   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

15   allegations against TGP in an effort to better understand the allegations and requests so that

16   discovery can proceed meaningfully and reasonably. Based on current information, TGP is unaware

17   of any reasonably responsive documents.

18   REQUEST FOR PRODUCTION NO. 16

19       All documents, communications, and things that relate to any instance, claim, lawsuit, or

20   allegation that the use of TGP's FireLite products contributed to a person being injured or property

21   being damaged.

22   RESPONSE TO REQUEST NO. 16

23       TGP incorporates its general objections as its objections to this request. Consistent with its

24   general objections, TGP objects to this request to the extent that it seeks information protected from

25   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

26   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

27   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

28

1  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

2  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

3  allegations against TGP in an effort to better understand the allegations and requests so that

4  discovery can proceed meaningfully and reasonably. Based on current information, TGP is unaware

5  of any reasonably responsive documents.

6  REQUEST FOR PRODUCTION NO. 17

7      All documents and things that relate to any request, or action upon any request, that a building

8  code inspector accept FireLite products in 60-and 90-minute applications that require fire rated glazing

9  complying with ASTM E119/NFPA 251.

10 RESPONSE TO REQUEST NO. 17

11     TGP incorporates its general objections as its objections to this request. Consistent with its

12 general objections, TGP objects to this request to the extent that it seeks information protected from

13 discovery by the attorney-client privilege, work product immunity, and/or any other applicable

14 privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

15 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

16 extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

17 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

18 allegations against TGP in an effort to better understand the allegations and requests so that

19 discovery can proceed meaningfully and reasonably. Based on current information, TGP is unaware

20 of any reasonably responsive documents.

21 REQUEST FOR PRODUCTION NO. 18

22     All documents supporting, relating or referring to the statements in Exhibit 3 attached hereto,

23 that "If the fire occurs on the non-coated side of the glass, there is a high probability that the glass will

24 collapse from the frame in a matter of minutes, thus providing no fire protection at all. The collapse of

25 glass from the frame can be accelerated if water from a sprinkler hits the hot glass."

26 RESPONSE TO REQUEST NO. 18

27

28                                                      Case No.:  C-007-3535 JF
   TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
   FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)   -13-

1    TGP incorporates its general objections as its objections to this request. Consistent with its

2    general objections, TGP objects to this request to the extent that it seeks information protected from

3    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

4    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

5    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

6    extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

7    requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

8    allegations against TGP in an effort to better understand the allegations and requests so that

9    discovery can proceed meaningfully and reasonably. Subject to and without waiving these

10   objections, TGP will produce a fire test report responsive to this request.

11   REQUEST FOR PRODUCTION NO. 19

12       All documents that relate or refer to the statement in Exhibit 1 attached hereto, that "FireLite is

13   the # 1 alternative to traditional wired glass."

14   RESPONSE TO REQUEST NO. 19

15       TGP incorporates its general objections as its objections to this request. Consistent with its

16   general objections, TGP objects to this request to the extent that it seeks information protected from

17   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

19   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

21   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22   allegations against TGP in an effort to better understand the allegations and requests so that

23   discovery can proceed meaningfully and reasonably.

24   REQUEST FOR PRODUCTION NO. 20

25       All documents that relate or refer to the statement in Exhibit 4 attached hereto, that "Before

26   specifying Fireglass 20 in an location requiring other than a 20-minute door leaf, please consult with

27   your local Authority Having Jurisdiction."

28

Case No.:  C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -13-

1  RESPONSE TO REQUEST NO. 20

2      TGP incorporates its general objections as its objections to this request. Consistent with its

3  general objections, TGP objects to this request to the extent that it seeks information protected from

4  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

6  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

8  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9  allegations against TGP in an effort to better understand the allegations and requests so that

10  discovery can proceed meaningfully and reasonably.

11  REQUEST FOR PRODUCTION NO. 21

12      All documents that refer or relate to any communications with William Koffel regarding any

13  code change proposal relating to the hose stream test of fire rated glazing products.

14  RESPONSE TO REQUEST NO. 21

15      TGP incorporates its general objections as its objections to this request. Consistent with its

16  general objections, TGP objects to this request to the extent that it seeks information protected from

17  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

19  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

21  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22  allegations against TGP in an effort to better understand the allegations and requests so that

23  discovery can proceed meaningfully and reasonably.

24  REQUEST FOR PRODUCTION NO. 22

25      All documents relating to any communications between TGP and WHI that refer to

26  SuperLite I, SuperLite I-XL, SuperLite II-XL, or any other O'Keeffe's product.

27  RESPONSE TO REQUEST NO. 22

28

Case No.:  C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -14-

1    TGP incorporates its general objections as its objections to this request. Consistent with its

2    general objections, TGP objects to this request to the extent that it seeks information protected from

3    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

4    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

5    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

6    extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP

7    will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.

8    REQUEST FOR PRODUCTION NO. 23

9        All documents that relate to any communication between TGP and UL referring to SuperLite I,

10    SuperLite I-XL, SuperLite II-XL, or any other any O'Keeffe's product.

11    RESPONSE TO REQUEST NO. 23

12        TGP incorporates its general objections as its objections to this request. Consistent with its

13    general objections, TGP objects to this request to the extent that it seeks information protected from

14    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

15    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

16    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

17    extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP

18    will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.

19    REQUEST FOR PRODUCTION NO. 24

20        All documents that, support, refer or relate to the statement in Exhibit 5 attached hereto that

21    "When heated by a fire, those products cannot withstand the thermal stress of even a small amount of

22    cool water. Sprinklers could cause them to fall out of the opening, breaching the barrier to smoke and

23    flames."

24    RESPONSE TO REQUEST NO. 24

25        TGP incorporates its general objections as its objections to this request. Consistent with its

26    general objections, TGP objects to this request to the extent that it seeks information protected from

27    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

28

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -15-

1 privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

2 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

3 extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

4 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

5 allegations against TGP in an effort to better understand the allegations and requests so that

6 discovery can proceed meaningfully and reasonably. Subject to and without waiving these

7 objections, TGP will produce non-privileged materials reasonably responsive to this request.

8 <u>REQUEST FOR PRODUCTION NO. 25</u>

9 All documents that refer or relate to any communication with any person, including William

10 Koffel, Thomas Zaremba, Thomas Mewbourne, GICC representatives, code officials or enforcers, ICC

11 members, ICC staff, ICC Fire Safety Committee representatives, UL representatives, etc., regarding any

12 IBC or NFPA code change proposal submitted on behalf of O'Keeffe's (SAFTI First) relating to hose

13 stream test of fire rated glazing products.

14 <u>RESPONSE TO REQUEST NO. 25</u>

15 TGP incorporates its general objections as its objections to this request. Consistent with its

16 general objections, TGP objects to this request to the extent that it seeks information protected from

17 discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18 privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

19 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20 extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

21 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22 allegations against TGP in an effort to better understand the allegations and requests so that

23 discovery can proceed meaningfully and reasonably.

24 <u>REQUEST FOR PRODUCTION NO. 26</u>

25 To the extent not already requested, all documents that refer or relate to any communication

26 with any UL representative regarding the testing, listing, labeling performance, characteristics of any

27 O'Keeffe's product.

28

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -16-

1  RESPONSE TO REQUEST NO. 26

2      TGP incorporates its general objections as its objections to this request.  Consistent with its

3  general objections, TGP objects to this request to the extent that it seeks information protected from

4  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

6  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

8  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9  allegations against TGP in an effort to better understand the allegations and requests so that

10  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

11  objections, TGP will produce non-privileged materials reasonably responsive to this request.

12  REQUEST FOR PRODUCTION NO. 27

13      To the extent not already requested, all documents that refer or relate to any communication

14  with any WHI representative regarding the testing, listing, labeling, performance, characteristics of any

15  O'Keeffe's product.

16  RESPONSE TO REQUEST NO. 27

17      TGP incorporates its general objections as its objections to this request.  Consistent with its

18  general objections, TGP objects to this request to the extent that it seeks information protected from

19  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

20  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

21  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

22  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

23  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

24  allegations against TGP in an effort to better understand the allegations and requests so that

25  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

26  objections, TGP will produce non-privileged materials reasonably responsive to this request as to

27  SuperLite I-XL.

28                                                          Case No.:  C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -17-

1 | REQUEST FOR PRODUCTION NO. 28

2 | All documents that refer or relate to any communication with any UL representative regarding

3 | the testing, listing, labeling performance, characteristics of any TGP product.

4 | RESPONSE TO REQUEST NO. 28

5 | TGP incorporates its general objections as its objections to this request. Consistent with its

6 | general objections, TGP objects to this request to the extent that it seeks information protected from

7 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8 | privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

9 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10 | extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

11 | requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12 | allegations against TGP in an effort to better understand the allegations and requests so that

13 | discovery can proceed meaningfully and reasonably.

14 | REQUEST FOR PRODUCTION NO. 29

15 | All documents that refer or relate to any communication with any UL representative regarding

16 | the testing, listing, labeling performance, characteristics of wired glass.

17 | RESPONSE TO REQUEST NO. 29

18 | TGP incorporates its general objections as its objections to this request. Consistent with its

19 | general objections, TGP objects to this request to the extent that it seeks information protected from

20 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21 | privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

22 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23 | extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

24 | requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

25 | allegations against TGP in an effort to better understand the allegations and requests so that

26 | discovery can proceed meaningfully and reasonably.

27 |

28 |

Case No.: C-007-3535 JF

TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    -18-

1

2  Dated this 20th day of February, 2008

3

4  By: _____
       Jeffrey S. Love
5      jeffrey.love@klarquist.com
       Todd M. Siegel
6      todd.siegel@klarquist.com
       Kelly I. Dunham
7      kelly.dunham@klarquist.com
       Robert F. Scotti
8      robert.scotti@klarquist.com
       Klarquist Sparkman, LLP
9      121 S.W. Salmon Street, Suite 1600
       Portland, OR 97204-2988
10     Telephone: (503) 595-5300
       Facsimile: (503) 595-5301
11

12     Eric L. Wesenberg
       ewesenberg@orrick.com
13     Orrick, Herrington & Sutcliffe LLP
       1000 Marsh Road
14     Menlo Park, CA 94025-1015
       Telephone: (650) 614-7400
15     Facsimile: (650) 614-7401

16
       Attorneys for Defendant Technical Glass Products
17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

1

2    The undersigned hereby certifies that on February 20, 2008, the foregoing DEFENDANT

3    TECHNICAL PRODUCTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR

4    PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29) was served by electronic mail to the

5    following:

6
     Mark I. Schickman
7    mis@freelandlaw.com
     Daniel T. Bernhard
8    bernhard@freelandlaw.com
9    FREELAND COOPER & FOREMAN LLP
     150 Spear Street, Suite 1800
10   San Francisco, CA 94105
     Telephone: 415-541-0200
11   Facsimile: 415-495-4332

12   Jason S. McDonell
13   jmcdonell@jonesday.com
     JONES DAY
14   555 California Street, 26th Floor
     San Francisco, CA 94104-1500
15   P: 415-626-3939
     F: 415-875-5700
16
17   Attorneys for Plaintiff O'Keeffe's, Inc.

18

19

20

21

22

23

24

25

26

27

28
                                                          Case No.: C-007-3535 JF
     TGP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
     FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)   -20-