EXHIBIT G

Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Todd M. Siegel (*Pro Hac Vice*)
todd.siegel@klarquist.com
Kelly I. Dunham (*Pro Hac Vice*)
kelly.dunham@klarquist.com
Robert F. Scotti (*Pro Hac Vice*)
robert.scotti@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

Attorneys for Defendant Technical Glass Products

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC., | Case No.:  07-3535 JF |
| Plaintiff, | |
| v. | **DEFENDANT TECHNICAL GLASS PRODUCTS' FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)** |
| TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON PLC, | |
| Defendants. | |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Defendant Technical

2   Glass Products ("TGP") objects and responds as follows to Plaintiff O'Keeffe's, Inc.'s ("OKI") First

3   Set of Requests for Production of Documents and Things (Nos. 1-29) to TGP.

4                                    **GENERAL RESPONSES**

5       TGP's responses are based on information known and available to it at the time of these

6   responses.  TGP's response to particular requests that it will produce documents means that TGP

7   will search those files or records in its possession, custody or control that are believed to contain

8   documents reasonably believed to be responsive to the request, subject to the objections and

9   limitations as stated herein.  TGP's response that it will produce responsive documents does not

10  mean that such documents exist.  TGP provides these responses without prejudice to its right to

11  produce evidence of any subsequently discovered facts that it may later recall or discover.  TGP

12  further reserves the right to amend or supplement any or all of the matters contained in these

13  responses as additional facts are ascertained, analyses are made, research is completed, and

14  contentions are made.  TGP also reserves the right to redact irrelevant material from documents that

15  may also contain responsive material.  By making these responses, TGP does not concede that the

16  information given is properly discoverable or admissible, and TGP reserves its right to object to the

17  introduction of these Responses into evidence for any purpose.

18                                   **GENERAL OBJECTIONS**

19      TGP makes the following General Objections, whether or not separately set forth in response

20  to each document request, definition, or instruction.  The failure to refer specifically to a General

21  Objection should not be construed as a waiver of that General Objection.

22      1.    TGP objects to each request and to OKI's definitions and instructions to the extent

23  they attempt to impose an obligation on TGP different from or greater than that required by the

24  Federal Rules of Civil Procedure or any of the local rules of the Northern District of California.

25      2.    TGP objects to these requests to the extent they seek disclosure of information which

26  is otherwise protected from discovery pursuant to the Federal Rules of Civil Procedure and federal

27  common law.

28

1    3.    TGP objects to these requests and the definitions and instructions in these requests to

2  the extent they seek documents and things that are protected from disclosure by third party

3  confidentiality agreements as well as orders entered by the courts.

4    4.    To the extent these requests seek discovery of information within the scope of Federal

5  Rule of Civil Procedure 26(b)(4), TGP objects to these requests as premature and improper

6  discovery of expert opinion.  Such information will be disclosed within the time frame outlined in a

7  case management order to be entered by the Court in this action.

8    5.    TGP objects to these requests to the extent that they are unduly vague and overbroad,

9  and fail to identify the documents sought with reasonably particularity, thereby requiring TGP to

10 resort to conjecture and speculation as to what information is sought.

11    6.    TGP objects to these requests to the extent that any request may be construed as

12 requiring TGP to characterize documents or its contents or to speculate as to what the documents

13 may or may not show.

14    7.    TGP objects to these requests to the extent they seek information or documents not

15 relevant to any claims and defenses and are not reasonably calculated to lead to the discovery of

16 admissible evidence.

17    8.    TGP objects to these requests to the extent that they purport to impose upon TGP the

18 burden of furnishing information that is not available to TGP or that is equally or more readily

19 available to OKI.

20    9.    TGP objects to these requests to the extent that they seek confidential, proprietary, or

21 trade secret information.  Subject to this and its other objections, TGP will provide such information

22 (if responsive to otherwise non-objectionable discovery requests) after the entry of a suitable

23 protective order, which limits access and dissemination of such information in a manner so as to

24 preserve and protect TGP's confidential, proprietary, or trade secret information.

25    10.    To the extent any responsive document is protected by the attorney-client privilege,

26 the attorney work product doctrine or any other applicable privilege, TGP will not produce such

27 document, but will provide a privilege log pursuant to Fed. R. Civ. P. Rule 26(b)(5).

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                - 2 -

CV 07-3535 JF (PVT)

1          11.    TGP reserves the right to amend and supplement these objections and responses.

2          Without waiving the foregoing objections and incorporating said objections into each

3   specific response below, TGP responds to Plaintiffs' First Set of Requests for Production of

4   Documents and Things (Nos. 1-29) as follows:

5                        **SPECIFIC OBJECTIONS AND RESPONSES**

6   <u>REQUEST FOR PRODUCTION NO. 1</u>

7          All documents, communications, and things that refer or relate to any transaction, sale, or

8   installation of TGP's FireLite products in the state of California since January 1, 2003, including but

9   not limited to all such provided to or from any design professional or Authority Having Jurisdiction

10   (AHJ) for the purpose of approving or rejecting the use of FireLite products in applications requiring a

11   fire rating in excess of 45-minutes under the California Building Code.

12   <u>RESPONSE TO REQUEST NO. 1</u>

13          TGP incorporates its general objections as its objections to this request.  Consistent with its

14   general objections, TGP objects to this request to the extent that it seeks information protected from

15   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

16   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

17   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

18   extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

19   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

20   allegations against TGP in an effort to better understand the allegations and requests so that

21   discovery can proceed meaningfully and reasonably.  TGP does not market or encourage use of

22   FireLite in applications for which FireLite is not properly rated.

23   <u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>

24          Without waiving any of the foregoing the objections, and subject to them, TGP provides as

25   follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

26   or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

27   TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

28

1   statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

2   "use" of FireLite that was the subject of any such statement by TGP.

3        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

4   authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

5   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

6   17200, or California common law, and, in short, fails to frame the allegations in a manner that

7   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

8   O'Keeffe's.

9        Subject to the foregoing, and to the extent TGP understands O'Keeffe's claims and discovery

10  requests, TGP will produce non-privileged responsive documents to the extent they can be located

11  after a reasonable search for communications with the public, design professionals, or AHJs, since

12  January 1, 2003, concerning the applicability of radiant heat requirements of Chapter 7 of the

13  California Building Code to using FireLite in these applications:

14  • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

15  • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

16  • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

17       Additionally, based on current information, and to the extent TGP understands the Request,

18  TGP is unaware of any request to approve its FireLite product as an alternate material.

19

20  REQUEST FOR PRODUCTION NO. 2

21       All documents, communications, and things that refer or relate to any transaction, sale, or

22  installation of TGP's FireLite products since January 1, 2003, including but not limited to all such

23  provided to or from any design professional or Authority Having Jurisdiction (AHJ) for the purpose of

24  approving or rejecting the use of FireLite products in applications requiring a fire rating in excess of

25  45-minutes.

26

27

28

1  RESPONSE TO REQUEST NO. 2

2       TGP incorporates its general objections as its objections to this request.  Consistent with its

3  general objections, TGP objects to this request to the extent that it seeks information protected from

4  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

6  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

8  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9  allegations against TGP in an effort to better understand the allegations and requests so that

10  discovery can proceed meaningfully and reasonably.  TGP does not market or encourage use of

11  FireLite in applications for which FireLite is not properly rated.

12  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2

13       Without waiving any of the foregoing objections, and subject to them, TGP provides as

14  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

15  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

16  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

17  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

18  "use" of FireLite that was the subject of any such statement by TGP.

19       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

20  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

21  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

22  17200, or California common law, and, in short, fails to frame the allegations in a manner that

23  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

24  O'Keeffe's.

25       Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

26  discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

27  they can be located after a reasonable search for communications with the public, design

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 5 -

CV 07-3535 JF (PVT)

1  professionals, or AHJs, since January 1, 2003, concerning the applicability of radiant heat

2  requirements of Chapter 7 of the International Building Code to using FireLite in these applications:

3  • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

4  • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

5  • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

6  Additionally, based on current information, and to the extent TGP understands the Request,

7  TGP is unaware of any request to approve its FireLite product as an alternate material.

8

9  REQUEST FOR PRODUCTION NO. 3

10  All documents, communications, and things that refer to providing design professionals or

11  AHJs with information regarding the radiant heat transmission performance of TGP's FireLite

12  products for the purpose of either specifying or approving them for use in fire door or window

13  assemblies requiring greater than a 45-minute rating.

14  RESPONSE TO REQUEST NO. 3

15  TGP incorporates its general objections as its objections to this request. Consistent with its

16  general objections, TGP objects to this request to the extent that it seeks information protected from

17  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

19  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

21  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22  allegations against TGP in an effort to better understand the allegations and requests so that

23  discovery can proceed meaningfully and reasonably. TGP further objects to the phrase "radiant

24  heat" as vague and ambiguous. To the extent TGP understands what Plaintiff is referring to in its

25  use of "radiant heat," TGP publicly discloses in its FireLite marketing literature that FireLite "is not

26  a barrier to radiant heat" and further notes that if a particular "jurisdiction requires a 'barrier to heat'

27  product, please contact Technical Glass Products regarding Pilkington Pyrostop.'"

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                    - 6 -

CV 07-3535 JF (PVT)

1    FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3

2         Without waiving any of the foregoing objections, and subject to them, TGP provides as

3    follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

4    or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

5    TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

6    statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

7    "use" of FireLite that was the subject of any such statement by TGP.

8         O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

9    authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

10   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

11   17200, or California common law, and, in short, fails to frame the allegations in a manner that

12   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

13   O'Keeffe's.

14        Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

15   discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

16   they can be located after a reasonable search for communications with the public, design

17   professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

18   International Building Code to using FireLite in these applications:

19        •  as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

20        •  in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

21        •  in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

22        Additionally, based on current information, and to the extent TGP understands the Request,

23   TGP is unaware of any request to approve its FireLite product as an alternate material.

24

25   REQUEST FOR PRODUCTION NO. 4

26        All documents and things that refer to whether TGP's FireLite products comply with any

27   building code, regulation, or standard, including but not limited to the California Building Code,

28

1  Uniform Building Code ("UBC"), National Fire Protection Association ("NFPA"), Standard Methods

2  of Fire Tests of Door Assemblies, American Society for Testing and Materials ("ASTM"), American

3  National Standards Institute ("ANSI"), Underwriters Laboratories, Inc. ("UL"), or International

4  Building Code ("IBC").

5  RESPONSE TO REQUEST NO. 4

6       TGP incorporates its general objections as its objections to this request.  Consistent with its

7  general objections, TGP objects to this request to the extent that it seeks information protected from

8  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

9  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

10  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

11  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

12  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

13  allegations against TGP in an effort to better understand the allegations and requests so that

14  discovery can proceed meaningfully and reasonably.  Based on current information, and to the extent

15  TGP understands the request, TGP is unaware of any building project in which a FireLite product

16  was found not compliant with a building or safety code or regulation.

17  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4

18       Without waiving any of the foregoing objections, and subject to them, TGP provides as

19  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

20  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

21  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

22  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

23  "use" of FireLite that was the subject of any such statement by TGP.

24       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

25  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

26  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

27  17200, or California common law, and, in short, fails to frame the allegations in a manner that

28

1  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

2  O'Keeffe's.

3        Having failed to identify code provisions that it contends prohibit as-yet-unspecified uses of

4  FireLite, O'Keeffe's Request calls for the production of documents far beyond anything relevant to a

5  cognizable claim or defense. The Request is thus overbroad and unduly burdensome, both in calling

6  for irrelevant documents and in the scope of that irrelevant production. Subject to the foregoing

7  objections, TGP will produce FireLite product information sheets and UL listings for its FireLite

8  products.

9

10  REQUEST FOR PRODUCTION NO. 5

11        All documents and things that refer or relate to testing TGP's FireLite products including but

12  not limited to: Hose stream testing, radiant heat flux measurements, temperature rise limits, human

13  impact safety, or any testing related to UL standards.

14  RESPONSE TO REQUEST NO. 5

15        TGP incorporates its general objections as its objections to this request. Consistent with its

16  general objections, TGP objects to this request to the extent that it seeks information protected from

17  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

19  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

21  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22  allegations against TGP in an effort to better understand the allegations and requests so that

23  discovery can proceed meaningfully and reasonably.

24  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5

25        Without waiving any of the foregoing objections, and subject to them, TGP provides as

26  follows. TGP objects to the Request as overbroad in calling for information not relevant to a claim

27  or defense as provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding

28

1  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

2  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

3  "use" of FireLite that was the subject of any such statement by TGP.

4       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

5  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

6  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

7  17200, or California common law, and, in short, fails to frame the allegations in a manner that

8  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

9  O'Keeffe's.

10       Subject to the foregoing objections, TGP will produce UL listing documents relating to

11  FireLite compliance with window and door assembly provisions in IBC §§ 715.4 and 715.5, with

12  supporting test documents.

13

14  REQUEST FOR PRODUCTION NO. 6

15       All documents and communications sent between UL and TGP that show or relate to any TGP

16  product passing or failing to pass any UL testing.

17  RESPONSE TO REQUEST NO. 6

18       TGP incorporates its general objections as its objections to this request.  Consistent with its

19  general objections, TGP objects to this request to the extent that it seeks information protected from

20  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

22  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

24  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

25  allegations against TGP in an effort to better understand the allegations and requests so that

26  discovery can proceed meaningfully and reasonably.

27

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                - 10 -

1  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6

2        Without waiving any of the foregoing objections, and subject to them, TGP provides as

3  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

4  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

5  TGP's request, counsel for O'Keeffe's has not identified: 1) any particular false or misleading

6  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

7  "use" of FireLite that was the subject of any such statement by TGP.

8        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

9  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

10 theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

11 17200, or California common law, and, in short, fails to frame the allegations in a manner that

12 allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

13 O'Keeffe's.

14       Subject to the foregoing objections, TGP will produce UL testing documents for FireLite,

15 FireGlass20, Pyroshield NT, and WireLite.

16

17 REQUEST FOR PRODUCTION NO. 7

18       All documents and communications sent between TGP and the California State Fire Marshall

19 Office that relate to the testing or safety characteristics of TGP's FireLite products, including but not

20 limited to any listing or delisting of FireLite products by the California State Fire Marshall Office.

21

22 RESPONSE TO REQUEST NO. 7

23       TGP incorporates its general objections as its objections to this request.  Consistent with its

24 general objections, TGP objects to this request to the extent that it seeks information protected from

25 discovery by the attorney-client privilege, work product immunity, and/or any other applicable

26 privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

27 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 11 -

1    extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

2    requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

3    allegations against TGP in an effort to better understand the allegations and requests so that

4    discovery can proceed meaningfully and reasonably.

5    FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7

6         Without waiving any of the foregoing objections, and subject to them, TGP provides as

7    follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

8    or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

9    TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

10   statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

11   "use" of FireLite that was the subject of any such statement by TGP.

12        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

13   authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

14   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

15   17200, or California common law, and, in short, fails to frame the allegations in a manner that

16   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

17   O'Keeffe's.

18        Subject to the foregoing objections, TGP will produce non-privileged responsive documents

19   that it can locate, after a reasonable search, related to communications with the California Fire

20   Marshal regarding the use of FireLite.

21

22   REQUEST FOR PRODUCTION NO. 8

23        All documents and communications sent between TGP and the California State Fire Marshall

24   Office that relate to the testing or safety characteristics of SuperLite I-XL, including but not limited to

25   any listing of SuperLite I-XL (e.g., California Department of Forestry & Fire Protection Listing No.

26   4075–0035:112), and actions by the California State Fire Marshall Office relating to the listing of

27   SuperLite I-XL.

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)            - 12 -

CV 07-3535 JF (PVT)

1  RESPONSE TO REQUEST NO. 8

2      TGP incorporates its general objections as its objections to this request. Consistent with its

3  general objections, TGP objects to this request to the extent that it seeks information protected from

4  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

6  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7  extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP

8  will produce non-privileged materials reasonably responsive to this request.

9  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8

10      Without waiving any of the foregoing objections, and subject to them, TGP will produce

11  responsive documents and communications that it can locate, after a reasonable search.

12

13  REQUEST FOR PRODUCTION NO. 9

14      All documents, communications, and things sent between TGP and any person, including

15  building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

16  contractors, relating to the use of SuperLite I-XL in any building project.

17  RESPONSE TO REQUEST NO. 9

18      TGP incorporates its general objections as its objections to this request. Consistent with its

19  general objections, TGP objects to this request to the extent that it seeks information protected from

20  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

22  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23  extent it is not reasonably limited in scope.

24  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9

25      Without waiving any of the foregoing objections, and subject to them, TGP will produce

26  non-privilege documents and communications that it can locate, after a reasonable search, sent

27

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 13 -

1   between TGP and building code officials, manufacturers, distributors, architects, code consultants or

2   glazing contractors, relating to the use of SuperLite I-XL in any building project.

3

4   <u>REQUEST FOR PRODUCTION NO. 10</u>

5        All documents, communications, and things sent between TGP and any person, including

6   building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

7   contractors, relating to the use of FireLite in any building project.

8   <u>RESPONSE TO REQUEST NO. 10</u>

9        TGP incorporates its general objections as its objections to this request.  Consistent with its

10   general objections, TGP objects to this request to the extent that it seeks information protected from

11   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

12   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

13   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

14   extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

15   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

16   allegations against TGP in an effort to better understand the allegations and requests so that

17   discovery can proceed meaningfully and reasonably.

18   <u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>

19        Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

20   objects to the Request as overbroad in calling for information not relevant to a claim or defense as

21   provided by Rule 26(b)(1).  FireLite has many uses, which have nothing to do with any allegation in

22   O'Keeffe's counterclaims.  The counterclaims do not allege, and notwithstanding TGP's request,

23   counsel for O'Keeffe's has not identified:  1) any particular false or misleading statement by TGP

24   concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

25   that was the subject of any such statement by TGP.

26        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

27   authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)     - 14 -

1   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

2   17200, or California common law, and, in short, fails to frame the allegations in a manner that

3   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

4   O'Keeffe's.

5         Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

6   discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

7   they can be located after a reasonable search for communications with the public, design

8   professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

9   International Building Code to using FireLite in these applications:

10      • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

11      • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

12      • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

13        Additionally, based on current information, and to the extent TGP understands the Request,

14  TGP is unaware of any request to approve its FireLite product as an alternate material.

15

16  REQUEST FOR PRODUCTION NO. 11

17        All documents, communications, and things that refer or relate to, or that constitute a request

18  for FireLite products to be approved by the AHJ as an alternate material in applications for a fire

19  resistance rating of 60-or 90-minutes.

20  RESPONSE TO REQUEST NO. 11

21        TGP incorporates its general objections as its objections to this request.  Consistent with its

22  general objections, TGP objects to this request to the extent that it seeks information protected from

23  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

25  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

27  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 15 -

1    allegations against TGP in an effort to better understand the allegations and requests so that

2    discovery can proceed meaningfully and reasonably. Based on current information, and to the extent

3    TGP understands the request, TGP is unaware of its FireLite product being requested for approval as

4    an alternate material.

5

6    REQUEST FOR PRODUCTION NO. 12

7        All documents, communications, and things sent between TGP and any building code official

8    relating to any request that any FireLite product be approved for use in any building project.

9    RESPONSE TO REQUEST NO. 12

10       TGP incorporates its general objections as its objections to this request. Consistent with its

11   general objections, TGP objects to this request to the extent that it seeks information protected from

12   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

13   privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

14   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

15   extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

16   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

17   allegations against TGP in an effort to better understand the allegations and requests so that

18   discovery can proceed meaningfully and reasonably.

19   FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12

20       Without waiving any of the foregoing, and subject to it, TGP provides as follows. TGP

21   objects to the Request as overbroad in calling for information not relevant to a claim or defense as

22   provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding TGP's request,

23   counsel for O'Keeffe's has not identified: 1) any particular false or misleading statement by TGP

24   concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

25   that was the subject of any such statement by TGP.

26       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

27   authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                    - 16 -

CV 07-3535 JF (PVT)

1   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

2   17200, or California common law, and, in short, fails to frame the allegations in a manner that

3   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

4   O'Keeffe's.

5          Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

6   discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

7   they can be located after a reasonable search for communications with the public, design

8   professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

9   International Building Code to using FireLite in these applications:

10     • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

11     • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

12     • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

13         Additionally, based on current information, and to the extent TGP understands the Request,

14  TGP is unaware of any request to approve its FireLite product as an alternate material.

15

16  REQUEST FOR PRODUCTION NO. 13

17         All documents, communications, and things that relate to, or show, AHJ approval for FireLite

18  products, including but not limited to all data, reports, and analyses submitted to or received from the

19  AHJ in connection with the application depicted in the pictures shown in Exhibit 1 attached hereto.

20  RESPONSE TO REQUEST NO. 13

21         TGP incorporates its general objections as its objections to this request.  Consistent with its

22  general objections, TGP objects to this request to the extent that it seeks information protected from

23  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

25  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

27  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                    - 17 -

CV 07-3535 JF (PVT)

1  allegations against TGP in an effort to better understand the allegations and requests so that

2  discovery can proceed meaningfully and reasonably.

3  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13

4        Without waiving any of the foregoing objections, and subject to them, TGP will produce

5  non-privileged responsive documents, to the extent TGP can locate any after a reasonable search,

6  that specifically relate to the application depicted in the pictures shown in Exhibit 1.

7

8  REQUEST FOR PRODUCTION NO. 14

9        All documents, communications, and things that relate to the FireLite projects pictured in

10  Exhibit 2 attached hereto.

11  RESPONSE TO REQUEST NO. 14

12        TGP incorporates its general objections as its objections to this request.  Consistent with its

13  general objections, TGP objects to this request to the extent that it seeks information protected from

14  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

15  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

16  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

17  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

18  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

19  allegations against TGP in an effort to better understand the allegations and requests so that

20  discovery can proceed meaningfully and reasonably.

21  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14

22        Without waiving any of the foregoing objections, and subject to them, TGP will produce

23  non-privileged responsive documents, to the extent TGP can locate any after a reasonable search,

24  that specifically relate to the application depicted in the pictures shown in Exhibit 2.

25

26

27

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                - 18 -

CV 07-3535 JF (PVT)

1  REQUEST FOR PRODUCTION NO. 15

2       All documents, communications, and things that relate to or show any instance where any

3  TGP's FireLite product failed a building inspection, contributed to the failure of a building inspection,

4  or was not approved for use in a building project.

5  RESPONSE TO REQUEST NO. 15

6       TGP incorporates its general objections as its objections to this request.  Consistent with its

7  general objections, TGP objects to this request to the extent that it seeks information protected from

8  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

9  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

10 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

11 extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

12 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

13 allegations against TGP in an effort to better understand the allegations and requests so that

14 discovery can proceed meaningfully and reasonably.  Based on current information, TGP is unaware

15 of any reasonably responsive documents.

16 FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15

17       Without waiving any of the foregoing and subject to them, based on current information,

18 TGP is unaware of any responsive documents.

19

20 REQUEST FOR PRODUCTION NO. 16

21       All documents, communications, and things that relate to any instance, claim, lawsuit, or

22 allegation that the use of TGP's FireLite products contributed to a person being injured or property

23 being damaged.

24 RESPONSE TO REQUEST NO. 16

25       TGP incorporates its general objections as its objections to this request.  Consistent with its

26 general objections, TGP objects to this request to the extent that it seeks information protected from

27 discovery by the attorney-client privilege, work product immunity, and/or any other applicable

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 19 -

CV 07-3535 JF (PVT)

1  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

2  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

3  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

4  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

5  allegations against TGP in an effort to better understand the allegations and requests so that

6  discovery can proceed meaningfully and reasonably. Based on current information, TGP is unaware

7  of any reasonably responsive documents.

8

9  REQUEST FOR PRODUCTION NO. 17

10     All documents and things that relate to any request, or action upon any request, that a building

11  code inspector accept FireLite products in 60-and 90-minute applications that require fire rated glazing

12  complying with ASTM E119/NFPA 251.

13  RESPONSE TO REQUEST NO. 17

14     TGP incorporates its general objections as its objections to this request. Consistent with its

15  general objections, TGP objects to this request to the extent that it seeks information protected from

16  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

17  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

18  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

19  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

20  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

21  allegations against TGP in an effort to better understand the allegations and requests so that

22  discovery can proceed meaningfully and reasonably. Based on current information, TGP is unaware

23  of any reasonably responsive documents.

24  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17

25     Without waiving any of the foregoing and subject to them, based on current information,

26  TGP is unaware of any responsive documents.

27

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                    - 20 -

CV 07-3535 JF (PVT)

1  REQUEST FOR PRODUCTION NO. 18

2      All documents supporting, relating or referring to the statements in Exhibit 3 attached hereto,

3  that "If the fire occurs on the non-coated side of the glass, there is a high probability that the glass will

4  collapse from the frame in a matter of minutes, thus providing no fire protection at all. The collapse of

5  glass from the frame can be accelerated if water from a sprinkler hits the hot glass."

6  RESPONSE TO REQUEST NO. 18

7      TGP incorporates its general objections as its objections to this request. Consistent with its

8  general objections, TGP objects to this request to the extent that it seeks information protected from

9  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

10 privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

11 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

12 extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

13 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

14 allegations against TGP in an effort to better understand the allegations and requests so that

15 discovery can proceed meaningfully and reasonably. Subject to and without waiving these

16 objections, TGP will produce a fire test report responsive to this request.

17

18 REQUEST FOR PRODUCTION NO. 19

19     All documents that relate or refer to the statement in Exhibit 1 attached hereto, that "FireLite is

20 the # 1 alternative to traditional wired glass."

21

22

23

24

25

26

27

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                - 21 -

CV 07-3535 JF (PVT)

RESPONSE TO REQUEST NO. 19

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's allegations against TGP in an effort to better understand the allegations and requests so that discovery can proceed meaningfully and reasonably.

FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Without waiving any of the foregoing objections, and subject to them, TGP will produce non-privileged responsive marketing information related to FireLite.

REQUEST FOR PRODUCTION NO. 20

All documents that relate or refer to the statement in Exhibit 4 attached hereto, that "Before specifying Fireglass 20 in an location requiring other than a 20-minute door leaf, please consult with your local Authority Having Jurisdiction."

RESPONSE TO REQUEST NO. 20

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's allegations against TGP in an effort to better understand the allegations and requests so that discovery can proceed meaningfully and reasonably.

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                - 22 -

CV 07-3535 JF (PVT)

1  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20

2      Without waiving the foregoing objections, and subject to them, TGP will produce non-

3  privileged responsive documents that it can locate, after a reasonable search.

4

5  REQUEST FOR PRODUCTION NO. 21

6      All documents that refer or relate to any communications with William Koffel regarding any

7  code change proposal relating to the hose stream test of fire rated glazing products.

8  RESPONSE TO REQUEST NO. 21

9      TGP incorporates its general objections as its objections to this request. Consistent with its

10  general objections, TGP objects to this request to the extent that it seeks information protected from

11  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

12  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

13  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

14  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

15  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

16  allegations against TGP in an effort to better understand the allegations and requests so that

17  discovery can proceed meaningfully and reasonably.

18  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21

19      Without waiving any of the foregoing and subject to them, TGP will produce responsive

20  documents that it can locate after a reasonable search, which specifically refer to the hose stream

21  test.

22

23  REQUEST FOR PRODUCTION NO. 22

24      All documents relating to any communications between TGP and WHI that refer to

25  SuperLite I, SuperLite I-XL, SuperLite II-XL, or any other O'Keeffe's product.

26  RESPONSE TO REQUEST NO. 22

27

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 23 -

CV 07-3535 JF (PVT)

1    TGP incorporates its general objections as its objections to this request. Consistent with its
2    general objections, TGP objects to this request to the extent that it seeks information protected from
3    discovery by the attorney-client privilege, work product immunity, and/or any other applicable
4    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly
5    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the
6    extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP
7    will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.
8    FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22
9        Without waiving any of the foregoing and subject to them, TGP will produce responsive
10    documents after a reasonable search.
11
12    REQUEST FOR PRODUCTION NO. 23
13        All documents that relate to any communication between TGP and UL referring to SuperLite I,
14    SuperLite I-XL, SuperLite II-XL, or any other any O'Keeffe's product.
15    RESPONSE TO REQUEST NO. 23
16        TGP incorporates its general objections as its objections to this request. Consistent with its
17    general objections, TGP objects to this request to the extent that it seeks information protected from
18    discovery by the attorney-client privilege, work product immunity, and/or any other applicable
19    privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly
20    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the
21    extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP
22    will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.
23    FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23
24        Without waiving any of the foregoing and subject to them, TGP will produce responsive
25    documents after a reasonable search.
26
27
28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)    - 24 -

CV 07-3535 JF (PVT)

1 | REQUEST FOR PRODUCTION NO. 24

2 |     All documents that, support, refer or relate to the statement in Exhibit 5 attached hereto that

3 | "When heated by a fire, those products cannot withstand the thermal stress of even a small amount of

4 | cool water.  Sprinklers could cause them to fall out of the opening, breaching the barrier to smoke and

5 | flames."

6 | RESPONSE TO REQUEST NO. 24

7 |     TGP incorporates its general objections as its objections to this request.  Consistent with its

8 | general objections, TGP objects to this request to the extent that it seeks information protected from

9 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

10 | privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

11 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

12 | extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

13 | requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

14 | allegations against TGP in an effort to better understand the allegations and requests so that

15 | discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

16 | objections, TGP will produce non-privileged materials reasonably responsive to this request.

17 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24

18 |     Without waiving any of the foregoing and subject to them, TGP will produce non-privileged

19 | responsive documents located after a reasonable search.

20 |

21 | REQUEST FOR PRODUCTION NO. 25

22 |     All documents that refer or relate to any communication with any person, including William

23 | Koffel, Thomas Zaremba, Thomas Mewbourne, GICC representatives, code officials or enforcers, ICC

24 | members, ICC staff, ICC Fire Safety Committee representatives, UL representatives, etc., regarding any

25 | IBC or NFPA code change proposal submitted on behalf of O'Keeffe's (SAFTI First) relating to hose

26 | stream test of fire rated glazing products.

27 |

28 |

1  RESPONSE TO REQUEST NO. 25

2      TGP incorporates its general objections as its objections to this request.  Consistent with its

3  general objections, TGP objects to this request to the extent that it seeks information protected from

4  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

6  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

8  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9  allegations against TGP in an effort to better understand the allegations and requests so that

10  discovery can proceed meaningfully and reasonably.

11  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25

12      Without waiving any of the foregoing and subject to them, TGP will produce non-privileged

13  responsive documents located after a reasonable search that specifically refer to the hose stream test.

14

15  REQUEST FOR PRODUCTION NO. 26

16      To the extent not already requested, all documents that refer or relate to any communication

17  with any UL representative regarding the testing, listing, labeling performance, characteristics of any

18  O'Keeffe's product.

19  RESPONSE TO REQUEST NO. 26

20      TGP incorporates its general objections as its objections to this request.  Consistent with its

21  general objections, TGP objects to this request to the extent that it seeks information protected from

22  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

23  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

24  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

25  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

26  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

27  allegations against TGP in an effort to better understand the allegations and requests so that

28

1  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

2  objections, TGP will produce non-privileged materials reasonably responsive to this request.

3  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26

4        Without waiving any of the foregoing objections, and subject to them, TGP will produce

5  responsive documents located after a reasonable search.

6

7  REQUEST FOR PRODUCTION NO. 27

8        To the extent not already requested, all documents that refer or relate to any communication

9  with any WHI representative regarding the testing, listing, labeling, performance, characteristics of any

10  O'Keeffe's product.

11  RESPONSE TO REQUEST NO. 27

12        TGP incorporates its general objections as its objections to this request.  Consistent with its

13  general objections, TGP objects to this request to the extent that it seeks information protected from

14  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

15  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

16  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

17  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

18  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

19  allegations against TGP in an effort to better understand the allegations and requests so that

20  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

21  objections, TGP will produce non-privileged materials reasonably responsive to this request as to

22  SuperLite I-XL.

23  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27

24        Without waiving any of the foregoing and subject to them, TGP will produce responsive

25  documents after a reasonable search.

26

27

28

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 27 -

1  REQUEST FOR PRODUCTION NO. 28

2      All documents that refer or relate to any communication with any UL representative regarding

3  the testing, listing, labeling performance, characteristics of any TGP product.

4  RESPONSE TO REQUEST NO. 28

5      TGP incorporates its general objections as its objections to this request. Consistent with its

6  general objections, TGP objects to this request to the extent that it seeks information protected from

7  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

9  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10 extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

11 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12 allegations against TGP in an effort to better understand the allegations and requests so that

13 discovery can proceed meaningfully and reasonably.

14 FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28

15     Without waiving any of the foregoing, and subject to it, TGP provides as follows. TGP

16 objects to the Request as overbroad in calling for information not relevant to a claim or defense as

17 provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding TGP's request,

18 counsel for O'Keeffe's has not identified: 1) any particular false or misleading statement by TGP

19 concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

20 that was the subject of any such statement by TGP.

21     O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

22 authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

23 theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

24 17200, or California common law, and, in short, fails to frame the allegations in a manner that

25 allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

26 O'Keeffe's.

27

28

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                                          - 28 -

CV 07-3535 JF (PVT)

1    Without waiving any of the foregoing objections, and subject to them, TGP will produce UL

2  testing and listing documents for FireLite, FireGlass20, Pyroshield NT, and WireLite, and after a

3  reasonable search, communications with UL that specifically concern the applicability of radiant

4  heat requirements of Chapter 7 of the International Building Code to using FireLite in these

5  applications:

6    • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

7    • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

8    • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

9

10  REQUEST FOR PRODUCTION NO. 29

11    All documents that refer or relate to any communication with any UL representative regarding

12  the testing, listing, labeling performance, characteristics of wired glass.

13  RESPONSE TO REQUEST NO. 29

14    TGP incorporates its general objections as its objections to this request.  Consistent with its

15  general objections, TGP objects to this request to the extent that it seeks information protected from

16  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

17  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

18  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

19  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

20  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

21  allegations against TGP in an effort to better understand the allegations and requests so that

22  discovery can proceed meaningfully and reasonably.

23  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29

24    Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

25  objects to the Request as overbroad in calling for information not relevant to a claim or defense as

26  provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding TGP's request,

27  counsel for O'Keeffe's has not identified: 1) any particular false or misleading statement by TGP

28

1  concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

2  that was the subject of any such statement by TGP.

3       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

4  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

5  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

6  17200, or California common law, and, in short, fails to frame the allegations in a manner that

7  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

8  O'Keeffe's.

9       Without waiving any of the foregoing objections, and subject to them, TGP will produce UL

10  testing and listing documents for FireLite, FireGlass20, Pyroshield NT, and WireLite, and after a

11  reasonable search, communications with UL that specifically concern wired glass.

12

13

14  Dated this 9th day of April, 2008

15

16  By: _____

17      Jeffrey S. Love
        jeffrey.love@klarquist.com
18      Todd M. Siegel
        todd.siegel@klarquist.com
19      Kelly I. Dunham
        kelly.dunham@klarquist.com
20      Robert F. Scotti
        robert.scotti@klarquist.com
21      Klarquist Sparkman, LLP
        121 S.W. Salmon Street, Suite 1600
22      Portland, OR 97204-2988
        Telephone: (503) 595-5300
23      Facsimile: (503) 595-5301

24
        Eric L. Wesenberg
25      ewesenberg@orrick.com
        Orrick, Herrington & Sutcliffe LLP
26      1000 Marsh Road
        Menlo Park, CA 94025-1015
27      Telephone: (650) 614-7400

28

Facsimile: (650) 614-7401

Attorneys for Defendant Technical Glass Products

CV 07-3535 JF (PVT)

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)          - 31 -

**PROOF OF SERVICE**

The undersigned hereby certifies that on April 9, 2008, the foregoing TGP'S FIRST

SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR

PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29) was served by electronic mail to the

following:

Mark I. Schickman
mis@freelandlaw.com
Daniel T. Bernhard
bernhard@freelandlaw.com
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-541-0200
Facsimile: 415-495-4332

Jason S. McDonell
jmcdonell@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104-1500
P: 415-626-3939
F: 415-875-5700

Attorneys for Plaintiff O'Keeffe's, Inc.

TGP'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)                    - 32 -