Mark I. Schickman (State Bar No. 62653)
schickman@freelandlaw.com
Daniel T. Bernhard (State Bar No. 104229)
bernhard@freelandlaw.com
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone:    (415) 541-0200
Facsimile:    (415) 495-4332

Jason McDonell (State Bar No. 115084)
jmcdonell@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Jennifer Seraphine (State Bar No. 245463)
jseraphine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Plaintiff, Counterdefendant and
Counterclaimant O'KEEFFE'S, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL GLASS PRODUCTS, ANEMOSTAT, and PILKINGTON PLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CASE NO.: C 07-cv-03535 JF PVT <br><br> **PLAINTIFF O'KEEFFE'S, INC.'S REVISED NOTICE OF MOTION AND MOTION TO COMPEL** <br><br> Date: June 3, 2008 <br> Time: 10:00 a.m. <br> Before the Honorable Patricia V. Trumbull |

**TABLE OF CONTENTS**

                                                                          **Page**

NOTICE OF MOTION ................................................................................................................ 2
RELIEF REQUESTED .............................................................................................................. 2
ISSUES PRESENTED ............................................................................................................... 2
MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2
I.     INTRODUCTION ........................................................................................................... 2
II.    MEET AND CONFER ..................................................................................................... 3
III.   OVERARCHING ISSUES ............................................................................................... 4
      A.     TGP's Relevance And Over Breadth Objections Are Not Well Taken And
Should Be Overruled ............................................................................................. 4
      B.     TGP's Objections Other Than Relevance And Over Breadth Are Waived ............ 5
      C.     The Discovery Requested by O'Keeffe's Is Appropriate ....................................... 7
IV.   REQUESTS FOR PRODUCTION ................................................................................... 7
V.    INTERROGATORIES ...................................................................................................... 8
VI.   CONCLUSION ................................................................................................................. 8

1

**TABLE OF AUTHORITIES**

**Page**

Cases

*Burlington Northern & Santa Fe Railway Company v. United States*
  408 F.3d 1142 (9th Cir. 2005) ................................................................................................ 6

*Chartered Semiconductor Mfg. v. Integrated Semiconductor Serv.*
  2007 WL 1674593 (N.D.Cal. June 8, 2007) ........................................................................... 5

*IO Group, Inc. v. Veoh Networks, Inc.*
  2007 WL 1113800 (N.D. Cal. April 13, 2007) ....................................................................... 6

*Jackson v. Montgomery Ward & Co.*
  173 F.R.D. 524 (D. Nev. 1997) ............................................................................................... 6

*Miller v. Pancucci*
  141 F.R.D. 292 (C.D. Cal. 1992) ............................................................................................ 5

*Oppenheimer Fund v. Saunders*
  437 U.S. 340 (1978) ................................................................................................................ 5

*U.S. ex rel. Woodruff v. Hawaii Pacific*
  2008 U.S. Dist. LEXIS 4933 (D. Haw. 2008) ........................................................................ 5

Rules

Civil Local Rule
  37-2 ......................................................................................................................................... 4

Federal Rules of Civil Procedure
  26 ............................................................................................................................................. 5
  26(b) ........................................................................................................................................ 7
  26(b)(1) ................................................................................................................................... 4
  26(b)(2)(iii) ............................................................................................................................. 6
  33(b)(4) ................................................................................................................................... 5
  34(b) ........................................................................................................................................ 6
  34(b)(2)(B) .............................................................................................................................. 5
  34(b)(2)(C) .............................................................................................................................. 5

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on June 3, 2008 at 10:00 a.m. in the Courtroom of the Honorable Patricia V. Trumbull, located at 280 South 1st Street, San Jose, O'Keeffe's Inc. ("O'Keeffe") will, and hereby does, move this Court for an order compelling Technical Glass Products ("TGP") to produce documents and to provide interrogatory responses. This motion will be based on the Revised Notice of Motion and Motion and the Memorandum of Points and Authorities incorporated herein, and on the declaration of Katherine S. Ritchey in Support of Motion to Compel filed on April 15, 2008 (Docket 102).

# RELIEF REQUESTED

O'Keeffe seeks an order compelling TGP to produce all documents responsive to request for production nos. 1, 2, 3, 4, 5, 6, 10, 12, 18, 19, 21 and 25, and to provide complete interrogatory responses to interrogatory nos. 4, 5, 6, 7, 8, 9 and 11.

# ISSUES PRESENTED

1. Can TGP refuse to produce documents and to provide interrogatory responses based upon its relevance and over breadth objections on the basis that the requested documents and information are not specifically referenced in the pleadings?

2. Can TGP refuse to produce documents and to provide interrogatory responses based upon other objections that it has failed to substantiate?

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

This case relates to the manufacture, marketing and sale of fire and safety glass. O'Keeffe's, Inc. ("O'Keeffe") claims that Technical Glass Products ("TGP") puts its products in the marketplace in a manner that is likely to and does lead to confusion and misuse of its products. O'Keeffe's also alleges that TGP is inappropriately disparaging O'Keeffe's products in the marketplace. This conduct supports claims for false advertising, trade libel and unfair business practices. O'Keeffe also is defending false advertising and unfair business practice claims asserted by TGP.

1    One overarching issue at the heart of much of the ongoing discovery dispute between the
2    parties is whether TGP can limit its search for responsive information and documents to the
3    factual examples described in O'Keeffe's counterclaim. O'Keeffe's claims are much broader
4    than the factual examples provided in the counterclaim, and nothing in the counterclaim purports
5    to limit the claims in the manner suggested by TGP. More importantly, TGP's position is at odds
6    with the federal discovery rules. If correct, TGP's position on discovery would essentially cut
7    litigation off at the knees and limit discovery to information already known by the opposing party
8    at the time of the pleadings. An enormous body of case law stands contrary to TGP's main
9    position. In other instances, TGP's responses ignore the relevance of the requested information to
10   O'Keeffe's defenses, or limit O'Keeffe's discovery request without explanation. In each
11   instance, TGP should be compelled to respond or produce the requested documents and
12   information.

13   **II.    MEET AND CONFER.**

14   On January 18, 2008, O'Keeffe served its interrogatories and requests for production to
15   TGP. Ritchey Decl. Exs. A & B. On February 20, 2008, TGP served its responses. *Id.* Ex. C &
16   D. On April 2, 2008 (after a short stay on discovery had been lifted on March 28, 2008), counsel
17   for O'Keeffe sent counsel for TGP a detailed meet and confer letter. *Id.* Ex. E. On April 7, 2008,
18   the parties met and conferred as documented in the April 8 email from Katherine Ritchey
19   (counsel for O'Keeffe) to Adam Wichman (counsel for TGP). *Id.* Ex. F. On April 9, TGP
20   supplemented its responses to the requests for production. *Id.* Ex. G. The parties further met and
21   conferred on April 10, as documented in the April 12 email from Katherine Ritchey to Todd
22   Siegel (counsel for TGP). *Id.* Ex. H. On April 14, the parties further met and conferred.
23   Through the meet and confer process, the issues in dispute were narrowed.

24   Throughout the meet and confer process, TGP failed to articulate specific concerns with
25   specific discovery requests, and in many instances declined to discuss the requests on a request by
26   request basis. *See, e.g.*, Ritchey Decl. Ex. F (documenting meet and confer and stating "Rather
27   than continuing to discuss each particular request, which was my preference, you agreed to
28   supplement TGP's responses to the requests for production by today. As I indicated, my

preference was to continue to discuss each request because I believe that TGP is taking an unduly narrow interpretation of relevance/over-breadth.")  Having failed to articulate specific concerns throughout the meet and confer process – either in the hours of telephonic conversations, or in response to repeated written communications in which counsel for O'Keeffe document concerns on a request by request basis (*see* Ritchey Decl. Exs. E, F, H), TGP should not be permitted to articulate specific explanations for its objections for the first time in response to O'Keeffe's motion.  Allowing it to do so rewards its conduct of failing to productively or fully meet and confer, as required by Local Rule 37-2.

### III.    **OVERARCHING ISSUES**.

#### A.    **TGP's Relevance And Over Breadth Objections Are Not Well Taken And Should Be Overruled.**

While TGP correctly notes that discovery must be relevant to a claim or defense (*see* Fed. R. Civ. P. 26(b)(1)), it improperly attempts to define O'Keeffe's claims *and* defenses by looking at paragraphs 15 and 16 of O'Keeffe's counterclaims in isolation and to the exclusion of O'Keeffe's other allegations.  The first problem with this approach is that it takes an unduly limited view of relevance that limits discovery to explicit factual statements in the pleadings, as opposed to the actual claims and defenses.  The second problem with the approach is that it fails to recognize that many discovery requests are relevant to O'Keeffe's defenses, which by definition would not be articulated in its counterclaims.  Finally, TGP limits the responses to certain requests for no articulated reason, but presumably because it disputes the relevance of fully responsive information.

O'Keeffe's pleadings assert claims for false advertising, trade libel and unfair competition.  In support of these claims, O'Keeffe alleges, for example, that TGP's products are marketed and sold in unsafe applications, and that TGP omits critical limitations of its products.  O'Keeffe Counterclaim at ¶ 15.  O'Keeffe's also alleges that TGP misrepresents the code applicability standards.  *Id.* at ¶ 16.  In each of these paragraphs, O'Keeffe provides examples of the problem.  These allegations are more than adequate to satisfy the notice pleading requirements of federal court, and now discovery is permissible to collect evidence that will allow the parties to

clarify and define the issues for depositions, motions and trial. TGP, however, takes the examples as limitations. Specifically, TGP purports to limit its production to only those examples referenced in the pleadings. *See* Ritchey Decl. Ex. G, supplemental responses 1, 2, 3, 10, 12, 28. This limitation is not supported by the law, and full responses and production should be ordered.

In fact, the Supreme Court has addressed exactly the circumstance presented here and held "[c]onsistent with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."[1] *Oppenheimer Fund v. Saunders*, 437 U.S. 340, 351 (1978). This principle is confirmed throughout the case law. *See, e.g. Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) ("To limit an examination to matters relevant to only the precise issue presented by their pleadings, would not only be contrary to the express purpose of Rule 26 . . . , but also might also result in a complete failure to afford plaintiff an adequate opportunity to obtain information that would be useful at trial."); *U.S. ex rel. Woodruff v. Hawaii Pacific*, 2008 U.S. Dist. LEXIS 4933 (D. Haw. 2008) (following *Oppenheimer Fund* to permit discovery even if it "is not directly relevant to the current allegations" in the complaint because it was reasonably calculated to lead to admissible evidence that "could provide further support" for claims). O'Keeffe not only has direct claims bearing on the issues for which it seeks discovery, but it has alleged willfulness, making pattern and intent evidence relevant. The discovery also often relates to O'Keeffe's defenses to TGP's claims.

**B.     TGP's Objections Other Than Relevance And Over Breadth Are Waived.**

TGP's original responses to each of O'Keeffe's 29 requests for production recited virtually identical objections (*see* Ritchey Decl. Ex. D), suggesting that they were not tailored to the specific requests as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(B) & (C); *see also Chartered Semiconductor Mfg. v. Integrated Semiconductor Serv.*, 2007 WL 1674593 (N.D.Cal. June 8, 2007) at *2. The objections to

---

[1] While certainly there are limits on discovery, as the Supreme Court noted in *Oppenheimer Fund*, those limits are not designed to limit the parties' ability to define and clarify issues, but rather to avoid circumstances such as discovery regarding claims or defenses that are stricken, or events outside the limitations period unless they are otherwise relevant. 437 U.S. at 351-52. Merely asserting in a conclusory fashion (as TGP did here) that the discovery is a "fishing expedition" does not result in discovery limitations.

SFI-582385v2

- 5 -

O'Keeffe's Revised Motion to Compel
Case No. 07 cv-03535 JF PVT

O'Keeffe's interrogatories similarly were not tailored. *See* Ritchey Decl. Ex. C. The supplemental responses to the requests for production are only marginally better – TGP expanded to a handful of objections and responses – and TGP did not supplement any response to an interrogatory. *See, e.g.* Ritchey Decl. Ex. G, responses 1, 2, 3, 10, 12 and 28. Importantly, TGP has served many requests for production and interrogatories to O'Keeffe's that are virtually identical to several requests at issue here, which undermines its position that those requests are objectionable. *See* Exhibit 3.

Despite a request for TGP to explain its use of general objections (*see* Ritchey Declaration Ex. E at 2), TGP has not indicated that it is relying on any general objection. In light of the disfavor within this Court for general objections and the failure to identify any general objection at issue during the meet and confer, O'Keeffe requests a ruling that they have no effect. *Burlington Northern & Santa Fe Railway Company v. United States*, 408 F.3d 1142, 1149 (9th Cir. 2005); *IO Group, Inc. v. Veoh Networks, Inc.*, 2007 WL 1113800 (N.D. Cal. April 13, 2007) at *1 (overruling general objections because their use "obscures the extent to which [defendant] is withholding information and does not satisfy the requirements for specificity under Fed. R. Civ. P. 34(b).").

After hours of meeting and conferring, TGP has never articulated any basis for its ambiguity or vagueness objections, nor stated that O'Keeffe's had failed to clarify a particular request. O'Keeffe asks that these objections be overruled. TGP's burden objection likewise should be overruled. Despite repeated requests for TGP to substantiate the burden objections, only conclusory statements have been provided by TGP's attorneys that the required production would be voluminous, burdensome and expensive. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529-529 (D. Nev. 1997) ("Rule 26(b)(2)(iii) expressly limits discovery where the burden or expense of the proposed discovery outweighs its likely benefit. The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. . . . Furthermore, just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.") (Internal citations omitted.)

TGP asserted privilege objections in response to each request for production and interrogatory, notwithstanding the fact that several requests could not implicate privileged information. *See, e.g.* Ritchey Decl. Ex. D (Request for production nos. 6 and 7, seeking communications between TGP and third parties including the California Fire Marshall and Underwriters Laboratories). After having this issue called to its attention, TGP continues to assert these objections. *See, e.g.* Ritchey Decl. Ex. G (supplemental response to Request for Production no. 7 (seeking communications with the Fire Marshall) states that "TGP will produce non-privileged responsive documents"). While TGP has indicated that it will produce a privilege log within 10 days of production, to date O'Keeffe has no basis to evaluate any privilege objection so does not intend to waive any argument that it may have regarding TGP's privilege assertions including, but not limited to, that they are waived.

Based upon its utter failure to even attempt to substantiate any objection other than relevance and over breadth (subject to O'Keeffe's consideration of any privilege log served on or before the tenth day after production), O'Keeffe requests that the Court find that TGP has waived those objections.

### C. The Discovery Requested by O'Keeffe's Is Appropriate.

The discovery at issue is basic written discovery designed to help frame the issues in the litigation. O'Keeffe's claims against TGP relate to advertising and other business practices that lead to TGP's products ending up in applications not permitted by building codes and other safety standards. Fire-rated and safety windows are required in schools and commercial settings in which hundreds or thousands of people could be at risk. O'Keeffe has provided numerous examples to TGP during the meet and confer regarding what O'Keeffe's contends false/misleading statements on TGP's website. *See e.g.*, Ritchey Decl. Ex. H. As discussed in detail below, O'Keeffe's requests are relevant to its claims and narrowly tailored. TGP's suggestion that it should not respond to basic written discovery is not supported by Rule 26(b).

### IV. REQUESTS FOR PRODUCTION.

At issue are Request for Production Nos. 1, 2, 3, 4, 5, 6, 10, 12, 18, 19, 21 and 25. These requests seek information critical to O'Keeffe's claims and defenses, including documents

relating to the sales of TGP's products, communications regarding code compliance and listings of TGP's products, and documents supporting specific statements TGP makes publicly. While TGP is quick to use catchy discovery buzzwords like "fishing expedition," its responses and discussion in the meet and confer are devoid of any factual basis or analysis that suggests its unilateral limits on discovery are appropriate. O'Keeffe's position on the various discovery requests has been set forth in detail in its communications throughout the meet and confer process (*see* Ritchey Decl. Exs. E, G & H). Exhibit 1 provides each request for production at issue, the response, supplemental response (if any), and reason further production must be compelled.

## V.  INTERROGATORIES.

Interrogatories 4, 5, 6, 7, 8, 9 and 11 are at issue.[2] TGP initially refused to meet and confer on its responses to interrogatories. *See* Ritchey Decl. Ex. F. Notwithstanding the fact that it had two attorneys present at the Case Management Conference, TGP took the position that only requests for production were exempted from the ongoing stay. *Id.* Only once O'Keeffe produced a transcript would TGP discuss its responses to interrogatories.

In the meet and confer, TGP has stated that its concern with these interrogatories is based upon its belief that they go beyond the specific factual examples alleged in O'Keeffe's counterclaim. For the reasons stated above (*see* Section III.A), this interpretation of relevance is not well taken. After a series of boilerplate objections, TGP's responses generally seek to avoid *any* response based upon the fact that TGP may not be able to identify *each* responsive project. TGP has not substantiated in any meaningful way its assertion and, even if a response may be incomplete, it is not a basis to entirely avoid responding. Exhibit 2 provides each interrogatory at issue, the answer, and the reason further response must be compelled below.

## VI.  CONCLUSION.

TGP has adopted a view of discovery not supported by the rules or the case law. The requests are well within the scope of the claims and defenses. It is not sufficient for TGP to label those claims and defenses as not "valid" and the requests as a "fishing expedition." Despite

---

[2] O'Keeffe requested that TGP supplement the responses to interrogatories 10, 12 and 14 if O'Keeffe's understanding of the original responses as stated in the original April 2 meet and confer letter was not correct. TGP has not supplemented its responses or disputed O'Keeffe's interpretation. *See* Ex. E at 3.

SFI-582385v2

- 8 -

O'Keeffe's Revised Motion to Compel
Case No. 07 cv-03535 JF PVT

1  repeated invitations to do so (*see* Ritchey Decl. Exs. E, F, H), TGP has not identified any specific
2  categories of documents that are irrelevant or overbroad.  Rather, it wants to narrowly define what
3  is relevant, and then exclude everything else.  That is not the way discovery works.  TGP should
4  be ordered to produce all responsive documents and supplement its responses to interrogatories
5  within 14 days of the hearing.

Dated:  April 29, 2008                                  JONES DAY

                                             By:    /s/ - Katherine S. Ritchey
                                                    Katherine S. Ritchey
                                                    Attorneys for Plaintiff and Counterclaimant
                                                    O'Keeffe's, Inc.