# EXHIBIT 1

1   Jeffrey S. Love (State Bar No. 195068)
    jeffrey.love@klarquist.com
2   Todd M. Siegel (*Pro Hac Vice*)
    todd.siegel@klarquist.com
3   Klarquist Sparkman, LLP
    121 S.W. Salmon Street, Suite 1600
4   Portland, OR  97204-2988
    Telephone:  (503) 595-5300
5   Facsimile:  (503) 595-5301
6
7   Eric L. Wesenberg (State Bar No. 139696)
    ewesenberg@orrick.com
8   Gabriel M. Ramsey (State Bar No. 209218)
    gramsey@orrick.com
9   Orrick, Herrington & Sutcliffe LLP
    1000 Marsh Road
10  Menlo Park, CA 94025-1015
    Telephone:  (650) 614-7400
11  Facsimile:  (650) 614-7401
12
    Attorneys for Defendant Technical Glass Products
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17  O'KEEFFE'S, INC.,                    Case No.:  07-3535 JF

18          Plaintiff,
                                         **DEFENDANT TECHNICAL GLASS
19       v.                              PRODUCTS' 2ND SUPPLEMENTAL
                                         RESPONSE TO PLAINTIFF'S FIRST
20                                       SET OF REQUESTS FOR
    TECHNICAL GLASS PRODUCTS,            PRODUCTION OF DOCUMENTS
21  ANEMOSTAT AND PILKINGTON PLC,        AND THINGS (NOS. 1-29)**

22          Defendants.

23

24

25

26

27
                                              Case No.:  C-07-3535 JF PVT
28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Defendant Technical

2    Glass Products ("TGP") objects and responds as follows to Plaintiff O'Keeffe's, Inc.'s ("OKI") First

3    Set of Requests for Production of Documents and Things (Nos. 1-29) to TGP.

### GENERAL RESPONSES

5    TGP's responses are based on information known and available to it at the time of these

6    responses.  TGP's response to particular requests that it will produce documents means that TGP

7    will search those files or records in its possession, custody or control that are believed to contain

8    documents reasonably believed to be responsive to the request, subject to the objections and

9    limitations as stated herein.  TGP's response that it will produce responsive documents does not

10   mean that such documents exist.  TGP provides these responses without prejudice to its right to

11   produce evidence of any subsequently discovered facts that it may later recall or discover.  TGP

12   further reserves the right to amend or supplement any or all of the matters contained in these

13   responses as additional facts are ascertained, analyses are made, research is completed, and

14   contentions are made.  TGP also reserves the right to redact irrelevant material from documents that

15   may also contain responsive material.  By making these responses, TGP does not concede that the

16   information given is properly discoverable or admissible, and TGP reserves its right to object to the

17   introduction of these Responses into evidence for any purpose.

### GENERAL OBJECTIONS

19   TGP makes the following General Objections, whether or not separately set forth in response

20   to each document request, definition, or instruction.  The failure to refer specifically to a General

21   Objection should not be construed as a waiver of that General Objection.

22   1.    TGP objects to each request and to OKI's definitions and instructions to the extent

23   they attempt to impose an obligation on TGP different from or greater than that required by the

24   Federal Rules of Civil Procedure or any of the local rules of the Northern District of California.

25   2.    TGP objects to these requests to the extent they seek disclosure of information which

26   is otherwise protected from discovery pursuant to the Federal Rules of Civil Procedure and federal

27   common law.

28

3.     TGP objects to these requests and the definitions and instructions in these requests to the extent they seek documents and things that are protected from disclosure by third party confidentiality agreements as well as orders entered by the courts.

4.     To the extent these requests seek discovery of information within the scope of Federal Rule of Civil Procedure 26(b)(4), TGP objects to these requests as premature and improper discovery of expert opinion.  Such information will be disclosed within the time frame outlined in a case management order to be entered by the Court in this action.

5.     TGP objects to these requests to the extent that they are unduly vague and overbroad, and fail to identify the documents sought with reasonably particularity, thereby requiring TGP to resort to conjecture and speculation as to what information is sought.

6.     TGP objects to these requests to the extent that any request may be construed as requiring TGP to characterize documents or its contents or to speculate as to what the documents may or may not show.

7.     TGP objects to these requests to the extent they seek information or documents not relevant to any claims and defenses and are not reasonably calculated to lead to the discovery of admissible evidence.

8.     TGP objects to these requests to the extent that they purport to impose upon TGP the burden of furnishing information that is not available to TGP or that is equally or more readily available to OKI.

9.     TGP objects to these requests to the extent that they seek confidential, proprietary, or trade secret information.  Subject to this and its other objections, TGP will provide such information (if responsive to otherwise non-objectionable discovery requests) after the entry of a suitable protective order, which limits access and dissemination of such information in a manner so as to preserve and protect TGP's confidential, proprietary, or trade secret information.

10.     To the extent any responsive document is protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, TGP will not produce such

1  document, but will provide a privilege log pursuant to Fed. R. Civ. P. Rule 26(b)(5) as agreed to by

2  the parties.

3      11.    TGP reserves the right to amend and supplement these objections and responses.

4      Without waiving the foregoing objections and incorporating said objections into each

5  specific response below, TGP responds to Plaintiffs' First Set of Requests for Production of

6  Documents and Things (Nos. 1-29) as follows:

7                    <u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

8  <u>REQUEST FOR PRODUCTION NO. 1</u>

9      All documents, communications, and things that refer or relate to any transaction, sale, or

10  installation of TGP's FireLite products in the state of California since January 1, 2003, including but

11  not limited to all such provided to or from any design professional or Authority Having Jurisdiction

12  (AHJ) for the purpose of approving or rejecting the use of FireLite products in applications requiring

13  a fire rating in excess of 45-minutes under the California Building Code.

14  <u>RESPONSE TO REQUEST NO. 1</u>

15      TGP incorporates its general objections as its objections to this request.  Consistent with its

16  general objections, TGP objects to this request to the extent that it seeks information protected from

17  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

18  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

19  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

20  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

21  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

22  allegations against TGP in an effort to better understand the allegations and requests so that

23  discovery can proceed meaningfully and reasonably.  TGP does not market or encourage use of

24  FireLite in applications for which FireLite is not properly rated.

25  <u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>

26      Without waiving any of the foregoing the objections, and subject to them, TGP provides as

27  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

28  
Case No.:  C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)

or defense as provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding TGP's request, counsel for O'Keeffe's has not identified: 1) any particular false or misleading statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite that was the subject of any such statement by TGP.

O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, or California common law, and, in short, fails to frame the allegations in a manner that allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by O'Keeffe's.

Subject to the foregoing, and to the extent TGP understands O'Keeffe's claims and discovery requests, TGP will produce non-privileged responsive documents to the extent they can be located after a reasonable search for communications with the public, design professionals, or AHJs, since January 1, 2003, concerning the applicability of radiant heat requirements of Chapter 7 of the California Building Code to using FireLite in these applications:

- as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"
- in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and
- in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

Additionally, based on current information, and to the extent TGP understands the Request, TGP is unaware of any request to approve its FireLite product as an alternate material.

SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1

In addition to the foregoing objections and responses, TGP further objects to producing all documents, communications, quote requests, quotes, orders, confirmations, invoices, packing slips and the like related to the use of FireLite products in applications requiring a fire rating in excess of 45 minutes. TGP does not maintain such information in a central location, and producing it would require the collection, review, and production of at least tens of thousands of documents and the information would be largely redundant. Subject to its objections, TGP has performed a reasonable

1   search, and has produced or will produce responsive documents and communications discovered in

2   that search sent to or received from design professionals or AHJs that relate to the radiant heat, heat

3   barrier, barrier to heat, or temperature rise (temp rise) performance of TGP's FireLite products, and

4   that relate to using, or not using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites),

5   in fire doors, and in panels exceeding 100 sq. inches.

6   REQUEST FOR PRODUCTION NO. 2

7         All documents, communications, and things that refer or relate to any transaction, sale, or

8   installation of TGP's FireLite products since January 1, 2003, including but not limited to all such

9   provided to or from any design professional or Authority Having Jurisdiction (AHJ) for the purpose

10  of approving or rejecting the use of FireLite products in applications requiring a fire rating in excess

11  of 45-minutes.

12  RESPONSE TO REQUEST NO. 2

13        TGP incorporates its general objections as its objections to this request.  Consistent with its

14  general objections, TGP objects to this request to the extent that it seeks information protected from

15  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

16  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

17  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

18  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

19  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

20  allegations against TGP in an effort to better understand the allegations and requests so that

21  discovery can proceed meaningfully and reasonably.  TGP does not market or encourage use of

22  FireLite in applications for which FireLite is not properly rated.

23  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2

24        Without waiving any of the foregoing objections, and subject to them, TGP provides as

25  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

26  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

27  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

28

1  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

2  "use" of FireLite that was the subject of any such statement by TGP.

3      O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

4  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

5  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

6  17200, or California common law, and, in short, fails to frame the allegations in a manner that

7  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

8  O'Keeffe's.

9      Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

10  discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

11  they can be located after a reasonable search for communications with the public, design

12  professionals, or AHJs, since January 1, 2003, concerning the applicability of radiant heat

13  requirements of Chapter 7 of the International Building Code to using FireLite in these applications:

14  • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

15  • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

16  • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

17      Additionally, based on current information, and to the extent TGP understands the Request,

18  TGP is unaware of any request to approve its FireLite product as an alternate material.

19  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2

20      In addition to the foregoing objections and responses, TGP further objects to producing all

21  documents, communications, quote requests, quotes, orders, confirmations, invoices, packing slips

22  and the like related to the use of FireLite products in applications requiring a fire rating in excess of

23  45 minutes. TGP does not maintain such information in a central location, and producing it would

24  require the collection, review, and production of at least tens of thousands of documents and the

25  information would be largely redundant. Subject to its objections, TGP has performed a reasonable

26  search, and has produced or will produce responsive documents and communications discovered in

27  that search sent to or received from design professionals or AHJs that relate to the radiant heat, heat

28

1  barrier, barrier to heat, or temperature rise (temp rise) performance of TGP's FireLite products, and

2  that relate to using, or not using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites),

3  in fire doors, and in panels exceeding 100 sq. inches.

4  REQUEST FOR PRODUCTION NO. 3

5      All documents, communications, and things that refer to providing design professionals or

6  AHJs with information regarding the radiant heat transmission performance of TGP's FireLite

7  products for the purpose of either specifying or approving them for use in fire door or window

8  assemblies requiring greater than a 45-minute rating.

9  RESPONSE TO REQUEST NO. 3

10     TGP incorporates its general objections as its objections to this request.  Consistent with its

11  general objections, TGP objects to this request to the extent that it seeks information protected from

12  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

13  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

14  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

15  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

16  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

17  allegations against TGP in an effort to better understand the allegations and requests so that

18  discovery can proceed meaningfully and reasonably.  TGP further objects to the phrase "radiant

19  heat" as vague and ambiguous.  To the extent TGP understands what Plaintiff is referring to in its

20  use of "radiant heat," TGP publicly discloses in its FireLite marketing literature that FireLite "is not

21  a barrier to radiant heat" and further notes that if a particular "jurisdiction requires a 'barrier to heat'

22  product, please contact Technical Glass Products regarding Pilkington Pyrostop.'"

23  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3

24     Without waiving any of the foregoing objections, and subject to them, TGP provides as

25  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

26  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

27  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

28

1  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

2  "use" of FireLite that was the subject of any such statement by TGP.

3      O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

4  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

5  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

6  17200, or California common law, and, in short, fails to frame the allegations in a manner that

7  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

8  O'Keeffe's.

9      Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

10  discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

11  they can be located after a reasonable search for communications with the public, design

12  professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

13  International Building Code to using FireLite in these applications:

14  • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

15  • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

16  • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

17      Additionally, based on current information, and to the extent TGP understands the Request,

18  TGP is unaware of any request to approve its FireLite product as an alternate material.

19  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3

20      In addition to the foregoing objections and responses, TGP further objects to producing all

21  documents, communications, quote requests, quotes, orders, confirmations, invoices, packing slips

22  and the like related to the use of FireLite products in applications requiring a fire rating in excess of

23  45 minutes.  TGP does not maintain such information in a central location, and producing it would

24  require the collection, review, and production of at least tens of thousands of documents and the

25  information would be largely redundant.  Subject to its objections, TGP has performed a reasonable

26  search, and has produced or will produce responsive documents and communications discovered in

27  that search sent to or received from design professionals or AHJs that relate to the radiant heat, heat

28

1  barrier, barrier to heat, or temperature rise (temp rise) performance of TGP's FireLite products, and

2  that relate to using, or not using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites),

3  in fire doors, and in panels exceeding 100 sq. inches.

4  REQUEST FOR PRODUCTION NO. 4

5      All documents and things that refer to whether TGP's FireLite products comply with any

6  building code, regulation, or standard, including but not limited to the California Building Code,

7  Uniform Building Code ("UBC"), National Fire Protection Association ("NFPA"), Standard

8  Methods of Fire Tests of Door Assemblies, American Society for Testing and Materials ("ASTM"),

9  American National Standards Institute ("ANSI"), Underwriters Laboratories, Inc. ("UL"), or

10  International Building Code ("IBC").

11  RESPONSE TO REQUEST NO. 4

12      TGP incorporates its general objections as its objections to this request.  Consistent with its

13  general objections, TGP objects to this request to the extent that it seeks information protected from

14  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

15  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

16  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

17  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

18  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

19  allegations against TGP in an effort to better understand the allegations and requests so that

20  discovery can proceed meaningfully and reasonably.  Based on current information, and to the extent

21  TGP understands the request, TGP is unaware of any building project in which a FireLite product

22  was found not compliant with a building or safety code or regulation.

23  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4

24      Without waiving any of the foregoing objections, and subject to them, TGP provides as

25  follows.  TGP objects to the Request as overbroad in calling for information not relevant to a claim

26  or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

27  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

28

1   statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

2   "use" of FireLite that was the subject of any such statement by TGP.

3        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

4   authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

5   theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

6   17200, or California common law, and, in short, fails to frame the allegations in a manner that

7   allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

8   O'Keeffe's.

9        Having failed to identify code provisions that it contends prohibit as-yet-unspecified uses of

10   FireLite, O'Keeffe's Request calls for the production of documents far beyond anything relevant to a

11   cognizable claim or defense.  The Request is thus overbroad and unduly burdensome, both in calling

12   for irrelevant documents and in the scope of that irrelevant production.  Subject to the foregoing

13   objections, TGP will produce FireLite product information sheets and UL listings for its FireLite

14   products.

15   <u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>

16        In addition to the foregoing objections and responses, TGP refers to the text of the codes

17   listed in this request and the test reports produced pursuant to other requests.  Additionally, TGP has

18   performed a reasonable search, and has produced or will produce responsive documents and

19   communications discovered in that search sent to or received from design professionals or AHJs that

20   relate to the radiant heat, heat barrier, barrier to heat, or temperature rise (temp rise) performance of

21   TGP's FireLite products, and that relate to using, or not using, FireLite as transoms, sidelights

22   (sidelites), borrowed lights (lites), in fire doors, and in panels exceeding 100 sq. inches.

23   <u>REQUEST FOR PRODUCTION NO. 5</u>

24        All documents and things that refer or relate to testing TGP's FireLite products including but

25   not limited to: Hose stream testing, radiant heat flux measurements, temperature rise limits, human

26   impact safety, or any testing related to UL standards.

27

28

Case No.: C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 10 -

1 | RESPONSE TO REQUEST NO. 5

2 |      TGP incorporates its general objections as its objections to this request. Consistent with its

3 | general objections, TGP objects to this request to the extent that it seeks information protected from

4 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5 | privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

6 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7 | extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

8 | requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9 | allegations against TGP in an effort to better understand the allegations and requests so that

10 | discovery can proceed meaningfully and reasonably.

11 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5

12 |      Without waiving any of the foregoing objections, and subject to them, TGP provides as

13 | follows. TGP objects to the Request as overbroad in calling for information not relevant to a claim

14 | or defense as provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding

15 | TGP's request, counsel for O'Keeffe's has not identified: 1) any particular false or misleading

16 | statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

17 | "use" of FireLite that was the subject of any such statement by TGP.

18 |      O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

19 | authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

20 | theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

21 | 17200, or California common law, and, in short, fails to frame the allegations in a manner that

22 | allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

23 | O'Keeffe's.

24 |      Subject to the foregoing objections, TGP will produce UL listing documents relating to

25 | FireLite compliance with window and door assembly provisions in IBC §§ 715.4 and 715.5, with

26 | supporting test documents.

27 |

28 |

1  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5

2      Subject to and without waiving the foregoing objections, TGP has produced or will produce

3  responsive documents, that it can locate, after a reasonable search.

4  REQUEST FOR PRODUCTION NO. 6

5      All documents and communications sent between UL and TGP that show or relate to any

6  TGP product passing or failing to pass any UL testing.

7  RESPONSE TO REQUEST NO. 6

8      TGP incorporates its general objections as its objections to this request. Consistent with its

9  general objections, TGP objects to this request to the extent that it seeks information protected from

10  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

11  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

12  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

13  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

14  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

15  allegations against TGP in an effort to better understand the allegations and requests so that

16  discovery can proceed meaningfully and reasonably.

17  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6

18      Without waiving any of the foregoing objections, and subject to them, TGP provides as

19  follows. TGP objects to the Request as overbroad in calling for information not relevant to a claim

20  or defense as provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding

21  TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

22  statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

23  "use" of FireLite that was the subject of any such statement by TGP.

24      O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

25  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

26  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

27  17200, or California common law, and, in short, fails to frame the allegations in a manner that

28

Case No.: C-07-3535 JF PVT

1  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

2  O'Keeffe's.

3      Subject to the foregoing objections, TGP will produce UL testing documents for FireLite,

4  FireGlass20, Pyroshield NT, and WireLite.

5  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6

6      Subject to TGP's objections that this request is unduly burdensome, overbroad, and seeks

7  information not relevant to a claim or defense as provided by Rule 26(b)(1), TGP will perform a

8  reasonable search for and produce responsive documents related to FireLite, FireGlass, Pyroshield

9  NT, and WireLite, TGP will produce UL testing documents for FireLite, FireGlass20, Pyroshield

10  NT, and WireLite, and after a reasonable search, communications with UL related to such testing.

11  REQUEST FOR PRODUCTION NO. 7

12      All documents and communications sent between TGP and the California State Fire Marshall

13  Office that relate to the testing or safety characteristics of TGP's FireLite products, including but not

14  limited to any listing or delisting of FireLite products by the California State Fire Marshall Office.

15  RESPONSE TO REQUEST NO. 7

16      TGP incorporates its general objections as its objections to this request. Consistent with its

17  general objections, TGP objects to this request to the extent that it seeks information protected from

18  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

19  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

20  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

21  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

22  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

23  allegations against TGP in an effort to better understand the allegations and requests so that

24  discovery can proceed meaningfully and reasonably.

25  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7

26      Without waiving any of the foregoing objections, and subject to them, TGP provides as

27  follows. TGP objects to the Request as overbroad in calling for information not relevant to a claim

28

1    or defense as provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding

2    TGP's request, counsel for O'Keeffe's has not identified:  1) any particular false or misleading

3    statement by TGP concerning any use of FireLite; nor 2) any code provision that prohibited any such

4    "use" of FireLite that was the subject of any such statement by TGP.

5        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

6    authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

7    theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

8    17200, or California common law and, in short, fails to frame the allegations in a manner that

9    allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

10   O'Keeffe's.

11       Subject to the foregoing objections, TGP will produce non-privileged responsive documents

12   that it can locate, after a reasonable search, related to communications with the California Fire

13   Marshal regarding the use of FireLite.

14   REQUEST FOR PRODUCTION NO. 8

15       All documents and communications sent between TGP and the California State Fire Marshall

16   Office that relate to the testing or safety characteristics of SuperLite I-XL, including but not limited

17   to any listing of SuperLite I-XL (e.g., California Department of Forestry & Fire Protection Listing

18   No. 4075–0035:112), and actions by the California State Fire Marshall Office relating to the listing

19   of SuperLite I-XL.

20   RESPONSE TO REQUEST NO. 8

21       TGP incorporates its general objections as its objections to this request.  Consistent with its

22   general objections, TGP objects to this request to the extent that it seeks information protected from

23   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

25   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26   extent it is not reasonably limited in scope.  Subject to and without waiving these objections, TGP

27   will produce non-privileged materials reasonably responsive to this request.

28

1 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8

2 |       Without waiving any of the foregoing objections, and subject to them, TGP will produce

3 | responsive documents and communications that it can locate, after a reasonable search.

4 | REQUEST FOR PRODUCTION NO. 9

5 |       All documents, communications, and things sent between TGP and any person, including

6 | building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

7 | contractors, relating to the use of SuperLite I-XL in any building project.

8 | RESPONSE TO REQUEST NO. 9

9 |       TGP incorporates its general objections as its objections to this request.  Consistent with its

10 | general objections, TGP objects to this request to the extent that it seeks information protected from

11 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

12 | privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

13 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

14 | extent it is not reasonably limited in scope.

15 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9

16 |       Without waiving any of the foregoing objections, and subject to them, TGP will produce

17 | non-privilege documents and communications that it can locate, after a reasonable search, sent

18 | between TGP and building code officials, manufacturers, distributors, architects, code consultants or

19 | glazing contractors, relating to the use of SuperLite I-XL in any building project.

20 | REQUEST FOR PRODUCTION NO. 10

21 |       All documents, communications, and things sent between TGP and any person, including

22 | building code officials, manufacturers, distributors, architects, specifiers, code consultants or glazing

23 | contractors, relating to the use of FireLite in any building project.

24 | RESPONSE TO REQUEST NO. 10

25 |       TGP incorporates its general objections as its objections to this request.  Consistent with its

26 | general objections, TGP objects to this request to the extent that it seeks information protected from

27 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

28 |

Case No.:  C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 15 -

1  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

2  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

3  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

4  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

5  allegations against TGP in an effort to better understand the allegations and requests so that

6  discovery can proceed meaningfully and reasonably.

7  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10

8  　　　　Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

9  objects to the Request as overbroad in calling for information not relevant to a claim or defense as

10  provided by Rule 26(b)(1).  FireLite has many uses, which have nothing to do with any allegation in

11  O'Keeffe's counterclaims.  The counterclaims do not allege, and notwithstanding TGP's request,

12  counsel for O'Keeffe's has not identified:  1) any particular false or misleading statement by TGP

13  concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

14  that was the subject of any such statement by TGP.

15  　　　　O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

16  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

17  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

18  17200, or California common law, and, in short, fails to frame the allegations in a manner that

19  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

20  O'Keeffe's.

21  　　　　Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

22  discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

23  they can be located after a reasonable search for communications with the public, design

24  professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

25  International Building Code to using FireLite in these applications:

26  　　• as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

27  　　• in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

28
Case No.:  C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 16 -

1      • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

2      Additionally, based on current information, and to the extent TGP understands the Request,

3  TGP is unaware of any request to approve its FireLite product as an alternate material.

4  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10

5      In addition to the foregoing objections and responses, TGP further objects to producing all

6  documents, communications, quote requests, quotes, orders, confirmations, invoices, packing slips

7  and the like related to the use of FireLite products in applications requiring a fire rating in excess of

8  45 minutes.  TGP does not maintain such information in a central location, and producing it would

9  require the collection, review, and production of at least tens of thousands of documents and the

10  information would be largely redundant.  Subject to its objections, TGP has performed a reasonable

11  search, and has produced or will produce responsive documents and communications discovered in

12  that search sent to or received from design professionals or AHJs that relate to the radiant heat, heat

13  barrier, barrier to heat, or temperature rise (temp rise) performance of TGP's FireLite products, and

14  that relate to using, or not using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites),

15  in fire doors, and in panels exceeding 100 sq. inches.

16  REQUEST FOR PRODUCTION NO. 11

17      All documents, communications, and things that refer or relate to, or that constitute a request

18  for FireLite products to be approved by the AHJ as an alternate material in applications for a fire

19  resistance rating of 60-or 90-minutes.

20  RESPONSE TO REQUEST NO. 11

21      TGP incorporates its general objections as its objections to this request.  Consistent with its

22  general objections, TGP objects to this request to the extent that it seeks information protected from

23  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

24  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

25  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

26  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

27  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

28
Case No.: C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 17 -

1 | allegations against TGP in an effort to better understand the allegations and requests so that

2 | discovery can proceed meaningfully and reasonably.  Based on current information, and to the extent

3 | TGP understands the request, TGP is unaware of its FireLite product being requested for approval as

4 | an alternate material.

5 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11

6 |      Subject to its objections, TGP has performed a reasonable search, and has produced or will

7 | produce responsive documents and communications discovered in that search sent to or received

8 | from design professionals or AHJs that relate to the radiant heat, heat barrier, barrier to heat, or

9 | temperature rise (temp rise) performance of TGP's FireLite products, and that relate to using, or not

10 | using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites), in fire doors, and in panels

11 | exceeding 100 sq. inches.

12 | REQUEST FOR PRODUCTION NO. 12

13 |      All documents, communications, and things sent between TGP and any building code official

14 | relating to any request that any FireLite product be approved for use in any building project.

15 | RESPONSE TO REQUEST NO. 12

16 |      TGP incorporates its general objections as its objections to this request.  Consistent with its

17 | general objections, TGP objects to this request to the extent that it seeks information protected from

18 | discovery by the attorney-client privilege, work product immunity, and/or any other applicable

19 | privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

20 | burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

21 | extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

22 | requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

23 | allegations against TGP in an effort to better understand the allegations and requests so that

24 | discovery can proceed meaningfully and reasonably.

25 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12

26 |      Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

27 | objects to the Request as overbroad in calling for information not relevant to a claim or defense as

28 |

1    provided by Rule 26(b)(1). The counterclaims do not allege, and notwithstanding TGP's request,

2    counsel for O'Keeffe's has not identified: 1) any particular false or misleading statement by TGP

3    concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

4    that was the subject of any such statement by TGP.

5        O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

6    authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

7    theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

8    17200, or California common law and, in short, fails to frame the allegations in a manner that

9    allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

10   O'Keeffe's.

11       Subject to the foregoing objections and to the extent TGP understands O'Keeffe's claims and

12   discovery requests and claims, TGP will produce non-privileged responsive documents to the extent

13   they can be located after a reasonable search for communications with the public, design

14   professionals, or AHJs, concerning the applicability of radiant heat requirements of Chapter 7 of the

15   International Building Code to using FireLite in these applications:

16   • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

17   • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

18   • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

19       Additionally, based on current information, and to the extent TGP understands the Request,

20   TGP is unaware of any request to approve its FireLite product as an alternate material.

21   SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12

22       In addition to the foregoing objections and responses, TGP further objects to producing all

23   documents, communications, quote requests, quotes, orders, confirmations, invoices, packing slips

24   and the like related to the use of FireLite products in applications requiring a fire rating in excess of

25   45 minutes. TGP does not maintain such information in a central location, and producing it would

26   require the collection, review, and production of at least tens of thousands of documents and the

27   information would be largely redundant. Subject to its objections, TGP has performed a reasonable

28

1  search, and has produced or will produce responsive documents and communications discovered in

2  that search sent to or received from design professionals or AHJs that relate to the radiant heat, heat

3  barrier, barrier to heat, or temperature rise (temp rise) performance of TGP's FireLite products, and

4  that relate to using, or not using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites),

5  in fire doors, and in panels exceeding 100 sq. inches.

6  REQUEST FOR PRODUCTION NO. 13

7      All documents, communications, and things that relate to, or show, AHJ approval for

8  FireLite products, including but not limited to all data, reports, and analyses submitted to or received

9  from the AHJ in connection with the application depicted in the pictures shown in Exhibit 1 attached

10  hereto.

11  RESPONSE TO REQUEST NO. 13

12      TGP incorporates its general objections as its objections to this request. Consistent with its

13  general objections, TGP objects to this request to the extent that it seeks information protected from

14  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

15  privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly

16  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

17  extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

18  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

19  allegations against TGP in an effort to better understand the allegations and requests so that

20  discovery can proceed meaningfully and reasonably.

21  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13

22      Without waiving any of the foregoing objections, and subject to them, TGP will produce

23  non-privileged responsive documents, to the extent TGP can locate any after a reasonable search,

24  that specifically relate to the application depicted in the pictures shown in Exhibit 1.

25  REQUEST FOR PRODUCTION NO. 14

26      All documents, communications, and things that relate to the FireLite projects pictured in

27  Exhibit 2 attached hereto.

28

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)

Case No.: C-07-3535 JF PVT

1    RESPONSE TO REQUEST NO. 14

2         TGP incorporates its general objections as its objections to this request.  Consistent with its

3    general objections, TGP objects to this request to the extent that it seeks information protected from

4    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

5    privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

6    burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

7    extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

8    requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

9    allegations against TGP in an effort to better understand the allegations and requests so that

10   discovery can proceed meaningfully and reasonably.

11   FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14

12        Without waiving any of the foregoing objections, and subject to them, TGP will produce

13   non-privileged responsive documents, to the extent TGP can locate any after a reasonable search,

14   that specifically relate to the application depicted in the pictures shown in Exhibit 2.

15   REQUEST FOR PRODUCTION NO. 15

16        All documents, communications, and things that relate to or show any instance where any

17   TGP's FireLite product failed a building inspection, contributed to the failure of a building

18   inspection, or was not approved for use in a building project.

19   RESPONSE TO REQUEST NO. 15

20        TGP incorporates its general objections as its objections to this request.  Consistent with its

21   general objections, TGP objects to this request to the extent that it seeks information protected from

22   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

23   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

24   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

25   extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

26   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

27   allegations against TGP in an effort to better understand the allegations and requests so that

28

Case No.: C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 21 -

1  discovery can proceed meaningfully and reasonably.  Based on current information, TGP is unaware

2  of any reasonably responsive documents.

3  <u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>

4       Without waiving any of the foregoing and subject to them, based on current information,

5  TGP is unaware of any responsive documents.

6  <u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>

7       Subject to its objections, TGP has performed a reasonable search, and has produced or will

8  produce responsive documents and communications discovered in that search sent to or received

9  from design professionals or AHJs that relate to the radiant heat, heat barrier, barrier to heat, or

10  temperature rise (temp rise) performance of TGP's FireLite products, and that relate to using, or not

11  using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites), in fire doors, and in panels

12  exceeding 100 sq. inches.

13  <u>REQUEST FOR PRODUCTION NO. 16</u>

14       All documents, communications, and things that relate to any instance, claim, lawsuit, or

15  allegation that the use of TGP's FireLite products contributed to a person being injured or property

16  being damaged.

17  <u>RESPONSE TO REQUEST NO. 16</u>

18       TGP incorporates its general objections as its objections to this request.  Consistent with its

19  general objections, TGP objects to this request to the extent that it seeks information protected from

20  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

22  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

24  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

25  allegations against TGP in an effort to better understand the allegations and requests so that

26  discovery can proceed meaningfully and reasonably.  Based on current information, TGP is unaware

27  of any reasonably responsive documents.

28

1  REQUEST FOR PRODUCTION NO. 17

2      All documents and things that relate to any request, or action upon any request, that a

3  building code inspector accept FireLite products in 60-and 90-minute applications that require fire

4  rated glazing complying with ASTM E119/NFPA 251.

5  RESPONSE TO REQUEST NO. 17

6      TGP incorporates its general objections as its objections to this request.  Consistent with its

7  general objections, TGP objects to this request to the extent that it seeks information protected from

8  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

9  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

10 burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

11 extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

12 requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

13 allegations against TGP in an effort to better understand the allegations and requests so that

14 discovery can proceed meaningfully and reasonably.  Based on current information, TGP is unaware

15 of any reasonably responsive documents.

16 FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17

17     Without waiving any of the foregoing and subject to them, based on current information,

18 TGP is unaware of any responsive documents.

19 SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17

20     Subject to its objections, TGP has performed a reasonable search, and has produced or will

21 produce responsive documents and communications discovered in that search sent to or received

22 from design professionals or AHJs that relate to the radiant heat, heat barrier, barrier to heat, or

23 temperature rise (temp rise) performance of TGP's FireLite products, and that relate to using, or not

24 using, FireLite as transoms, sidelights (sidelites), borrowed lights (lites), in fire doors, and in panels

25 exceeding 100 sq. inches.

26

27

28

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)

Case No.:  C-07-3535 JF PVT

1    REQUEST FOR PRODUCTION NO. 18

2         All documents supporting, relating or referring to the statements in Exhibit 3 attached hereto,

3    that "If the fire occurs on the non-coated side of the glass, there is a high probability that the glass

4    will collapse from the frame in a matter of minutes, thus providing no fire protection at all.  The

5    collapse of glass from the frame can be accelerated if water from a sprinkler hits the hot glass."

6    RESPONSE TO REQUEST NO. 18

7         TGP incorporates its general objections as its objections to this request.  Consistent with its

8    general objections, TGP objects to this request to the extent that it seeks information protected from

9    discovery by the attorney-client privilege, work product immunity, and/or any other applicable

10   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

11   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

12   extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

13   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

14   allegations against TGP in an effort to better understand the allegations and requests so that

15   discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

16   objections, TGP will produce a fire test report responsive to this request.

17   FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18

18        Subject to and without waiving the foregoing objections, TGP has produced or will produce

19   responsive documents that it can locate, after a reasonable search.

20   REQUEST FOR PRODUCTION NO. 19

21        All documents that relate or refer to the statement in Exhibit 1 attached hereto, that "FireLite

22   is the # 1 alternative to traditional wired glass."

23   RESPONSE TO REQUEST NO. 19

24        TGP incorporates its general objections as its objections to this request.  Consistent with its

25   general objections, TGP objects to this request to the extent that it seeks information protected from

26   discovery by the attorney-client privilege, work product immunity, and/or any other applicable

27   privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

28

1   burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

2   extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

3   requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

4   allegations against TGP in an effort to better understand the allegations and requests so that

5   discovery can proceed meaningfully and reasonably.

6   FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19

7          Without waiving any of the foregoing objections, and subject to them, TGP will produce

8   non-privileged responsive marketing information related to FireLite.

9   SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19

10         Subject to and without waiving the foregoing objections, TGP has produced or will produce

11  responsive documents that it can locate, after a reasonable search.

12  REQUEST FOR PRODUCTION NO. 20

13         All documents that relate or refer to the statement in Exhibit 4 attached hereto, that "Before

14  specifying Fireglass 20 in an location requiring other than a 20-minute door leaf, please consult with

15  your local Authority Having Jurisdiction."

16  RESPONSE TO REQUEST NO. 20

17         TGP incorporates its general objections as its objections to this request.  Consistent with its

18  general objections, TGP objects to this request to the extent that it seeks information protected from

19  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

20  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

21  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

22  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

23  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

24  allegations against TGP in an effort to better understand the allegations and requests so that

25  discovery can proceed meaningfully and reasonably.

26

27

28

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)

Case No.:  C-07-3535 JF PVT

- 25 -

1  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20

2          Without waiving the foregoing objections, and subject to them, TGP will produce non-

3  privileged responsive documents that it can locate, after a reasonable search.

4  REQUEST FOR PRODUCTION NO. 21

5          All documents that refer or relate to any communications with William Koffel regarding any

6  code change proposal relating to the hose stream test of fire rated glazing products.

7  RESPONSE TO REQUEST NO. 21

8          TGP incorporates its general objections as its objections to this request.  Consistent with its

9  general objections, TGP objects to this request to the extent that it seeks information protected from

10  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

11  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

12  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

13  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

14  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

15  allegations against TGP in an effort to better understand the allegations and requests so that

16  discovery can proceed meaningfully and reasonably.

17  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21

18          Without waiving any of the foregoing and subject to them, TGP will produce responsive

19  documents that it can locate after a reasonable search, which specifically refer to the hose stream

20  test.

21  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21

22          Subject to and without waiving the foregoing objections, TGP will produce non-privileged

23  responsive documents that it can locate, after a reasonable search.

24  REQUEST FOR PRODUCTION NO. 22

25          All documents relating to any communications between TGP and WHI that refer to

26  SuperLite I, SuperLite I-XL, SuperLite II-XL, or any other O'Keeffe's product.

27

28

RESPONSE TO REQUEST NO. 22

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.

FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Without waiving any of the foregoing and subject to them, TGP will produce responsive documents after a reasonable search.

REQUEST FOR PRODUCTION NO. 23

All documents that relate to any communication between TGP and UL referring to SuperLite I, SuperLite I-XL, SuperLite II-XL, or any other any O'Keeffe's product.

RESPONSE TO REQUEST NO. 23

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. Subject to and without waiving these objections, TGP will produce non-privileged materials reasonably responsive to this request as to SuperLite I-XL.

FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Without waiving any of the foregoing and subject to them, TGP will produce responsive documents after a reasonable search.

REQUEST FOR PRODUCTION NO. 24

All documents that, support, refer or relate to the statement in Exhibit 5 attached hereto that "When heated by a fire, those products cannot withstand the thermal stress of even a small amount of cool water. Sprinklers could cause them to fall out of the opening, breaching the barrier to smoke and flames."

RESPONSE TO REQUEST NO. 24

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's allegations against TGP in an effort to better understand the allegations and requests so that discovery can proceed meaningfully and reasonably. Subject to and without waiving these objections, TGP will produce non-privileged materials reasonably responsive to this request.

FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Without waiving any of the foregoing and subject to them, TGP will produce non-privileged responsive documents located after a reasonable search.

REQUEST FOR PRODUCTION NO. 25

All documents that refer or relate to any communication with any person, including William Koffel, Thomas Zaremba, Thomas Mewbourne, GICC representatives, code officials or enforcers, ICC members, ICC staff, ICC Fire Safety Committee representatives, UL representatives, etc., regarding any IBC or NFPA code change proposal submitted on behalf of O'Keeffe's (SAFTI First) relating to hose stream test of fire rated glazing products.

RESPONSE TO REQUEST NO. 25

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's allegations against TGP in an effort to better understand the allegations and requests so that discovery can proceed meaningfully and reasonably.

FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Without waiving any of the foregoing and subject to them, TGP will produce non-privileged responsive documents located after a reasonable search that specifically refer to the hose stream test.

SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Subject to and without waiving the foregoing objections, TGP will produce non-privileged responsive documents that it can locate, after a reasonable search.

REQUEST FOR PRODUCTION NO. 26

To the extent not already requested, all documents that refer or relate to any communication with any UL representative regarding the testing, listing, labeling performance, characteristics of any O'Keeffe's product.

RESPONSE TO REQUEST NO. 26

TGP incorporates its general objections as its objections to this request. Consistent with its general objections, TGP objects to this request to the extent that it seeks information protected from discovery by the attorney-client privilege, work product immunity, and/or any other applicable privilege and/or immunity. TGP further objects to this request in that it is overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the extent it is not reasonably limited in scope. TGP objects to this request as vague and ambiguous and

1  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

2  allegations against TGP in an effort to better understand the allegations and requests so that

3  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

4  objections, TGP will produce non-privileged materials reasonably responsive to this request.

5  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26

6        Without waiving any of the foregoing objections, and subject to them, TGP will produce

7  responsive documents located after a reasonable search.

8  REQUEST FOR PRODUCTION NO. 27

9        To the extent not already requested, all documents that refer or relate to any communication

10  with any WHI representative regarding the testing, listing, labeling, performance, characteristics of

11  any O'Keeffe's product.

12  RESPONSE TO REQUEST NO. 27

13        TGP incorporates its general objections as its objections to this request.  Consistent with its

14  general objections, TGP objects to this request to the extent that it seeks information protected from

15  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

16  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

17  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

18  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

19  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

20  allegations against TGP in an effort to better understand the allegations and requests so that

21  discovery can proceed meaningfully and reasonably.  Subject to and without waiving these

22  objections, TGP will produce non-privileged materials reasonably responsive to this request as to

23  SuperLite I-XL.

24  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27

25        Without waiving any of the foregoing and subject to them, TGP will produce responsive

26  documents after a reasonable search.

27

28

1  REQUEST FOR PRODUCTION NO. 28

2      All documents that refer or relate to any communication with any UL representative

3  regarding the testing, listing, labeling performance, characteristics of any TGP product.

4  RESPONSE TO REQUEST NO. 28

5      TGP incorporates its general objections as its objections to this request.  Consistent with its

6  general objections, TGP objects to this request to the extent that it seeks information protected from

7  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

8  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

9  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

10  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

11  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

12  allegations against TGP in an effort to better understand the allegations and requests so that

13  discovery can proceed meaningfully and reasonably.

14  FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28

15      Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

16  objects to the Request as overbroad in calling for information not relevant to a claim or defense as

17  provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding TGP's request,

18  counsel for O'Keeffe's has not identified:  1) any particular false or misleading statement by TGP

19  concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

20  that was the subject of any such statement by TGP.

21      O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

22  authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

23  theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

24  17200, or California common law, and, in short, fails to frame the allegations in a manner that

25  allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

26  O'Keeffe's.

27

28

1    Without waiving any of the foregoing objections, and subject to them, TGP will produce UL

2  testing and listing documents for FireLite, FireGlass20, Pyroshield NT, and WireLite, and after a

3  reasonable search, communications with UL that specifically concern the applicability of radiant

4  heat requirements of Chapter 7 of the International Building Code to using FireLite in these

5  applications:

6    • as a "fire-protection-rated glazing in 60-90 minute door sidelights and transoms;"

7    • in "fire-rated 60-90 minute doors in panels of more than 100 square inches;" and

8    • in "vision panels of more than 100 square inches in stairwell exit enclosure doors."

9  SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28

10    Subject to TGP's objections that this request is unduly burdensome, overbroad, and seeks

11  information not relevant to a claim or defense as provided by Rule 26(b)(1), TGP will perform a

12  reasonable search for and produce responsive documents related to FireLite, FireGlass, Pyroshield

13  NT, and WireLite.

14  REQUEST FOR PRODUCTION NO. 29

15    All documents that refer or relate to any communication with any UL representative

16  regarding the testing, listing, labeling performance, characteristics of wired glass.

17  RESPONSE TO REQUEST NO. 29

18    TGP incorporates its general objections as its objections to this request.  Consistent with its

19  general objections, TGP objects to this request to the extent that it seeks information protected from

20  discovery by the attorney-client privilege, work product immunity, and/or any other applicable

21  privilege and/or immunity.  TGP further objects to this request in that it is overly broad, unduly

22  burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence to the

23  extent it is not reasonably limited in scope.  TGP objects to this request as vague and ambiguous and

24  requests a meet and confer with OKI's counsel to discuss these discovery requests and OKI's

25  allegations against TGP in an effort to better understand the allegations and requests so that

26  discovery can proceed meaningfully and reasonably.

27

28

Case No.:  C-07-3535 JF PVT

TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
- 32 -

1 | FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29

2       Without waiving any of the foregoing, and subject to it, TGP provides as follows.  TGP

3 objects to the Request as overbroad in calling for information not relevant to a claim or defense as

4 provided by Rule 26(b)(1).  The counterclaims do not allege, and notwithstanding TGP's request,

5 counsel for O'Keeffe's has not identified:  1) any particular false or misleading statement by TGP

6 concerning any use of FireLite; nor 2) any code provision that prohibited any such "use" of FireLite

7 that was the subject of any such statement by TGP.

8       O'Keeffe's conclusory allegations that TGP markets FireLite for "uses" that are "not

9 authorized" or "not permitted" by "standard codes" fails to put TGP on notice of any cognizable

10 theory under Rule 8, fails to state a claim under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §

11 17200, or California common law, and, in short, fails to frame the allegations in a manner that

12 allows meaningful discovery under Rule 26(b)(1) in anything short of a fishing expedition by

13 O'Keeffe's.

14       Without waiving any of the foregoing objections, and subject to them, TGP will produce UL

15 testing and listing documents for FireLite, FireGlass20, Pyroshield NT, and WireLite, and after a

16 reasonable search, communications with UL that specifically concern wired glass.

17

18

19 Dated this 13th day of May, 2008

20

21                 By: _Todd M Siegel_____

                   Jeffrey S. Love (State Bar No. 195068)

22                    jeffrey.love@klarquist.com

                   Todd M. Siegel (*Pro Hac Vice*)

23                    todd.siegel@klarquist.com

                   Klarquist Sparkman, LLP

24                    121 S.W. Salmon Street, Suite 1600

                   Portland, OR  97204-2988

25                    Telephone:  (503) 595-5300

26                    Facsimile:  (503) 595-5301

27                    Eric L. Wesenberg

28

1

ewesenberg@orrick.com
Orrick, Herrington & Sutcliffe LLP
2    1000 Marsh Road
Menlo Park, CA 94025-1015
3    Telephone: (650) 614-7400
Facsimile: (650) 614-7401

4

5    Attorneys for Defendant Technical Glass Products

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)

1

**PROOF OF SERVICE**

2    The undersigned hereby certifies that on May 13, 2008, the foregoing TGP'S 2ND

3    SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR

4    PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29) was served by electronic mail and

5    First Class Mail to the following:

6    Mark I. Schickman
7    mis@freelandlaw.com
     Daniel T. Bernhard
8    bernhard@freelandlaw.com
     FREELAND COOPER & FOREMAN LLP
9    150 Spear Street, Suite 1800
10   San Francisco, CA  94105
     Telephone:  415-541-0200
11   Facsimile:  415-495-4332

12   Jason S. McDonell
13   jmcdonell@jonesday.com
     Katherine S. Ritchey
14   ksritchey@jonesday.com
     JONES DAY
15   555 California Street, 26th Floor
     San Francisco, CA  94104-1500
16   P:  415-626-3939
     F:  415-875-5700
17

18   Attorneys for Plaintiff O'Keeffe's, Inc.

19

20

21                        _Todd M Siegel_
                          Todd M. Siegel

22

23

24

25

26

27

28
TGP'S 2ND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-29)
                              - 35 -

Case No.:  C-07-3535 JF PVT