# EXHIBIT 3

1  Mark I. Schickman (State Bar No. 62653)
   schickman@freelandlaw.com
2  Daniel T. Bernhard (State Bar No. 104229)
   bernhard@freelandlaw.com
3  FREELAND COOPER & FOREMAN LLP
   150 Spear Street, Suite 1800
4  San Francisco, California 94105
   Telephone:    (415) 541-0200
5  Facsimile:    (415) 495-4332

6  Jason McDonell (State Bar No. 115084)
   jmcdonell@jonesday.com
7  Katherine S. Ritchey (State Bar No. 178409)
   ksritchey@jonesday.com
8  Jennifer Seraphine (State Bar No. 245463)
   jseraphine@jonesday.com
9  JONES DAY
   555 California Street, 26th Floor
10 San Francisco, California 94104
   Telephone:    (415) 626-3939
11 Facsimile:    (415) 875-5700

12 Attorneys for Plaintiff, Counterdefendant and
   Counterclaimant O'KEEFFE'S, INC.
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                        SAN JOSE DIVISION

17 O'KEEFFE'S, INC.,                        CASE NO.: C 07-cv-03535 JF PVT

18                Plaintiff,                PLAINTIFF O'KEEFFE'S, INC.'S
                                            SUPPLEMENTAL RESPONSES TO
19        v.                                TECHNICAL GLASS PRODUCTS
                                            FIRST SET OF REQUESTS FOR
20 TECHNICAL GLASS PRODUCTS,                PRODUCTION OF DOCUMENTS AND
   ANEMOSTAT, and PILKINGTON PLC,           THINGS
21                                          (NOS. 1-19)
                  Defendants.
22

23 AND RELATED COUNTERCLAIMS.

24

25

26

27

28

SFI-582133v1                                O'Keeffe's Supp. Resp. to 1st Set of RFPD
                                            Case No. 07 cv-03535 JF PVT

1  PROPOUNDING PARTY:     Defendant, Technical Glass Products
2  RESPONDING PARTY:       Plaintiff, O'Keeffe's, Inc.
3  SET NUMBER:                        One

4      Plaintiff O'Keeffe's, Inc. ("Plaintiff") hereby submits the following objections and
5  responses to the Interrogatories, Set One propounded by Defendant Technical Glass Products
6  ("Defendant").
7      All responses herein are made to the best of Plaintiff's present knowledge and belief.
8  Plaintiff has not yet completed discovery, trial preparation, or investigation of the facts
9  underlying this action, and consequently gives the following responses without prejudice to its
10 right to produce evidence as it subsequently discovers facts or develops analyses. Accordingly,
11 responses provided herein are provided subject to the express qualification that Plaintiff may yet
12 discover facts relating to the subject matter of Plaintiff's Interrogatories, which may alter
13 Plaintiff's position with respect to one or more such answers. Therefore, Plaintiff expressly
14 reserves the right to take positions based on any new facts subsequently discovered, and to amend
15 or supplement these responses upon further discovery, factual investigation and trial preparation.
16 To the extent identical information is sought in multiple interrogatories, Plaintiff will provide that
17 information where it appears reasonably responsive, and hereby incorporates that reply where
18 responsive to other interrogatories.
19     The documents presented for production will be produced for inspection at the offices of
20 O'Keeffe's counsel upon reasonable notice. Alternatively, at TGP's request, they will be copied
21 and sent to TGP's counsel at its expense.

22 **RESPONSES TO REQUESTS FOR PRODUCTION**
23 **REQUEST FOR PRODUCTION NO. 1:**
24     All documents, communications, and things that refer or relate to any transaction, sale, or
25 installation involving O'Keeffe's SuperLite I-XL product in the state of California since January 1,
26 2003, including but not limited to all documents, communications, and things provided to or from
27 any design professional or Authority Having Jurisdiction (AHJ) for the purpose of either
28 approving or rejecting the use of SuperLite I-XL as an alternate material under the California

Building Code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Additionally, as phrased, it calls for hundreds of thousands of documents, which would take hundreds of hours to collect. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties, including a proper protective order. Subject to the above, O'Keeffe's will produce non-confidential or privileged, directly responsive documents. Subject to an appropriate protective order, O'Keeffe's will produce a document listing the projects to which it has sold SuperLite I-XL. O'Keeffe's is generally unaware what documents, communications and things are provided to AHJs or design professionals. To the extent that it has found sent or received documents or things to design professionals or AHJs for the stated purpose after a reasonable search for such documents, they will be produced pursuant to a suitable protective order. O'Keeffe's also refers to, and incorporates herein, the information contained on its safti.com website, including, without limitation, that found at: http://www.safti.com/video/superliteIxltest.html; http://www.safti.com/articles/history_hose_stream.htm; http://www.safti.com/articles/degenkolb_I-XL.htm; http://www.safti.com/articles/hose_stream.htm; http://www.safti.com/articles/degenkolb_UL.htm; http://safti.com/prod_I-XL_specs.html; and http://www.cbsnews.com/stories/2004/04/09/eveningnews/consumer/main611228.shtml.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things that refer or relate to providing "design professionals and authorities having jurisdiction (AHJ) with information regarding the performance of SuperLite I-XL for the purpose of either specifying or approving the product for use as alternative fire protective glazing," including but not limited to Technical Bulletin #9-2006 and all documents and materials considered for the creation of Technical Bulletin #9 (identified at www.safti.com/AHJ/index.html).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Additionally, as phrased, it calls for hundreds of thousands of documents, which would take hundreds of hours to collect. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties, including a proper protective order. Subject to the above, O'Keeffe's will product non-confidential or privileged, directly responsive documents. O'Keeffe's is generally unaware what documents, communications and things are provided to AHJs or design professionals. To the extent that it has found, sent or received documents or things to design professionals or AHJs for the stated purpose after a reasonable search for such documents, they will be produced pursuant to a suitable protective order. Because it cannot literally understand or respond to a request for all documents and materials "considered" for the creation of Technical Bulletin #9, it will produce documents as it reasonably understands the request. O'Keeffe's also refers to, and incorporates herein, the information contained on its safti.com website, including, without limitation, that found at: http://www.safti.com/video/superliteIxltest.html; http://www.safti.com/articles/history_hose_stream.htm; http://www.safti.com/articles/degenkolb_I-XL.htm; http://www.safti.com/articles/hose_stream.htm; http://www.safti.com/articles/degenkolb_UL.htm; http://safti.com/prod_I-XL_specs.html; and http://www.cbsnews.com/stories/2004/04/09/eveningnews/consumer/main611228.shtml.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things that refer or relate to the extent to which O'Keeffe's SuperLite I-XL product complies with or fails to comply with any building code, regulation, or standard, including but not limited to the California Building Code, Uniform Building Code ("UBC"), National Fire Protection Association ("NFPA"), Standard Methods of Fire Tests of Door Assemblies, American Society for Testing and Materials ("ASTM"), American National Standards

Institute ("ANSI"), Underwriters Laboratories, Inc. ("UL"), or International Building Code ("IBC").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

This request is objected to as unintelligible, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. O'Keeffe's refers to the text of the codes listed in this request and the test reports produced pursuant to other requests. As it understands this request, it knows of no other responsive data in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things that refer or relate to testing O'Keeffe's SuperLite I-XL product including, but not limited to hose stream testing and testing related to Warnock Hersey International, Inc. ("WHI") standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties. Subject to the above and to a sutable protective order, O'Keeffe's will produce responsive tests, reports and surrounding correspondence. O'Keeffe's also refers to, and incorporates herein, the information contained on its safti.com website, including, without limitation, that found at:

http://www.safti.com/video/superliteIxltest.html;

http://www.safti.com/articles/history_hose_stream.htm;

http://www.safti.com/articles/degenkolb_I-XL.htm;

http://www.safti.com/articles/hose_stream.htm; http://www.safti.com/articles/degenkolb_UL.htm;

http://safti.com/prod_I-XL_specs.html; and

http://www.cbsnews.com/stories/2004/04/09/eveningnews/consumer/main611228.shtml.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications sent to WHI by O'Keeffe's or sent by WHI to

1  O'Keeffe's that show, describe, or relate to any O'Keeffe product failing to pass WHI testing, or
2  that WHI approved the use of the WHI emblem with O'Keeffe's SuperLite I-XL product.
3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
4      This request is objected to as vague, overbroad, not reasonably calculated to lead to the
5  discovery of admissible evidence, and invasive of proprietary and confidential information.
6  Responding party is willing to meet and confer to develop a protocol for the exchange of
7  information of this kind between the parties. Subject to that protocol and a suitable protective
8  order, and as it understands the request, it will produce responsive documents sent to or received
9  from WHI.
10 **REQUEST FOR PRODUCTION NO. 6:**
11     All documents and communications sent to O'Keeffe's by the California State Fire
12 Marshall Office or sent by O'Keeffe's to the California State Fire Marshall Office that relate to the
13 testing or safety characteristics of o 'Keeffe' s SuperLite I-XL product, including but not limited
14 to any listing of SuperLite I-XL (e.g., California Department of Forestry & Fire Protection Listing
15 No. 4075¬0035:112) and the subsequent de-listing of SuperLite I-XL by the California State Fire
16 Marshall Office.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
18     To the extent O'Keeffe's has responsive documents, they will be produced.
19 **REQUEST FOR PRODUCTION NO. 7:**
20     All documents, communications, and things relating to or that constitute a statement by a
21 fire fighter or code official that they favor "a product like SuperLite I-XL because it is quick and
22 safe to remove in the event of a fire, allowing for access, smoke release and safe egress of
23 occupants." (See Exhibit A, p. 2).
24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
25     This request is objected to as vague, overbroad, not reasonably calculated to lead to the
26 discovery of admissible evidence, and invasive of proprietary and confidential information. As
27 O'Keeffe's understands this request, it will produce documents received from fire fighters or code
28 officials constituting said statement.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, communications, and things that relate to the article entitled "SuperLite I-XL Half-Year Sales Up 124%" (attached as Exhibit B), including but not limited to all drafts of the article and documents and materials considered for the creation or development of the article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties. Subject to the above and a suitable protective order, O'Keeffe's will produce documents supporting the quoted claim.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, communications, and things that refer to, relate to, or that constitute a request for SuperLite I-XL to be "approved by the GSA or AHJ as an alternate material. .. in accordance with Section 104.11, Alternative Materials, Design and Methods of Construction and Equipment of the IBC." (See Exhibit B, p. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties. Subject to the above and a suitable protective order, O'Keeffe's will produce documents showing projects where the AHJ or GSA provided said approval, and any documents between O'Keeffe's and an AHJ/GSA asking for or providing such approval.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, communications, and things sent between O'Keeffe's and any building code official related to any request that SuperLite I-XL be approved for use in any building project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties. O'Keeffe's is usually unaware what documents, communications and things are provided to AHJs or design professionals. To the extent that it has sent or received documents or things to design professionals or AHJs for the stated purpose, after a reasonable search for such documents, they will be produced pursuant to a suitable protective order. O'Keeffe's also refers to, and incorporates herein, the information contained on its safti.com website, including, without limitation, that found at:

http://www.safti.com/video/superliteIxltest.html;

http://www.safti.com/articles/history_hose_stream.htm;

http://www.safti.com/articles/degenkolb_I-XL.htm;

http://www.safti.com/articles/hose_stream.htm; http://www.safti.com/articles/degenkolb_UL.htm;

http://safti.com/prod_I-XL_specs.html; and

http://www.cbsnews.com/stories/2004/04/09/eveningnews/consumer/main611228.shtml.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, and things that relate to, show Los Angeles' General Approval for SuperLite I-XL, including but not limited to all data, reports, and analyses submitted or received to or from Los Angeles' Department of Building and Safety in connection with the issuance of the General Approval. (See Exhibit C attached).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

As O'Keeffe's understands the request, and subject to a suitable protective order, responsive documents it submitted to or received from the Los Angeles Department of Building and Safety in connection with the issuance of the General Approval will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, communications, and things that relate to, show, or evidence that "many more jurisdictions are approving the use of [SuperLite I-XL], such as Honolulu, San Francisco, and numerous counties in Florida." (See Exhibit B, p. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. Responding party is willing to meet and confer to develop a protocol for the exchange of information of this kind between the parties. Subject to the above and a suitable protective order, O'Keeffe's will produce lists of approved projects and/or approvals in Florida, Honolulu and San Francisco.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, communications, and things that relate to the SuperLite I-XL project at the National Center for International Schools in San Francisco referred to in Exhibit B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. This request deals with a currently pending project, and is therefore highly confidential and production is objected to for that reason.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving its objections, O'Keeffe's will produce responsive documents pursuant to a protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and things that evidence, establish or relate to any instance of confusion, mistake or deception, relating to whether or not O'Keeffe's SuperLite I-XL product has a 45/60 minute rating. "45/60 minute rating" refers to 45 and 60 minute fire ratings in the same way as O'Keeffe's describes fire ratings at www.safti.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, invasive of proprietary and confidential information and unintelligible. As O'Keeffe's understands this request, it has no responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

1   All documents, communications, and things that evidence, establish or relate to any
2   instance where O'Keeffe's SuperLite I-XL product failed a building inspection, contributed to the
3   failure of a building inspection, or was not approved for use in a building project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. As O'Keeffe's understands it, it has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, communications, and things that evidence, or relate to any instance, claim, lawsuit, or allegation that the use of SuperLite I-XL contributed to a person being injured or property being damaged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information. As O'Keeffe's understands it, it has no responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things that evidence, establish, or relate to whether a building code inspector can or cannot waive the hose stream test for a particular safety glazing application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

This request is objected to as vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of proprietary and confidential information and attorney work product. As it understands the request, O'Keeffe's does not believe it has any responsive documents which are not equally available to TGP.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things that evidence, establish, relate to, or tend to support or refute O'Keeffe's allegations that the hose stream test is largely a relic of outdated testing (as this expression is used in O'Keefe's Counterclaim, ~ 13) procedures that fail to account for modern materials, designs and application. Responsive materials would include, but not be limited to all

1 | case reports and test data related to the hose stream test. (See, e.g., the advertorial attached as
2 | Exhibit D).

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

4 | This request is objected to as vague, overbroad, not reasonably calculated to lead to the
5 | discovery of admissible evidence, and invasive of proprietary and confidential information.
6 | Responding party is willing to meet and confer to develop a protocol for the exchange of
7 | information of this kind between the parties. Subject to the above and to a sutable protective
8 | order, O'Keeffe's will produce all responsive tests, reports and surrounding correspondence.
9 | O'Keeffe's also refers to, and incorporates herein, the information contained on its safti.com
10 | website, including, without limitation, that found at:
11 | http://www.safti.com/video/superliteIxltest.html;
12 | http://www.safti.com/articles/history_hose_stream.htm;
13 | http://www.safti.com/articles/degenkolb_I-XL.htm;
14 | http://www.safti.com/articles/hose_stream.htm; http://www.safti.com/articles/degenkolb_UL.htm;
15 | http://safti.com/prod_I-XL_specs.html; and
16 | http://www.cbsnews.com/stories/2004/04/09/eveningnews/consumer/main611228.shtml.

17 | **REQUEST FOR PRODUCTION NO. 19:**

18 | All documents and things relating to the design of, and O'Keeffe's use of, the label
19 | attached as Exhibit E.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21 | This request is objected to as vague, overbroad, not reasonably calculated to lead to the
22 | discovery of admissible evidence, and invasive of proprietary and confidential information.
23 | Responding party is willing to meet and confer to develop a protocol for the exchange of
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

information of this kind between the parties. Subject to the above and a suitable protective order, O'Keeffe's will produce documents supporting the quoted claim.

Dated: April 18, 2008

JONES DAY

By: /s/ Katherine S. Ritchey
Katherine S. Ritchey
Attorneys for Plaintiff and Counterclaimant
O'Keeffe's, Inc.