Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Todd M. Siegel (*Pro Hac Vice*)
todd.siegel@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204-2988
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant Technical Glass Products

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| O'KEEFFE'S, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON PLC,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 07-3535 JF<br><br>**DECLARATION OF JEFF RAZWICK** |

DECLARATION OF JEFF RAZWICK

Case No.: C-07-3535 JF

I, Jeff Razwick, declare as follows:

1. I am a resident of the State of Washington and Vice President of Business Development for Counterclaim Plaintiff J.R. Four, Ltd., doing business as Technical Glass Products ("TGP").

2. I make these statements from personal knowledge and declare as follows.

3. I have substantial experience with the day-to-day operations of TGP, including experience working with TGP's products. I also have substantial experience working with TGP's internal procedures regarding the storage and handling of documents and communications related to its products.

4. I have reviewed Plaintiff's First Set of Requests for Production of Documents and Things (Nos. 1-29), and First Set of Interrogatories (Nos. 1-14). I understand O'Keeffe's to be seeking, among other things, documents and communications sent to or from TGP related to the use of any of TGP's FireLite® family of products in any building project. TGP's FireLite® family of products, includes FireLite®, FireLite Plus®, FireLite NT®, FireLite IGU®. These products are central to TGP's business. I also understand O'Keeffe's requests seek, among other things, the identity of each building project where TGP's FireLite®, Pyrodur™, and FireGlass®20 products have been sold, as well as documents associated with each project, and each address where TGP's products have been installed.

5. TGP sells and markets its products to glass distributors, glazing contractors, and architects; it does not install its products in building projects, nor does it generally maintain records correlating the sale of its products with specific building projects where they might be installed. TGP often is not made aware of what location or end use is made of its products, nor what building code requirements might apply to any specific end use. To the extent that TGP documents do refer to a building project, they can only be queried for the current year. For past years, TGP would have to first identify pertinent product orders, and then manually examine whether or not a project or installation location is identified.

6. For each TGP sales order, there are typically several separate documents associated with the order, including a customer quote request, TGP quote, customer purchase order, TGP order

DECLARATION OF JEFF RAZWICK          -2-          Case No.: C-007-3535 JF

confirmation, packing slip, shipping confirmation, and invoice. From 2004-2007, there were more than 13,000 orders involving at least one of the FireLite®, Pyrodur™, and FireGlass®20 product lines. With each order, there are several associated documents (some of which have multiple pages), which means that there would likely be in excess of 100,000 discrete sales-related pages of documents responsive to O'Keeffe's Interrogatory Requests if the Requests were limited to the 2004-007 timeframe. This does not mean that there were 13,000 different building projects, in that TGP is often unaware of the project for which its products are being used, and often sales are made without any particular project in mind for the customer. It is estimated that the total sales-related documents for all of TGP's products would exceed 200,000 pages going back to 2004. I understand that some of O'Keeffe's requests seek information dating back to January 1, 2003, and some are not limited in time whatsoever.

    7.    The breadth of the requested information is not easily accessible. TGP's accounting software can reproduce quote requests, purchase orders, and invoices going back to 2004. However, to do so would require running queries to determine responsive document numbers, and then manually typing in each document number for the document to be regenerated and printed. Tens of thousands of document numbers would have to be manually entered, would take an extremely long time, and would be very disruptive to our accounting department. Also, incoming quote requests and outgoing quotes are stored on TGP's customer resource management software, but are not easily accessible or duplicated. Sales-related documents dating 2003 and earlier have been saved electronically, but in a format that can be viewed only on a single user program installed on one computer at TGP. The data is not searchable by product or project.

    8.    The requested documents are also stored in hard copy for years 2004-2007 in separate locations across separate departments at TGP's facilities, including, the shipping department at TGP's plant in Woodinville, Washington, and the sales, project management, and the accounting departments stored throughout TGP's Kirkland, Washington facility. These hard copies have been stored in boxes in various ways, such as by customer name, date, or invoice number. They are not stored by product or project name, thus, FireLite® documents are in the same storage boxes as TGP's other products. There are at least 100 boxes storing these sales-related documents from 2004-2007.

Collecting responsive documents would be very time intensive. For example, it took the accounting manager 60 minutes to collect two sample sets (one for FireLite® and one for FireGlass®20) of typical quotes, orders, confirmations, packing slips, and invoices of the type requested by O'Keeffe's, attached as Exhibit A with confidential customer and pricing information redacted.

9. In addition to the above-mentioned sales-related documents, the sales staff, and in particular the six Territory Managers, may have additional communications with customers regarding any particular product sale.

10. I also understand that O'Keeffe's has alleged that "UL lists TGP's 20-minute rated FireGlass product, which has no hose stream test, as having an OH-20 rating, although this is a building code designation for windows tested with the hose stream." (Dkt. 28, ¶23(g)) TGP does not market its FireGlass® product as a hose stream tested product. Attached as Exhibit B is a true and correct copy of the current UL listing for TGP's fire-rated products, and attached as Exhibit C is a true and correct copy of TGP's product information sheet from TGP's website that shows FireGlass®20's rating information and noting that it is not a hose stream tested product. I understand that there was a period of time in which UL had a typographical error on the UL listing that indicated the OH-20 rating for FireGlass®20. TGP was not involved with UL making this typographical error.

11. I also understand that O'Keeffe's has alleged that TGP's website inaccurately indicates that TGP's WireLite™ product complies with ANSI Z97.1. TGP does not market WireLite™ as an impact product that complies with ANSI Z97.1. On the other hand, TGP does market its WireLite™ NT product as an impact product because it does satisfy ANSI Z97.1. Attached as Exhibit D are true and correct copies of product information sheets regarding TGP's WireLite™ products.

12. TGP does not market Pyrodur™ as protecting against radiant heat. Attached as Exhibit E is the Pyrodur™ product information sheet from TGP's website, which discloses that Pyrodur™ is not a barrier to radiant heat.

DECLARATION OF JEFF RAZWICK  -4-  Case No.: C-007-3535 JF

I swear under penalty of perjury, under the laws of the United States, that the foregoing statements are true and accurate to the best of my knowledge.

Executed this 13th day of May, 2008 at Kirkland, Washington.

*[signature]*

DECLARATION OF JEFF RAZWICK    -5-    Case No.: C-007-3535 JF