Mark I. Schickman (SBN #62653)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332
Email: schickman@freelandlaw.com
       bernhard@freelandlaw.com

Attorneys for Plaintiff, Counterdefendant and
Counterclaimant O'KEEFFE'S, INC.

**E-Filed 8/16/2010**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'KEEFE'S, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICAL GLASS PRODUCTS, ANEMOSTAT AND PILKINGTON PLC,<br><br>Defendants. | CASE NO.: 07-3535 JF<br><br>**STIPULATION AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE** |

Plaintiff, O'Keeffe's, Inc. and Defendants Technical Glass Products, Anemostat, and Pilkington PLC (collectively the "Parties") hereby submit this Joint Case Management Statement.

I. **CURRENT STATUS OF CASE - STAYED PENDING REEXAMINATION**

In this case, Plaintiff O'Keeffe's asserts that the Defendants infringe U.S. Patent No. 7,090,906 (the "'906 patent"). Defendants assert various counterclaims and defenses that they do not infringe the '906 patent and that the '906 patent is invalid and unenforceable. All non-patent-related claims have been dismissed by agreement of the parties.

Defendants Anemostat and Technical Glass Products filed three requests for patent reexamination of the '906 patent with the Patent Office. The Patent Office granted the requests, and Anemostat and Technical Glass Products moved this Court to stay the proceedings on the patent-related claims in view of these reexamination requests. This Court granted the Motion to Stay on

1

1  November 16, 2007, staying all patent-related claims in this matter pending the outcome of the
2  reexaminations. (Order Granting in Part Defendants' Motion to Stay, dkt. #57.)[1]
3  On June 10, 2008, the Patent Office issued a Decision, sua sponte, merging the three
4  reexamination proceedings.  On April 27, 2009, the Patent Office issued its first Office Action.  On
5  June 26, 2009, O'Keeffe's filed its response to the first Office Action and on July 24, 2009, Technical
6  Glass Products and Anemostat filed responsive comments. O'Keeffe's Brief on Appeal is due, and
7  will be filed, on or before August 20, 2010; Anemostat and Technical Glass Products anticipate filing
8  timely responsive pleadings thereafter

9  **II.    THE PARTIES REQUEST THE CASE MANAGEMENT CONFERENCE BE CONTINUED**

10  On April 1, 2010 an examiner in the U.S. Patent Office issued an Action Closing Prosecution,
11  rejecting original claims 1-6 and new claims 7-28; that determination will be reviewed by the Board of
12  Appeals and Interferences upon the pending appeal by O'Keeffe's.  A decision on appeal will likely
13  be made during the first half of 2011.  The parties previously requested that the Case Management
14  Conferences scheduled for September 26, 2008, January 30, 2009, May 29, 2009, September 25, 2009
15  and May 21, 2010 be continued due to the merged reexamination proceeding.  The Court granted
16  these requests.  In order to allow time for the parties to brief the issues and for the Board of Patent
17  Appeals and Interferences to issue a determination, the parties request that the Case Management
18  Conference be continued until March 4, 2011.  Alternatively, the parties request that counsel be
19  permitted to participate telephonically and not appear in person.

20  **IT IS SO STIPULATED AND AGREED.**

21  ///
22  ///
23  ///
24  ///
25  ///

---

[1] In light of the stay, Pilkington has not yet filed a response to the complaint, but will as appropriate following the conclusion of the reexamination proceedings.

2

| | |
|---|---|
| Dated: August 9, 2010 | FREELAND COOPER & FOREMAN LLP<br><br>By _____<br>Mark I. Schickman, SBN 62653<br>Cathleen S. Yonahara, SBN 203802<br>150 Spear Street, Suite 1800<br>San Francisco, CA 94105<br>Telephone: (415) 541-0200<br>Attorneys for Plaintiff, Counterdefendant and Counterclaimant O'KEEFFE'S, INC. |
| Dated: August 9, 2010 | KLARQUIST SPARKMAN, LLP<br><br>By _____<br>JEFFREY S. LOVE<br>TODD SIEGEL<br>Attorneys for Defendant and Counterclaimant<br>TECHNICAL GLASS PRODUCTS |
| Dated: August 9, 2010 | MCCORMICK, PAULDING & HUBER, LLP<br><br>By _____<br>KEVIN H. VANDERLEEDEN<br>Attorneys for Defendant and Counterclaimant<br>ANEMOSTAT |
| Dated: August 9, 2010 | SUGHRUE MION, PLLP<br><br>By _____<br>JOHN B. SCHERLING<br>Attorneys for Defendant PILKINGTON PLC |

**ORDER**

It is ordered that:

    All dates currently on calendar are vacated; and

    __X__ The Case Management Conference is continued until March 4, 2011.

    __X__ Counsel are permitted to participate telephonically at the ___March 4, 2011___ Case Management Conference.

Dated: 8/13/2010

_____
Honorable Jeremy F. Fogel

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action; my business address is 150 Spear Street, Suite 1800, San Francisco, California 94105.

On August 9, 2010, I served the foregoing document described as follows:

**STIPULATION AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the party(ies) of record whose name(s) and address(es) appear below:

John T. Callahan  
2100 Pennsylvania Avenue, N.W.  
Washington, DC  20037

Travis B. Ribar  
2100 Pennsylvania Avenue, N.W.  
Washington, DC  20037

__X__ [BY MAIL - CCP § 1013a] I caused such sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, for collection and mailing to the office of addressee(s) on the date shown herein following ordinary business practice.

____ [BY FACSIMILE - CCP § 1013(e)] - I caused such document(s) to be transmitted via facsimile electronic equipment transmission on the party(ies), whose name(s), address(es) and fax number(s) are listed above, on the date stated herein and at the time set forth on the attached transmission reported indicating that the facsimile transmission was complete and without error.

____ [BY FEDEX (Overnight Delivery) - CCP § 1013(c)] I caused such envelope to be delivered to the Federal Express Office in San Francisco, California, with whom we have a direct billing account, to be delivered on the next business day.

____ [BY E-MAIL or ELECTRONIC TRANSMISSION] Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

____ [STATE] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ [FEDERAL] Service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to this cause.

Executed on August 9, 2010, at San Francisco, California.

*/s/ Amy Forlan*  
Amy Forlan